**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 2:23-CV-00379 |
| T-MOBILE US, INC., T-MOBILE USA, INC., and SPRINT CORP., | |
| Defendants. | |

**T-MOBILE'S ANSWER**

Defendants T-Mobile US, Inc.[1], T-Mobile USA, Inc., and Sprint Corp.[2] (collectively, "T-Mobile" or "Defendants"), by and through their attorneys, hereby submit this Answer to Plaintiff Headwater Research LLC's ("Plaintiff") complaint (Dkt. 1) (the "Complaint") as follows:

**GENERAL DENIAL**

Unless specifically admitted below, T-Mobile denies each and every allegation in the Complaint.  To the extent any factual allegation below is admitted, it is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts.  No admission below should be construed as an admission or concession regarding the relevance of any allegation of the Complaint.  Nor should any admission below be construed as an admission or concession regarding

---

[1] T-Mobile US, Inc. is a holding company that does not provide any products, services, or networks.  As such, Defendants deny that T-Mobile US, Inc. is properly named as a party to this lawsuit.

[2] Sprint Corp. is now known as Sprint LLC.  Sprint LLC is a wholly owned, direct subsidiary of T-Mobile USA, Inc. and is a holding company that does not provide any products, services, or networks. As such, Defendants deny that Sprint LLC is properly named as a party to this lawsuit.

1

the accuracy, authenticity, admissibility, or relevance of any documents cited or referenced in the Complaint.  T-Mobile further denies that Plaintiff is entitled to the relief requested or to any other relief.  The headings below track those used in the Complaint and are for convenience only.  They do not constitute any part of T-Mobile's Answer or any admission by T-Mobile as to the truth of the matters asserted.  To the extent the headings of the Complaint are construed as allegations, they are each denied.

## RESPONSES TO NUMBERED PARAGRAPHS IN THE COMPLAINT

### BACKGROUND

1.      T-Mobile denies the allegations of Paragraph 1 of the Complaint.

2.      T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis denies each and every allegation.

3.      T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis denies each and every allegation.

4.      T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and on that basis denies each and every allegation.

5.      T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis denies each and every allegation.

6.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and on that basis denies each and every allegation.

7.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and on that basis denies each and every allegation.

8.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis denies each and every allegation.

9.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis denies each and every allegation.

10.    T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis denies each and every allegation.

11.    T-Mobile admits that smartphones and other mobile devices have become widely used in the past few decades and that they may include features which allow subscribers to make and receive phone calls, get notifications, download music, upload photos, stream entertainment, transact business, exchange ideas, and connect to family and friends.  T-Mobile also admits that it is possible to exchange large amounts of data over the internet using certain wireless and cellular networks.  Except as expressly admitted, T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the remaining characterizations contained in Paragraph 11 and on that basis denies them.

12.     T-Mobile admits that Plaintiff purports to quote from multiple websites, which websites speak for themselves. To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 12.  Except as expressly admitted, T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 and on that basis denies each and every allegation.

13.     T-Mobile admits that Plaintiff purports to quote from multiple websites, which websites speak for themselves. To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 13.  Except as expressly admitted, T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis denies each and every allegation.

14.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis denies each and every allegation.

15.     T-Mobile admits that the Complaint purports to accuse mobile devices, cellular networks, servers, and services of patent infringement.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 15 of the Complaint.

## NOTICE OF THE ASSERTED PATENTS

16.     T-Mobile denies the allegations of Paragraph 16 of the Complaint.

17.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and on that basis denies each and every allegation.

18.     T-Mobile admits that ItsOn and Sprint had business-related discussions.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 18 of the Complaint.

19.     T-Mobile denies the allegations of Paragraph 19 of the Complaint.

20.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and on that basis denies each and every allegation.

21.     T-Mobile denies the allegations of Paragraph 21 of the Complaint

22.     T-Mobile denies the allegations of Paragraph 22 of the Complaint.

23.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and on that basis denies each and every allegation.

24.     T-Mobile denies the allegations of Paragraph 24 of the Complaint.

25.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and on that basis denies each and every allegation.

