THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC. and SPRINT CORP.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00379-JRG-RSP<br><br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC. and SPRINT CORP.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00377-JRG-RSP<br><br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE
TO AMEND INVALIDITY CONTENTIONS**

Defendants T-Mobile USA, Inc. and Sprint LLC (collectively, "T-Mobile" or "Defendants") seek leave, per Local Patent Rule 3-6(b), to amend their Invalidity Contentions for good cause. Headwater Research LLC ("Plaintiff" or "Headwater") does not oppose this motion.

This is Defendants' first request to amend their invalidity contentions. These amendments seek to apply in this case prior art references already disclosed to Plaintiff in related cases involving the same patents-at-issue[1] and to provide further detail and support regarding

---

[1] The patents are U.S. Patent No. 9,215,613 ("the '613 Patent"), U.S. Patent No. 8,589,541 ("the '541 Patent"), U.S. Patent No. 9,198,042 ("the '042 Patent") and U.S. Patent No. 8,924,543 ("the '543 Patent"), (collectively, the "Asserted Patents"). These cases involving the Asserted Patents

1

certain of Android prior art systems already disclosed in Defendants' Preliminary Invalidity Contentions (the "Android System Art"), including evidence acquired through a recent third-party subpoena to Google, LLC.

Good cause exists for Defendants to amend their Invalidity Contentions because: Defendants were diligent in discovering the additional evidence, notifying Plaintiff, and seeking to amend; the Android System Art is important to Defendants' invalidity case; and the time passed is minor and will not affect the case schedule or prejudice Plaintiff. *E.g.*, *Atlas Global Tech. LLC v. TP-Link Tech. Co., Ltd, et al.,* No. 21-cv-430-JRG-RSP, ECF No. 140 (E.D. Tex. March 8, 2023) (granting defendants' unopposed motion for leave to amend invalidity contentions to add 11 claim charts from related cases); *Orckit Corp. v. Cisco Sys., Inc.,* No. 2:22-CV-276-JRG, ECF No. 61 (E.D. Tex. April 13, 2023) (granting defendant's unopposed motion for leave to amend invalidity contentions "to include prior art documents recently received from third-party subpoenas"); *Garrity Power Sevrs. LLC, v. Samsung Elecs. Co.,* No. 2:20-CV-269, 2021 WL 4894262 at *1 (E.D. Tex. Oct. 19, 2021) (granting defendants' motion for leave to amend invalidity contentions to add newly discovered evidence).

Defendants served their Preliminary Invalidity Contentions on January 16, 2024. The AT&T defendants in the Related Cases served their Preliminary Invalidity Contentions on February 2, 2024. Defendants promptly notified Plaintiff of their intention to amend their Invalidity Contentions and met and conferred with Plaintiff on February 5, 2024 and again on February 22, 2024. Defendants continued to investigate the Android System Art and on February 29, 2024, Defendants served a subpoena on Google requesting additional evidence in support of

---

include: *Headwater Research LLC v. Cellco Partnership. et al*, Case No. 2:23-cv-00352-JRG-RSP (E.D. Tex.); *Headwater Research LLC v. AT&T, Inc. et al*, Case No. 2:23-cv-00397-JRG-RSP (E.D. Tex.); and *Headwater Research LLC v. AT&T, Inc. et al*, Case No. 2:23-cv-00398-JRG-RSP (E.D. Tex.) (collectively, the "Related Cases").

the Android System Art disclosed in Defendants' Preliminary Invalidity Contentions. This additional evidence includes a transcript of a deposition taken of a Google witness in another case filed by Plaintiff asserting patents related to the Asserted Patents on January 23, 2024, wherein Plaintiff questioned the witness.[2]

The parties have met and conferred in good faith to minimize motion practice, and Plaintiff does not oppose this motion. Defendants therefore respectfully submit that good cause exists under P.R. 3-6(b) for Defendants to amend their invalidity contentions as described herein.

