**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 2:23-cv-00379-JRG-RSP |
| T-MOBILE USA, INC. AND SPRINT CORP., | |
| *Defendants*. | |
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 2:23-cv-00377-JRG-RSP |
| T-MOBILE USA, INC. AND SPRINT CORP., | |
| *Defendants*. | |

## DEFENDANTS' MOTION FOR ENTRY OF AN ORDER FOCUSING ASSERTED PATENT CLAIM AND PRIOR ART

**TABLE OF CONTENTS**

1.  INTRODUCTION ................................................................................................................. 1

2.  BACKGROUND ................................................................................................................. 2

3.  LEGAL STANDARD .......................................................................................................... 3

4.  ARGUMENT ....................................................................................................................... 4

    A.  Claim Narrowing Is Needed Now Due to Headwater's Extreme Number of Claims and Accused Products ..................................................................................................... 4

    B.  Headwater is Uniquely Positioned to Engage in Claim Narrowing Now ........................... 5

    C.  T-Mobile's Proposal Appropriately Balances the Needs of the Case ................................. 7

5.  CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Allergan, Inc. v. Teva Pharms. USA*,
   No. 2:15-CV-1455-WCB, 2017 WL 373462 (E.D. Tex. Jan. 26, 2017) ..................................3

*Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*,
   No. 2:22-CV-00422 (E.D. Tex.) (filed Oct. 26, 2022) ............................................................6

*Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*,
   No. 2:22-CV-00467 (E.D. Tex.) (filed Dec. 06, 2022)............................................................6

*Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*,
   No. 2:23-CV-00103 (E.D. Tex.) (filed Mar. 10, 2023) ...........................................................6

*Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*,
   No. 2:23-CV-00641 (E.D. Tex.) ..............................................................................................6

*In re Katz Interactive Call Processing Patent Litig.*,
   639 F.3d 1303 (Fed. Cir. 2011).................................................................................................3

*Oasis Rsch., LLC v. Adrive, LLC*,
   No. 4:10-CV-00435, 2011 WL 7272473 (E.D. Tex. Sept. 13, 2011).......................................3

*Rockstar Consortium U.S. LP v. ASUSTeK Computer, Inc.*,
   No. 2:13-CV-894-JRG, 2014 WL 3735831 (E.D. Tex. Jul. 28, 2014)......................................4

*Round Rock Rsch., LLC v. Dell Inc.*,
   No. 4:11-CV-332, 2012 WL 8017390 (E.D. Tex. Mar. 26, 2012) ...........................................3

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| 1 | Headwater's Nov. 11, 2023 Disclosure of Asserted Claims and Infringement Contentions |
| 2 | Headwater's Mar. 19, 2023 Amended Disclosure of Asserted Claims and Infringement Contentions |
| 3 | Feb. 2, 2024 Letter from K. Dominguez to Marc Fenster |
| 4 | Mar. 4, 2024 Email Chain regarding Claim Narrowing |
| 5 | Excerpt of Ex. A to Headwater's Mar. 19, 2023 Amended Disclosure of Asserted Claims and Infringement Contentions |
| 6 | Excerpt of Ex. C to Headwater's Mar. 19, 2023 Amended Disclosure of Asserted Claims and Infringement Contentions |
| 7 | Excerpt of Ex. D to Headwater's Mar. 19, 2023 Amended Disclosure of Asserted Claims and Infringement Contentions |
| 8 | Headwater's Mar. 3, 2024 Objections and Responses to T-Mobile's First Set of Interrogatories |

## 1.   INTRODUCTION

T-Mobile respectfully requests entry of an order requiring the parties to narrow the asserted patent claims and prior art, to put this case into a manageable posture for fact discovery and claim construction.   Early claim narrowing in this case is necessary and appropriate because of the unusually large number of claims Headwater has asserted (for most of which Headwater provides no specific infringement allegations), as well as Headwater's already-extensive knowledge of the subject matter that informs claim narrowing, due to its related litigation.

Headwater currently asserts 281 claims across just four patents and accuses hundreds of separate products from a variety of T-Mobile's suppliers.   For well over 200 of the asserted claims, Headwater's contentions say nothing about how the claim is infringed, and instead simply state: "See, for example, the disclosures identified for" earlier claims.   Headwater's failure to elect to sue on any reasonable subset of these claims renders it virtually impossible for T-Mobile to efficiently conduct discovery and prepare for the claim construction process.