26.     T-Mobile admits that certain ItsOn software was installed on certain Android devices sold by Sprint.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 26 of the Complaint

27.     T-Mobile admits that, in 2015, certain Android devices sold by Sprint included certain ItsOn software.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 27 of the Complaint.

28.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and on that basis denies each and every allegation.

29.     T-Mobile denies the allegations of Paragraph 29 of the Complaint.

30.     T-Mobile denies the allegations of Paragraph 30 of the Complaint.

31.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and on that basis denies each and every allegation.

32.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and on that basis denies each and every allegation.

33.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and on that basis denies each and every allegation.

34.     T-Mobile denies the allegations of Paragraph 34 of the Complaint.

35.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and on that basis denies each and every allegation.

36.     T-Mobile admits that on October 27, 2015, Sprint notified ItsOn that, in accordance with Section 7.2 of the Master Service Agreement effective January 15, 2014, Sprint was providing its notice to terminate SOWs 2014FEB27ITS and 2014OCT22ITS for convenience, effective on January 27, 2016.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 36 of the Complaint.

37.     T-Mobile admits that, after October 27, 2015, Sprint employees met with ItsOn employees.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 37 of the Complaint.

38.     T-Mobile denies the allegations of Paragraph 38 of the Complaint.

39.     T-Mobile admits that, subsequent to 2016, Sprint sold certain mobile devices with features and functionalities that may have allowed users to reduced data usage and/or power consumption..   Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 39 of the Complaint.

## PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT

40.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and on that basis denies each and every allegation.

41.     T-Mobile admits that Exhibit 1 to the Complaint purports to be a copy of U.S. Patent No. 8,924,543.   Except as expressly admitted, T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 and on the basis denies each and every allegation.

42.     T-Mobile admits that Exhibit 2 to the Complaint purports to be a copy of U.S. Patent No. 9,198,042.   Except as expressly admitted, T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 and on the basis denies each and every allegation.

## DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES

43.     T-Mobile admits that T-Mobile US, Inc. is a Delaware corporation with a principal place of business at 12920 S.E. 38th Street, Bellevue, Washington 98006.  T-Mobile admits that T-Mobile US, Inc. may be served through its registered agent, Corporation Service Company. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 43 of the Complaint.

44.     T-Mobile admits that T-Mobile USA, Inc. operates a wireless communications network and provides wireless telecommunications services under the "T-Mobile" brand.   Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 44 of the Complaint.

45.     T-Mobile admits that T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.  T-Mobile admits T-Mobile USA, Inc. may be served through its registered agent, Corporation Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 45 of the Complaint.

46.     T-Mobile admits that since on or about November 22, 1999, T-Mobile USA, Inc. has been registered to do business in the state of Texas.  T-Mobile admits that T-Mobile USA, Inc. operates a wireless communications network and offers for sale certain wireless products and services within the Eastern District of Texas.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 46 of the Complaint.

47.     T-Mobile admits that Sprint LLC is a Delaware limited liability corporation. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 47 of the Complaint.

48.     T-Mobile denies the allegations of Paragraph 48 of the Complaint.

49.     T-Mobile admits that the Complaint purports to accuse mobile devices, cellular networks, servers, and services of patent infringement.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 49 of the Complaint.

## JURISDICTION AND VENUE

50.     T-Mobile admits that the Complaint purports to allege patent infringement under Title 35 of the United States Code.  T-Mobile denies that it infringes any asserted patent, and denies the remaining allegations in Paragraph 50 of the Complaint.

51.     T-Mobile admits that the Complaint purports to state claims over which the Court would have subject matter jurisdiction.

52.     T-Mobile specifically denies that it has committed any act of infringement.  The remaining allegations of Paragraph 52 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed required, T-Mobile admits that T-Mobile USA, Inc. has conducted business in this district.   T-Mobile specifically denies that the Court has personal jurisdiction over T-Mobile US, Inc. or Sprint LLC.   Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 52 of the Complaint.