## I. THE PROPOSED AMENDMENTS

| U.S. Patent No. 8,589,541 | | |
|---|---|---|
| **Exhibit No.** | **Prior Art Reference** | **Prior Notice to Plaintiff** |
| A16 | Android System Art | Preliminary Invalidity Contentions |
| A26 | U.S. Patent No. 9,167,480 ("Erman") | Invalidity Contentions from AT&T case |
| **U.S. Patent No. 8,924,543** | | |
| **Exhibit No.** | **Prior Art Reference** | **Prior Notice to Plaintiff** |
| B9 | U.S. Patent Pub. 2009/0180377 ("Sullivan") | Invalidity Contentions from AT&T case |
| B10 | U.S. Patent Pub. 2008/0181208 ("Maes") | Invalidity Contentions from AT&T case |
| **U.S. Patent No. 9,198,042** | | |
| **Exhibit No.** | **Prior Art Reference** | **Prior Notice to Plaintiff** |
| C6 | U.S. Patent Pub. 2008/0046965 ("Wright") | Invalidity Contentions from AT&T case |
| **U.S. Patent No. 9,215,613** | | |
| **Exhibit No.** | **Prior Art Reference** | **Prior Notice to Plaintiff** |
| D17 | Android System Art | Preliminary Invalidity Contentions |
| D21 | U.S. Patent No. 9,167,480 ("Erman") | Invalidity Contentions from AT&T case |

---

[2] The case is *Headwater Research, LLC v. Samsung Electronics Co., Ltd. et al,* Case No. 2:22-cv-00422-JRG-RSP.

## II.     ARGUMENT

A party may amend or supplement invalidity contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause…requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts apply the following four-factor test to determine whether good cause has been shown: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. Here, good cause exists as all four factors favor granting Defendants leave for amendment.

### A.  Defendants Acted Diligently and in Good Faith

Defendants were diligent in obtaining evidence that would support the invalidity arguments against the Asserted Patents. First, Defendants were diligent in assessing references that became known through parallel litigation in Headwater's cases against AT&T. The 281 asserted claims increased the time to adequately analyze these potential references. Despite the complexity, Defendants determined the prior art that supported the invalidity contentions within two months. *See RJ Tech. LLC. V. Samsung Elec. Co. Ltd*., No. 2:22-CV-00401-JRG-RSP, Dkt. No. 88, at *3 (E.D. Tex. Dec. 8, 2023) (finding amending the contentions only two-months after serving the invalidity contentions weighs in favor of diligence); *see also Optis Wireless Tech., LLC v. Huawei Tech. Co. LTD.*, No. 2:17-cv-00123-JRG-RSP, Dkt. No. 135, at *3 (E.D. Tex. Apr. 02, 2018) (finding it is not unreasonable for a detailed prior art search to take a few months for a case involving complex technology). Plaintiff has been on notice of the additional references since the

4

parties met and conferred on February 5, 2024, where Defendants communicated that they intended to align the invalidity contentions with those asserted in the Related Cases.

Second, Plaintiff has been on notice of Defendants' reliance on the Android System Art at least through service of Defendants' Preliminary Invalidity Contentions on January 16, 2024. Defendants have continued to investigate the Android System Art, and in response to a subpoena, Google disclosed additional evidence to support the Android System Art through deposition testimony that occurred on January 23, 2024. Defendants continued to discuss the proposed amendment and promptly notified Plaintiff of their intent to supplement with additional evidence and citations in support of already-disclosed system art theories during the meet and confer on February 22, 2024. Ex. A (02/27/2024 Email from Zhu to Plaintiff). *See Grand Overseas, Inc. v. CVS Pharmacy, Inc.*, Case No. 2:15-cv-1401-JRG, Dkt. No. 32 (E.D. Tex. Oct. 28, 2016) (granting motion for leave to supplement invalidity contentions to include newly discovered information from a third party). Therefore, Defendants have been diligent in identifying the prior art and in communicating it to Headwater upon its discovery.