This sheer number of asserted claims would alone warrant an early narrowing by Headwater.   But narrowing is further warranted here because Headwater is uniquely positioned— relative to the typical patent plaintiff—to narrow the claims it intends to pursue at trial.   In its parallel litigations against Samsung, Headwater has asserted closely related patents against many of the same Samsung devices, accusing the same functionalities of the Android operating system in those devices that it accuses in this litigation.   And Headwater has already litigated those cases for over a *year*, including recently serving an expert report on infringement on those overlapping products and functionalities.   Any prejudice to Headwater from the imposition of early claim narrowing will thus largely be averted.

Despite these unique circumstances, Headwater has consistently refused to narrow its claims in any meaningful way.  Thus, T-Mobile requests entry of an expedited and somewhat more expansive version of the Court's Model Order Focusing Patent Claims and Prior Art:

- Headwater shall immediately narrow to no more than 10 claims from each patent and not more than a total of 32 claims.

- 28 days afterwards, T-Mobile shall narrow to no more than twelve prior art references against each patent and not more than a total of 40 references.

- By 28 days before the service of opening expert reports, Headwater shall narrow to no more than five asserted claims per patent and no more than a total of 16 claims.

- By the date for opening expert reports, T-Mobile shall narrow to no more than six asserted prior art references per patent and no more than 20 total references.

T-Mobile's proposed claim narrowing is necessary in light of the extreme number of asserted claims and accused products.  And it is justified because Headwater has ample information—now—to meaningfully reduce its number of asserted claims without facing any credible prejudice.

## 2.     BACKGROUND

On August 23, 2023, Plaintiff Headwater Research LLC ("Headwater") Headwater filed suit accusing Defendants T-Mobile USA, Inc. and Sprint LLC (collectively, "T-Mobile") of infringing U.S. Patent Nos. 8,589,541 (the "'541 Patent"), 8,924,543 (the "'543 Patent"), 9,198,042 (the "'042 Patent"), and 9,215,613 (the "'613 Patent") (collectively, the "Asserted Patents").  On November 20, 2023, Headwater served infringement contentions identifying 281 asserted claims across the four Asserted Patents—174 claims from the '541 Patent, 68 claims from the '543 Patent, 15 claims from the '042 Patent, and 24 claims from the '613 Patent.  Ex. 1 at 2. On March 19, 2024, in response to T-Mobile's complaints regarding the deficiencies in Headwater's contentions, Headwater served amended infringement contentions, continuing to assert 281 claims.  Ex. 2 at 2.

On February 2, 2024, T-Mobile requested claim narrowing.  Ex. 3.  On February 22, following a meet and confer, Headwater provided a counter-offer to narrow to ***192 total asserted claims across all patents*** by 21 days before the P.R. 4-1 exchange of proposed terms for construction with a second narrowing to ***128 asserted claims*** more than two months after that. Ex. 4 (K. Davis 2/22/24 email) at 2.  Headwater's proposal would allow it to retain ***six times*** as many claims as the Court's Model Order in its Preliminary Election of Asserted Claims and to continue to assert ***128 claims*** throughout the entirety of fact discovery.  As T-Mobile explained to Headwater, this offer "[did] not realistically address[] the concerns Defendants raised," and left T-Mobile with "no guidance" to proceed into discovery.  *Id.* (C. Sim 3/01/2024 email) at 1.

On March 1, T-Mobile provided an alternate proposal, which was rejected by Headwater without a counterproposal.  *Id.* (K. Davis 3/4/24 email) at 1.

**3.    LEGAL STANDARD**

Courts in this District routinely require narrowing of asserted claims in patent infringement cases.  *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *1 (E.D. Tex. Jan. 26, 2017) (collecting cases); *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011).  In so doing, Courts have emphasized the particular need to "limit the number of asserted claims in cases for patent infringement when the number of claims is so large as to make the case inefficient and unmanageable."  *Oasis Rsch., LLC v. Adrive, LLC*, No. 4:10-CV-00435, 2011 WL 7272473, at *2 (E.D. Tex. Sept. 13, 2011) (ordering narrowing to "thirty-one (31) total claims across all four (4) patents-at-issue" prior to filing of parties joint claim construction statement); *Round Rock Rsch., LLC v. Dell Inc.*, No. 4:11-CV-332, 2012 WL 8017390, at *2 (E.D. Tex. Mar. 26, 2012) (ordering narrowing to "forty (40) total claims across all ten (10) patents-at-issue" prior to exchange of proposed claim constructions).

4.      **ARGUMENT**

Meaningful claim narrowing is necessary at this time in order for discovery to proceed in a manageable way and to prevent undue burden to T-Mobile in providing relevant discovery and investigating its defenses.  T-Mobile's proposal provides for the same number of asserted claims for the initial narrowing as in the Court's model order, but at an earlier stage, and thus strikes an appropriate balance to allow for effective case management while not unduly limiting Headwater.