53.     T-Mobile denies the allegations of Paragraph 53 of the Complaint.

54.     T-Mobile specifically denies that it has committed any act of infringement. Solely with respect to T-Mobile USA, Inc., T-Mobile does not contest venue in this district for purposes of this litigation only but denies that this district is the most convenient venue for litigation of the claims in the Complaint and reserves the right to assert that a change of venue under 28 U.S.C. § 1404 is appropriate.  T-Mobile specifically denies that venue is proper in this district for T-Mobile US, Inc. or Sprint LLC.  The remaining allegations of Paragraph 54 of the Complaint contain legal conclusions to which no response is required.   To the extent as response is deemed required, T-Mobile denies the allegations of Paragraph 54 of the Complaint.

55.      T-Mobile admits that Plaintiff purports to quote from a website, which website speaks for itself.  To the extent that Plaintiff has mischaracterized such content, T-Mobile denies

the allegations in Paragraph 55. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 55 of the Complaint.

56.     T-Mobile admits that Plaintiff purports to quote from a website, which website speaks for itself.  To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 56.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 56 of the Complaint.

57.     T-Mobile admits that Plaintiff purports to quote from a website, which website speaks for itself.  To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 57.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 57 of the Complaint.

58.     T-Mobile admits that T-Mobile USA, Inc. maintains an office at 7668 Warren Pkwy., Frisco, TX 75034.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 58 of the Complaint.

59.     T-Mobile admits that Plaintiff purports to quote from a website, which website speaks for itself.  To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 59.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 59 of the Complaint.

## COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '543 PATENT

60.     T-Mobile repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

61.     T-Mobile admits that Exhibit 1 to the Complaint purports to be a copy of U.S. Patent No. 8,924,543 (the "'543 Patent"), which is titled "Service design center for device assisted services" and which issued on December 30, 2014.

62.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and on that basis denies each and every allegation.

63.     The allegations of Paragraph 63 of the Complaint contain legal conclusions to which no response is required.  To the extent as response is deemed required, T-Mobile denies the allegations of Paragraph 63 of the Complaint.

64.     T-Mobile specifically denies that it has committed any act of infringement. The allegations of Paragraph 64 of the Complaint contain legal conclusions to which no response is required.  To the extent as response is deemed required, T-Mobile denies the allegations of Paragraph 64 of the Complaint.

65.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 65 of the Complaint.

66.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 66 of the Complaint.

67.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile admits that Exhibit 3 to the Complaint is a chart that purports to include Plaintiff's allegations regarding infringement of claim 1 of the '543 Patent.  T-Mobile denies that it infringes the '543 Patent and denies the remaining allegations in Paragraph 67 of the Complaint.

68.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 68 of the Complaint.

69.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 69 of the Complaint.

70.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 70 of the Complaint.

71.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 71 of the Complaint.

72.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 72 of the Complaint.

73.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 73 of the Complaint.

**COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '042 PATENT**

74.     T-Mobile repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

75.     T-Mobile admits that Exhibit 2 to the Complaint purports to be a copy of U.S. Patent No. 9,198,042 (the "'042 Patent"), which is titled "Security techniques for device assisted services" and which issued on November 24, 2015.

76.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and on that basis denies each and every allegation.

77.     The allegations of Paragraph 77 of the Complaint contain legal conclusions to which no response is required.  To the extent as response is deemed required, T-Mobile denies the allegations of Paragraph 77 of the Complaint.

78.     T-Mobile specifically denies that it has committed any act of infringement. The allegations of Paragraph 78 of the Complaint contain legal conclusions to which no response is

required.   To the extent as response is deemed required, T-Mobile denies the allegations of Paragraph 78 of the Complaint.

79.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 79 of the Complaint.

80.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 80 of the Complaint.

81.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile admits that Exhibit 4 to the Complaint is a chart that purports to include Plaintiff's allegations regarding infringement of claim 1 of the '042 Patent.  T-Mobile denies that it infringes the '042 Patent and denies the remaining allegations in Paragraph 81 of the Complaint.

82.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 82 of the Complaint.

83.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 83 of the Complaint.