### B.  The Proposed Amendments are Important

Defendants proposed amendments are important to Defendants' invalidity case. Defendants expect to rely on the Android System Art and the additional prior art references disclosed in the Related Cases for their invalidity defenses. The proposed amendments help explain and clarify how the Android System Art (which was already disclosed in Defendants' preliminary contentions) and additional prior art references (of which Plaintiff has been on notice in parallel cases) anticipate and/or render obvious the asserted claims of the Asserted Patents. *See Garrity Power Sevrs. LLC., v. Samsung Elecs. Co.*, No. 2:20-CV-269, 2021 WL 4894262 at *2 (E.D. Tex. Oct. 19, 2021) (finding amendments to the system art important where the defendants

"acknowledged the importance of the prior art by disclosing it in their initial contentions and expending efforts to locate" the prior art system to "supplement its contentions"); *see also Atlas Global Technologies LLC., v. TP-Link Technologies Co., LTD.*, No. 2:21-cv-00430, Dkt. No. 140, at *1 (E.D Tex. March 08, 2023) (granting amendment of specific prior art references that were provided in parallel cases filed by the plaintiff).

### C.  Plaintiff Will Not be Prejudiced; No Continuance is Required

The proposed amendments will not prejudice Plaintiff, nor will they necessitate a continuance or any other schedule changes. As noted above, the proposed amendments provide further detail and support for the Android System Art that Defendants disclosed in their original Invalidity Contentions and add references that were disclosed to Plaintiff in the parallel Related Cases. *See Garrity Power Sevrs.*, 2021 WL 4894262 at *3 ("The fact that Plaintiff would have to respond to invalidity theories" included in "Defendants' timely original invalidity contentions" "was already baked into the situation."); *Atlas Global Tech. LLC v. TP-Link Tech. Co., Ltd, et al.*, No. 21-cv-430-JRG-RSP, ECF No. 140 (E.D. Tex. March 8, 2023); *Ax Wireless, LLC v. HP, Inc.*, No. 2:22-cv-0279-JRG-RSP, Dkt. No. 99, at *4-5 (E.D. Tex. Dec. 11, 2023) (prejudice is minimal when amending contentions four months before the close of fact discovery); *Estech Sys. IP, LLC. V. Mitel Networks, Inc.*, No. 2:21-CV-00473-JRG-RSP, Dkt. No. 368, at *5-6, (E.D. Tex. May 04, 2013) (prejudice was mitigated where the nonmoving party had enough time to investigate the amended references when there was six weeks before the end of fact discovery). Plaintiff has ample time to examine the additional references and the already-disclosed Android System Art, given that there are over eight months before the *Markman* hearing and around ten months before the close of fact discovery.

Finally, this case is still in the early stages of fact discovery; the *Markman* hearing is not until November 19, 2024. Thus, the Court's schedule will not need to be adjusted if leave to amend is granted. *See Uniloc 2017 LLC v. Google LLC*, No. 218-CV-00493-JRG-RSP, 2019 WL 6465318, at *2 (E.D. Tex. Dec. 2, 2019) (finding no continuance required when neither party sought a continuance and the court deemed one unnecessary based on the case schedule).

### III.    CONCLUSION

For the reasons set forth herein and for any others that may appear to the Court, Defendants respectfully request that the Court grant their Unopposed Motion for Leave to Amend Invalidity Contentions.

Dated: March 4, 2024          Respectfully submitted,

By: */s/ Celine J. Crowson*

Celine Crowson
**HOGAN LOVELLS US LLP**
555 13th St NW,
Washington, DC 20004
Telephone: 202-637-5600
celine.crowson@hoganlovells.com

Tej Singh
Yi Zhang
Kyle Xu
**HOGAN LOVELLS US LLP**
4 Embarcadero Center Suite 3500
San Francisco CA, 94111
Telephone: 415-374-2300
tej.singh@hoganlovells.com
yi.zhang@hoganlovells.com
kyle.xu@hoganlovells.com

Kate Dominguez
Charlie Sim
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212-0351-4000
KDominguez@gibsondunn.com
CSim@gibsondunn.com

Andrew Robb
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650-849-5300
ARobb@gibsondunn.com

Melissa Richards Smith
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
903-934-8450

Fax: 903-934-9257
Email: melissa@gillamsmithlaw.com

*Attorneys for Defendants*
*T-Mobile USA, Inc. and Sprint Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2024, the foregoing was served to plaintiff's counsel of record via email.

*/s/ Celine J. Crowson*

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on February 22, 2024, counsel for T-Mobile met and conferred with counsel for Plaintiff Headwater Research LLC in accordance with Local Rule CV-7(h). This motion is unopposed.

*/s/ Celine J. Crowson*
Celine J. Crowson