A.      **Claim Narrowing Is Needed Now Due to Headwater's Extreme Number of Claims and Accused Products**

Absent meaningful narrowing in the near term, T-Mobile will be severely prejudiced in its ability to conduct discovery and investigate its defenses for the Asserted Claims.  Emblematic of the uncommon complexity of the case is U.S. Patent No. 8,589,541, the specification of which covers over 125 columns—nearly seven of which are directed to the incorporation by reference of allegedly related patent applications and publications—and which accounts for 174 of the 281 asserted claims.  Headwater asserts all 281 claims against hundreds of different products from a variety of T-Mobile's vendors, including Apple, Samsung, Google, Motorola, and Nokia.  Some of these products run Apple's iOS operating system, whereas others run manufacturer-specific implementations of the Android operating system.  *See Rockstar Consortium U.S. LP v. ASUSTeK Computer, Inc.*, No. 2:13-CV-894-JRG, 2014 WL 3735831, at *4 (E.D. Tex. Jul. 28, 2014) ("[E]ach defendant mobile phone manufacturer modifies and customizes the Android system to its own particular purpose[.]"), *vacated on other grounds*, 588 F. App'x 988 (Fed. Cir. 2014). Exacerbating the prejudice to T-Mobile is the fact that, for more than 200 of the Asserted Claims, Headwater's Infringement Contentions contain no unique allegations of infringement, leaving T-Mobile without guidance regarding Headwater's infringement theories to direct discovery.

4

Under these circumstances, early claim narrowing is necessary and appropriate to allow discovery to proceed in a fair and manageable way.

Narrowing is especially warranted now because of Headwater's general failure to provide meaningful information in discovery.  For instance, Headwater's production under Patent Rule 3-2 included only *eight* documents—the four asserted patents, and their file histories.  Then, on February 2, 2024, T-Mobile served seventeen interrogatories on topics including inducement and willfulness allegations made in Headwater's Complaints.  But Headwater failed to provide even a single meaningful response, and instead repeatedly stated only that it would produce documents relevant to T-Mobile's requests on some undefined future date.  *See* Ex. 8.  To date, Headwater has provided no supplement.

Headwater's "kitchen sink" approach to its asserted claims, if not addressed through early claim narrowing, forces T-Mobile to guess on which claims to focus its claim construction efforts. Because Headwater provides no specific infringement allegations for over 200 claims, it is unclear whether Headwater believes these claims (having different terms and limitations) are simply duplicative, or what, if any, limitations of these claims are unique.  Absent significant narrowing of the claims, T-Mobile will have the onerous task of briefing claim construction across over 200 claims across just 30 pages, while Headwater can ignore claims it already knows or should know it will not assert.  This resulting prejudice from this information asymmetry, brought about by Headwater's own failure to assert a reasonable number of claims, confirms the necessity of narrowing in the near term—in advance of the parties' exchange of terms for construction, currently set to occur on June 28, 2024.  *See* Dkt. 42 at 4.

**B.      Headwater is Uniquely Positioned to Engage in Claim Narrowing Now**

Despite having done less work to focus its infringement allegations than is expected of a plaintiff in the ordinary course, Headwater is actually better positioned than the typical plaintiff to

understand its theories and focus its case at this stage.  That is because Headwater has, since October 2022, been engaged in a campaign of related patent litigations against Samsung, in which it has asserted close family members of the patents asserted in this case, including some identical specifications and overlapping subject matter among the claims.[1]

Given the overlap in subject matter between the patents and an overlap of some accused products, Headwater accuses many of the same or related device functionalities here as in the Samsung cases.  Indeed, based on the public infringement contentions in the Samsung cases, Headwater accuses identical Android OS functionalities of infringement for the Samsung devices in its cases against Samsung and T-Mobile.  Moreover, even though each Android manufacturer may have its own unique implementation of the Android OS functionality, Headwater's infringement contentions in this case make no attempt to differentiate the accused Android OS functionalities across the different device manufacturers.  *See, e.g.*, Ex. 5 (accusing Android OS functionalities for Samsung devices); Ex. 6 (accusing Android OS functionalities for Google devices); Ex. 7 (accusing Android OS functionalities for Motorola devices).  Furthermore, Headwater has already had over a year to develop its infringement theories for these functionalities for the Samsung devices and has already served its expert report on infringement in Headwater's first set of consolidated cases against Samsung.  Thus, Headwater's experience with many of the accused devices, including the same functionalities in this case put it in a better position to understand and focus its allegations than in the typical patent case.