84.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 84 of the Complaint.

85.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 85 of the Complaint.

86.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 86 of the Complaint.

87.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 87 of the Complaint.

## RESPONSE TO PLAINTIFF'S JURY DEMAND

88.     T-Mobile demands a jury trial pursuant to Fed. R. Civ. P. 38.

## RESPONSE TO PLAINTIFF'S RELIEF REQUESTED

T-Mobile denies that Plaintiff is entitled to any relief, including but not limited to the relief sought by Plaintiff under Paragraphs A-G of the Complaint.

## T-MOBILE'S AFFIRMATIVE DEFENSES

89.     T-Mobile incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.  T-Mobile asserts the following defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of these defenses.  T-Mobile reserves the right to amend this Answer with additional defenses as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

90.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

91.     T-Mobile has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '543 Patent or '042 Patent, and do not indirectly infringe, contributorily infringe, or induce the infringement of any valid and enforceable claim of the '543 Patent or '042 Patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

92.     The claims of the '543 Patent and '042 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

93.     To the extent Plaintiff has failed to comply with the notice requirements of 35 U.S.C. § 287, Plaintiff is barred from all monetary relief for acts that occurred prior to Plaintiff providing actual notice to T-Mobile.

## FIFTH AFFIRMATIVE DEFENSE
### (License, Exhaustion, Waiver, and Estoppel)

94.     Plaintiff's claims are barred, in whole or in part, by license, exhaustion, and/or the doctrines of waiver and/or equitable estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel/Laches/Acquiescence)

95.     Plaintiff's claims are barred, in whole or in part, under principles of equity, including waiver, estoppel, laches, and/or acquiescence, including but not limited to, prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the Patents-in-Suit.

## SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

96.     Plaintiff has an adequate remedy at law and no basis exists for the grant of injunctive relief.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Willfulness)

97.     On information and belief, T-Mobile has not knowingly or with reckless disregard willfully infringed valid and enforceable claims of the asserted patents and does not knowingly or with reckless disregard willfully infringe any valid and enforceable claims of the asserted patents. For at least these reasons, Plaintiff cannot maintain a claim of willfulness.

**NINTH AFFIRMATIVE DEFENSE**
**(No Attorneys' Fees)**

98.     Plaintiff is not entitled to attorneys' fees under Section 38.001 of the Texas Civil

Practice and Remedies Code, including because none of Plaintiff's claims are valid.

**TENTH AFFIRMATIVE DEFENSE**
**(Reservation of Defenses)**

99.     T-Mobile reserves all affirmative defenses under Rule 8(c) of the Federal Rules of

Civil Procedures, as well as any other defenses at law or in equity that may exist now or that may

be available in the future.

**PRAYER FOR RELIEF**

WHEREFORE, T-Mobile asks this Court to enter judgment in favor of T-Mobile and

against Plaintiff by granting the following relief:

A.     A dismissal of all claims in Plaintiff's Complaint with prejudice and a complete

denial of Plaintiff's request for damages, injunctive relief, interest, costs, expenses, accounting,

attorneys' fees, and any other form of relief, and

B.     An award to T-Mobile of their reasonable attorneys' fees, costs, and all interest

(including without limitation any attorney fee awards based upon 35 U.S.C. § 285) and any such

other and further relief as the Court finds just and proper.

**COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff T-Mobile USA, Inc. ("T-Mobile Counterclaimant")

brings the following counterclaims against Plaintiff and Counterclaim-Defendant Headwater

Research LLC ("Counterclaim-Defendant"):

## THE PARTIES

1.     Defendant and Counterclaim-Plaintiff T-Mobile USA, Inc. is Delaware corporation with a principal place of business in Bellevue, Washington.

2.     Upon information and belief, and based on Paragraph 40 of the Complaint as pleaded by Counterclaim-Defendant, Headwater Research LLC is a Texas limited liability company with its headquarters at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over these counterclaims pursuant to the Federal Patent Act, 28 U.S.C. §§ 1331, 1338(a), and 2202.