---

[1] *E.g. Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:22-CV-00422 (E.D. Tex.) (filed Oct. 26, 2022); *Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:22-CV-00467 (E.D. Tex.) (filed Dec. 06, 2022); *Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:23-CV-00103 (E.D. Tex.) (filed Mar. 10, 2023); *Headwater Research LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:23-CV-00641 (E.D. Tex.).

Headwater is therefore in a substantially better position than a typical patent plaintiff to select a reasonable number of claims on which to move forward with discovery.

### C.     T-Mobile's Proposal Appropriately Balances the Needs of the Case

In order to enable manageable discovery without unduly limiting Headwater's case at an early stage, T-Mobile proposes entry of a modified version of the Court's Model Order which requires Headwater to commit to initial narrowing at an earlier stage of the case:

- Headwater shall immediately serve a Preliminary Election of Asserted Claims which shall assert no more than 10 claims from each patent and not more than a total of 32 claims.

- 28 days after Headwater serves is Preliminary Election of Asserted Claims, T-Mobile shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 40 references.

- No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, Headwater shall serve a Final Election of Asserted Claims which shall asserted no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims.

- No later than the date set for the service of expert reports by the party with the burden of proof on an issue, T-Mobile shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent, and no more than 20 total references.

T-Mobile's proposal would achieve meaningful narrowing in the near-term, to be followed by more focused narrowing after the close of fact discovery.

Headwater's offer to "narrow" to *192 asserted claims* months down the road and to continue to assert *128 claims* throughout the entirety of fact discovery would have no material effect on case management.  Indeed, Headwater's proposal is so far in excess of the Model Order that it would permit Headwater to continue to assert *four times* as many claims throughout the claim construction process.  This would only permit Headwater to continue to obfuscate its infringement theories—and the claims on which it intends to proceed at trial—throughout the entirety of discovery.  Given Headwater will ultimately present only a tiny fraction of its 281

asserted claims at trial, its insistence on conducting discovery on hundreds of claims is unduly burdensome and unreasonable.

Application of the unmodified Model Order also fails to solve the case management problems caused by Headwater's unreasonable litigation tactics.  In this case, the *Markman* hearing date is set to occur only one month before the close of fact discovery.  Because the Model Order is keyed-off the *Markman* date, the first round of narrowing would not occur until September 6, 2024, after most of the fact discovery period would have already elapsed.  Forcing T-Mobile to wait until the final few months of fact discovery to start meaningfully investigating the claims Headwater will actually assert at trial puts unnecessary expense on T-Mobile and unfairly enables Headwater to continue to obfuscate what actually matters in this case.  Accordingly, material claim narrowing is necessary and appropriate now.[2]

## 5.    CONCLUSION

For the foregoing reasons, T-Mobile respectfully requests that the Court enter T-Mobile's proposed schedule for narrowing Headwater's asserted claims and T-Mobile's asserted prior art.

---

[2] T-Mobile is amenable to any modifications to this proposed schedule that still accomplish the goal of material reduction in the number of asserted claims in time to proceed with discovery and claim construction in a manageable way.

Dated: April 30, 2024                          Respectfully Submitted,

                                               */s/ Katherine Q. Dominguez*
                                               Katherine Q. Dominguez
                                               kdominguez@gibsondunn.com
                                               Josh A. Krevitt
                                               jkrevitt@gibsondunn.com
                                               Brian Rosenthal
                                               brosenthal@gibsondunn.com
                                               **GIBSON, DUNN & CRUTCHER LLP**
                                               200 Park Avenue
                                               New York, NY  10166-0193
                                               Telephone:  (212) 351-4000
                                               Fax:  (212) 351-4035

                                               Robert Vincent
                                               rvincent@gibsondunn.com
                                               **GIBSON, DUNN & CRUTCHER LLP**
                                               2001 Ross Avenue, Suite 2100
                                               Dallas, Texas 75201-2923
                                               Telephone: (214) 698-3100
                                               Fax: (214) 571-2900

                                               Andrew Robb
                                               arobb@gibsondunn.com
                                               **GIBSON, DUNN & CRUTCHER LLP**
                                               310 University Ave
                                               Palo Alto, CA 94301
                                               Telephone:  (650) 849-5334
                                               Fax:  (650) 849-5034

                                               Melissa R. Smith
                                               melissa@gillamsmithlaw.com
                                               **GILLIAM & SMITH, LLP**
                                               303 South Washington Avenue
                                               Marshall, TX 75670
                                               Telephone: (903) 934-8450
                                               Fax: (903) 934-9257

                                               *Attorneys for Defendants*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), lead and local counsel for the parties meet and conferred regarding this motion on February 22, 2024.  Headwater indicated that it opposes this motion.

*/s/ Melissa R. Smith*
Melissa R. Smith