4.     Counterclaim-Defendant has subjected itself to personal jurisdiction by maintaining its lawsuit against T-Mobile in this judicial district.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

6.     Counterclaim-Defendant has sued T-Mobile Counterclaimant for infringement of the '543 Patent or '042 Patent.  T-Mobile Counterclaimant denies infringement and denies that the claims of the asserted patents are valid.  Therefore, there is a substantial, actual, and continuing controversy between Counterclaim-Defendant and T-Mobile Counterclaimant as to the validity and infringement of the asserted patents.

## <u>COUNT 1</u>
### (Declaratory Judgment of Non-Infringement of the '543 Patent)

7.     T-Mobile Counterclaimant repeats and realleges the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

8.     T-Mobile Counterclaimant has not infringed and does not infringe any valid and/or enforceable claim of the '543 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

9.     To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, T-Mobile Counterclaimant is entitled to a declaratory judgment that it does not infringe the '543 Patent.

## COUNT 2
### (Declaratory Judgment of Invalidity of the '543 Patent)

10.     T-Mobile Counterclaimant repeats and realleges the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

11.     The '543 Patent claims are invalid and/or patent ineligible for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability and/or patent eligibility under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112.

12.     To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, T-Mobile Counterclaimant is entitled to a declaratory judgment that the '543 Patent is invalid and/or patent ineligible.

## COUNT 3
### (Declaratory Judgment of Non-Infringement of the '042 Patent)

13.     T-Mobile Counterclaimant repeats and realleges the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

14.     T-Mobile Counterclaimant has not infringed and does not infringe any valid and/or enforceable claim of the '042 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

15.    To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, T-Mobile Counterclaimant is entitled to a declaratory judgment that it does not infringe the '042 Patent.

### COUNT 4
### (Declaratory Judgment of Invalidity of the '042 Patent)

16.    T-Mobile Counterclaimant repeats and realleges the allegations in each of the foregoing Counterclaim paragraphs as if fully set forth herein.

17.    The '042 Patent claims are invalid and/or patent ineligible for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability and/or patent eligibility under Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112.

18.    To resolve the legal and factual questions raised by Counterclaim-Defendant and to afford relief from the uncertainty and controversy that Counterclaim-Defendant's allegations have created, T-Mobile Counterclaimant is entitled to a declaratory judgment that the '042 Patent is invalid and/or patent ineligible.

### PRAYER FOR RELIEF

WHEREFORE, T-Mobile Counterclaimant respectfully requests that this Court:

A.    Enter judgment against Counterclaim-Defendant and dismiss the claims filed by Counterclaim-Defendant against T-Mobile Counterclaimant with prejudice;

B.    Determine and declare that the claims of the asserted patents are not infringed by T-Mobile Counterclaimant;

C.    Determine and declare that the claims of the asserted patents are invalid and/or patent ineligible;

19

D.    Award T-Mobile Counterclaimant its costs, disbursements, and reasonable attorneys' fees incurred in this action; and,

E.    Grant such other and further relief as the Court may deem just and proper.

### JURY DEMAND

T-Mobile Counterclaimant hereby demands a trial by jury in this action on all issues so triable.

Dated:  November 2, 2023

/s/ Katherine Q. Dominguez

Katherine Q. Dominguez (Lead Attorney)
kdominguez@gibsondunn.com
Josh A. Krevitt
jkrevitt@gibsondunn.com
Brian Rosenthal
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4015

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900

Andrew Robb
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone:  (650) 849-5300

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Defendants and T-Mobile Counterclaimant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 2, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 2, 2023 upon the following in the manner indicated:

Marc Fenster                                                                       *VIA ELECTRONIC MAIL*
Reza Mirzaie
Brian Ledahl
Ben Wang
Dale Chang
Paul Kroeger
Neil A. Rubin
Kristopher Davis
James S. Tsuei
Philip Wang
Amy Hayden
Jason M. Wietholter
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

*Attorneys for Plaintiff and Counterclaim-Defendant*

<u>/s/ Katherine Q. Dominguez</u>
Katherine Q. Dominguez