# **EXHIBIT 8**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., AND SPRINT CORP.,<br><br>Defendants. | Civil Action No. 2:23-cv-00379-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., AND SPRINT CORP.,<br><br>Defendants. | Civil Action No. 2:23-cv-00377-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

<u>**PLAINTIFF HEADWATER RESEARCH LLC'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-17)**</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Headwater Research LLC ("Headwater") responds to Defendants T-Mobile USA, Inc. and Sprint Corp. (collectively, "Defendants" or "T-Mobile"), as follows:

Headwater's responses are based on information known and available to it at the time of these responses. Headwater's investigation in this matter is ongoing. Further, because all information and documents that are possibly within the scope of the Interrogatories may have yet to be located and/or identified, the development of Headwater's contentions with respect to its claims and defenses is ongoing. Therefore, these responses and objections, while based on diligent factual exploration by Headwater and its counsel, reflect only Headwater's current state

1

of knowledge, understanding and belief with regard to the matters about which inquiry has been made. Headwater reserves the right to assert additional objections to the Interrogatories and to modify and supplement its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Headwater's responses to these Interrogatories are not to be construed as admissions that any of the requested information exists or that any contention or assumption contained in the Interrogatories, whether implicit or explicit, is correct.

By making any responses, Headwater does not concede that the information given is properly discoverable or admissible, and Headwater reserves its right to object to the introduction of these responses into evidence for any purpose.

Headwater is willing and prepared to discuss definitions of vague, ambiguous, or otherwise objectionable terms, as well as the appropriate discoverable scope of each interrogatory in light of the objections contained herein.

## **GENERAL OBJECTIONS**

These General Objections are incorporated into the specific responses below.

1.      Headwater objects to these Interrogatories to the extent that they attempt to impose an obligation on Headwater different from or greater than that required by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, the Court's Standing Orders, and any other Order entered in this action, and any agreements between the parties.

2.      Headwater objects to these Interrogatories to the extent that they request information related to patents or patent claims that have not been asserted, and thus are irrelevant, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

2

3.      Headwater objects to these Interrogatories to the extent that they request the disclosure of information protected by the attorney-client privilege, work-product doctrine, common interest privilege, joint defense privilege, mediation privilege, or any other privilege or immunity. Headwater hereby asserts all such applicable privileges and protections, and excludes privileged and protected information from its responses to the Interrogatories. Unless explicitly stated, any disclosure of such privileged or protected documents is inadvertent and should not be construed as a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection or doctrine.

4.      Headwater objects to these Interrogatories to the extent they are neither relevant to any claim or defense in this case nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Headwater objects to these Interrogatories as unduly vague and overly broad to the extent that they fail to identify the information sought with reasonable particularity, thereby requiring Headwater to resort to conjecture and speculation as to what information is sought.

6.      Headwater objects to these Interrogatories to the extent that they request confidential, proprietary, or trade secret information that is not relevant to this action including without limitation confidential business information, proprietary and/or competitively sensitive information or trade secrets. If necessary and at the appropriate time, if such information is responsive and its production is otherwise unobjectionable, Headwater will provide it subject to the Protective Order governing this case or, if necessary, will seek additional protections from the Court.

7.      Headwater objects to these Interrogatories to the extent they seek information that Headwater is not permitted to disclose pursuant to confidentiality obligations, Protective Orders,

or agreements with third and/or nonparties. Headwater will not provide such information without the consent of the relevant party or a court order.

8.      Headwater objects to these Interrogatories to the extent that they seek information from an individual or entity outside of Headwater's control. Headwater cannot reasonably respond to such Interrogatories, and objects to them as unreasonable and unduly burdensome. Headwater further objects to the extent these Interrogatories would require it to produce or disclose information that is publicly available or that is as readily identifiable and accessible to Defendants as to Headwater. Headwater shall conduct a reasonably calculated search of reasonably available sources within its possession, custody and control, in conformity with the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, and this Court's orders.

9.      Headwater objects to these Interrogatories to the extent that they are unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

10.      Headwater objects to these Interrogatories to the extent that they are speculative, lack foundation, or improperly assume the existence of hypothetical facts that are incorrect or unknown to Headwater.

11.      Headwater objects to these Interrogatories to the extent that they assume facts not in evidence.

12.      Headwater objects to these Interrogatories to the extent that they call for purely legal conclusions and/or the rendering of expert opinions.

13.      To the extent these Interrogatories seek discovery of information within the scope of Fed. R. Civ. P. 26(b)(4), Headwater objects to these Interrogatories as premature and improper

discovery of expert opinion.

14.    Pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), Headwater states that it will not search sources of electronically stored information that are not reasonably accessible regardless of whether those sources may contain electronically stored information responsive to these Interrogatories. However, Headwater reserves the right to supplement its responses in the event that other potentially responsive information becomes known. To the extent these Interrogatories seek different data or data in configurations different from those for which such databases are configured, Headwater will not search or attempt to produce information from such databases because it believes they are "not reasonably accessible because of undue burden or cost" as contemplated by Fed. R. Civ. P. 26(b)(2)(B).

15.    Headwater objects to the Interrogatories to the extent they seek "all" information about a topic; such Interrogatories are overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

16.    Headwater objects to these Interrogatories to the extent that they seek information or documents already in the possession of or are more readily available to Defendants, in the public domain, or equally available to Defendants as they are to Headwater.

17.    Headwater objects to these Interrogatories to the extent that they seek information not within Headwater's possession, custody, or control.

18.    Headwater objects to these Interrogatories to the extent that they seek information that is cumulative of information sought by other discovery requests or duplicative of disclosures already provided by Headwater.

19.    Headwater objects to these Interrogatories to the extent they contain multiple subparts asserted as individual interrogatories. Each subpart counts towards the limit on

Interrogatories that Defendants are permitted to propound.

20.     By responding to Defendants' Interrogatories, Headwater does not waive any objection that may be applicable to: (a) the use, for any purpose, by Headwater of any information produced; (b) the admissibility, relevance, or materiality of any such information to any issue in this case; or (c) the competency or authenticity of any such information.

21.     Headwater objects to Defendants' definitions of "Headwater Research LLC," "Headwater,"    "Plaintiff," "you," and "your" as vague, ambiguous, overbroad, unduly burdensome, and/or seeking documents that are not proportional to the needs of the case because of its inclusion of... Headwater further objects to these definitions to the extent they seek information protected by attorney-client privilege and/or the attorney work product doctrine. In responding to these Requests, Headwater understands these terms to refer to the plaintiff in this action, Headwater Research LLC.

22.     Headwater objects to the definition of "Patent Family" as vague, overbroad, unduly burdensome, speculative, and/or not reasonably calculated to lead to the discovery of admissible evidence.

23.     Headwater objects to the definition of "Related Patents and Applications" as vague, overbroad, unduly burdensome, speculative, and/or not reasonably calculated to lead to the discovery of admissible evidence.

24.      Headwater objects to the definition of the terms "Infringe" and "Infringement" as overbroad and unduly burdensome. Headwater will interpret the term using its legal, common and ordinary meaning.

25.     Headwater objects to the definition of "Headwater and Related Entities" as vague, overbroad, unduly burdensome, speculative, and/or not reasonably calculated to lead to the

discovery of admissible evidence.

26.     Headwater objects to the definitions of the term "Person" because it makes each request that references a person vague, ambiguous, overbroad, and unduly burdensome Headwater will interpret this term using its common and ordinary meaning.

27.     Headwater objects to the definition of the term "Document" as overbroad and unduly burdensome. Accordingly, Headwater will interpret this term consistent with its obligations pursuant to the Federal Rules of Civil Procedure, Local Rules of this District and any applicable Court orders.

28.     Headwater objects to the definition of the term "Communication" as overbroad and unduly burdensome. Accordingly, Headwater will interpret this term consistent with its obligations pursuant to the Federal Rules of Civil Procedure, Local Rules of this District and any applicable Court orders.

29.     Headwater objects to the definition of the term "Prior Art" as overbroad and unduly burdensome. Headwater will interpret the term using its legal, common and ordinary meaning.

30.     Headwater objects to the definition of the terms "and" and "or" as overbroad and unduly burdensome. Headwater will interpret these terms using its common and ordinary meaning.

31.     Headwater objects to Defendants' Instructions as overbroad, unduly burdensome and calling for a legal conclusion. Headwater will provide responses and produce documents, subject to its objections consistent with applicable statues, the Federal Rules of Civil Procedure, the rules of this District and any court orders.

### SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1

Separately for each Asserted Claim, identify and describe all facts related to when the claimed invention, in whole or in part, was publicly disclosed, demonstrated, used, sold, given away, or offered for sale (and if offered for sale, under what terms).

## RESPONSE TO INTERROGATORY NO. 1:

Headwater objects to this Interrogatory to the extent it seeks information that is protected

by the attorney-client privilege, the attorney work product doctrine, or any other applicable

privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly

burdensome. Headwater further objects to this Interrogatory to the extent that it seeks

information in Defendants' possession, custody or control, or that is equally accessible to

Defendants from public sources or from third parties. Headwater further objects to this

Interrogatory to the extent that it seeks information that is outside of Headwater's possession,

custody, and control. Headwater further objects to this Interrogatory as premature and calling for

improper discovery of expert opinion. Headwater further objects to this Interrogatory as

requiring the determination of predicate legal conclusions. Headwater further objects to this

Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it

intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this

interrogatory may be ascertained from documents Headwater has produced or will produce.

Discovery in this case is ongoing, and Headwater reserves the right to amend or

supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 2

Separately for each Asserted Claim, identify the earliest priority date to which You contend that Asserted Claim is entitled, including a description of the circumstances of any conception and reduction to practice of that Asserted Claim, an identification of the date(s) of

conception and any alleged reduction to practice (either actual or constructive), a description of any and all diligence from conception to any alleged reduction to practice, an identification of each Person involved, each Person's role, the subject matter to which each Person contributed, and the data and places of such contributions, and describe in detail any evidence that corroborates any such conception and alleged reduction to practice.

**RESPONSE TO INTERROGATORY NO. 2:**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater further objects to this Interrogatory as compound and containing multiple subparts.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including the provisional applications to which the Asserted Patents claim priority. Each of the asserted claims of the Asserted Patents are supported by adequate written description in those applications. Further, Defendants have not identified to Headwater any basis to contend that any of the Asserted Patents are not entitled to any particular priority date. To the extent Defendants

articulate any such contention, Headwater reserves its right to supplement this response as permitted by the Court's rules, procedures, and the schedule in this case.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 3

Identify all documents, things, and events known to You that may constitute Prior Art or that were identified to You as Prior Art to any claim of the Asserted Patents or any Counterpart and, for each such item of Prior Art, the date You first became aware of that Prior Art, the circumstances under which You acquired this knowledge, and the identity of all Persons known to You to have knowledge of that Prior Art. For purposes of this Interrogatory, the relevant Prior Art date for the Asserted Patents is April 13, 2015.

## RESPONSE TO INTERROGATORY NO. 3:

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory as vague and ambiguous, and as seeking irrelevant information, with respect to its identification of "the relevant Prior Art date for the Asserted Patents is April 13, 2015." Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to

marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including references cited in the Asserted Patents and their file histories, references discussed in IPR2023-1157, IPR2023-1226, IPR2023-1250, IPR2023-1253, IPR2023-1336, IPR2023-1337, IPR2023-1360, IPR2023-1361, IPR2023-1362, IPR2023-1462, IPR2024-0003, IPR2024-0010, and references identified in invalidity contentions served by Defendants, Verizon, and AT&T—all of which are publicly accessible and/or already in the possession of Defendants.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

### INTERROGATORY NO. 4

Separately for each Asserted Claim, identify and describe all facts that support or contradict any secondary considerations of non-obviousness (also referred to as "objective indicia of non-obviousness"), including without limitation any alleged long felt but unfulfilled need, failure of others, commercial success, commercial acquiescence, licensing, professional approval, lack of contemporaneous invention, copying, and laudatory statements by others, and nexus between the merits of the claimed invention and the evidence of secondary indicia, including without limitation an identification of any supporting documents.

### RESPONSE TO INTERROGATORY NO. 4:

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this

Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater also objects to this interrogatory as premature, particularly to the extent it seeks information that is more properly the subject of expert discovery, which has not yet commenced. Indeed, "this Court has consistently recognized that answers to contention interrogatories change over time as theories of liability and non-infringement crystallize" and "[t]hus, answers to such interrogatories are often best left until the close of discovery." *Kaist IP US LLC v. Samsung Elecs. Co*., 2017 WL 9937763 at *1 (E.D. Tex. Dec. 15, 2017); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1365 (Fed. Cir. 2006).

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from the following Headwater has produced or will produce, including HW379-00000001-HW379-00006975. Headwater incorporates by reference its Complaints, infringement contentions, and responses to Interrogatory No. 9. Responsive information may also be ascertained from documents and information in Defendants' possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**<u>INTERROGATORY NO. 5</u>**

Identify and describe in detail each instance in which You (or any other Person such as a broker) offered to license, sell, assign, or otherwise convey any permissions under or rights to the Asserted Patents or any Counterpart, or in which a third party requested to license, purchase, or otherwise obtain rights to the Asserted Patents or any Counterpart, describe any discussions or negotiations thereto, and identify for each such instance the Persons involved. To the extent any such instances culminated in the execution of any such agreement ("Agreement or License") relating to any Asserted Patent or any Counterpart, describe the parties to such Agreement or License, the terms of such Agreement or License (including technological and economic terms), and the details of any licensing rates or payments discussed, calculated, and/or paid. To the extent that such instances did not culminate in the execution of an Agreement or License relating to the Asserted Patents or any Counterpart, describe the parties, the terms of such offered or demanded (including technological and economic terms), and the details of any licensing rates or payments discussed, calculated, and/or contemplated.

**RESPONSE TO INTERROGATORY NO. 5:**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as compound and containing multiple subparts. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including:     HW379-00000001-HW379-00006975;     HW379-00016595-HW379-00016615; HW379-00016948-HW379-00016963. Responsive information may also be ascertained from documents and information in Defendants' possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 6

For each Asserted Patent, describe in detail Headwater's method of calculating damages, whether as lost profits, a reasonably royalty, or otherwise, including but not limited to the identification of any applicable hypothetical negotiation dates; the smallest saleable patent- practicing unit for each Asserted Claim; whether or not Headwater contends the entire market value rule is applicable and, if so, the justification for applying it; any applicable royalty rate and royalty base; the availability or non-availability of non-infringing alternatives; any licenses on which Headwater may rely; all facts on which Headwater will rely to apportion the value of the patented features of the Accused Products from any unpatented features; all facts on which Headwater will rely to determine any incremental value that Headwater contends the subject matter claimed in each of the Asserted Patents add to the Accused Products; and all other facts on which Headwater will rely as relevant to calculating damages for the alleged use of the Asserted Claims, and identify all documents or things that refer or relate to the subject matter of this Interrogatory.

## RESPONSE TO INTERROGATORY NO. 6:

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.   Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for

improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter. Headwater also objects to this interrogatory as premature, particularly to the extent it seeks information that is more properly the subject of expert discovery, which has not yet commenced. Indeed, "this Court has consistently recognized that answers to contention interrogatories change over time as theories of liability and non-infringement crystallize" and "[t]hus, answers to such interrogatories are often best left until the close of discovery." *Kaist IP US LLC v. Samsung Elecs. Co*., 2017 WL 9937763 at *1 (E.D. Tex. Dec. 15, 2017); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc*., 467 F.3d 1355, 1365 (Fed. Cir. 2006).

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including:      HW379-00000001-HW379-00006975;      HW379-00016595-HW379-00016615; HW379-00016948-HW379-00016963. Responsive information may also be ascertained from documents and information in Defendants' possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 7

Identify all Persons or entities who hold a direct or indirect financial interest relating to, in whole or in part, either any Asserted Patent and/or this litigation, including a description of the nature of the financial interest, an identification of all agreements and draft agreements with said Person or entity relating to the Asserted Patents, patent applications, licenses, assignments, or this lawsuit, and the relationship of said Person or entity with Headwater (or any of its predecessors). Your answer should include (but not necessarily be limited to) a

description of any funding, financial contribution, or payments made to You for purposes of this litigation or any other litigation involving the Asserted Patents, and how any money collected from this litigation or any other litigation involving the Asserted Patents has been or will be distributed, and a description of the rights and obligations of such Person or entity related to the Asserted Patents.

## RESPONSE TO INTERROGATORY NO. 7:

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as compound and containing multiple subparts. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce. Responsive information may also be ascertained from documents and information in Defendants' possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 8

For each product You allege infringes, describe the circumstances under which Headwater first became aware of the product's alleged infringement, including, but not limited to, the date(s) upon which Headwater first became aware of the product; the date upon which Headwater first became aware that the product allegedly infringed any claim of the Asserted Patents; any investigations, reverse engineering, analyses, tests, or studies done on the product by or on behalf of Headwater with respect to possible infringement of any claim of the Asserted Patents, including without limitation to the date, procedures, and results of such analyses, tests, or studies; and an identification of all persons involved in any such analyses, tests, or studies and any documents or things that refer or relate to the subject matter of this interrogatory.

## RESPONSE TO INTERROGATORY NO. 8:

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as compound and containing multiple subparts. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 9**

Identify and describe in detail all factual bases for Your contention that Defendants induce other Persons to infringe any Asserted Claim, including, but not limited to: the date on which You contend Defendants first learned of the Asserted Patents; the identity of the other Persons that were allegedly induced by Defendants to infringe each such claim; each act of Defendants that allegedly encouraged infringement of each such claim by such Persons; all facts supporting Your contention that Defendants knew that such acts constituted patent infringement; all facts supporting Your contention that such acts actually resulted in direct patent infringement; and all facts in support of Your contention that Defendants possessed specific intent to encourage the alleged infringement.

**RESPONSE TO INTERROGATORY NO. 9:**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Headwater incorporates by reference its Complaints and infringement contentions. Headwater further responds that the patented technologies which are the subject of this lawsuit are well known to Defendants. In April of 2010, ItsOn entered into an NDA with Sprint (now T-Mobile).

18

Under that NDA, ItsOn and Sprint's product development and engineering teams discussed implementing Headwater's patented technological solutions to solve Sprint's data demand problems. Over the next several years, ItsOn and Sprint continued sharing confidential information under NDA discussing how the Headwater/ItsOn unique and unconventional technological solutions would provide Sprint and its customers with an improved user experience on the Sprint network, while lowering costs for both Sprint and its users.

In 2013, ItsOn and Sprint began implementing use cases of Headwater's technologies in connection with Sprint's network, including roaming controls, background controls, data offloading, family device management, as well as on-demand data purchasing functionalities. Each of these features make use of technologies developed by Headwater and protected by patents issued to Headwater.

Between 2013-2016, ItsOn worked with Sprint and Samsung USA, also under NDA, to implement Headwater-patented technology directly into Samsung's devices.

As part of the ItsOn, Sprint, and Samsung relationship, ItsOn software implementing Headwater's patented inventions was installed on numerous end-user wireless devices sold by Sprint, including Samsung devices.

Sprint mandated that Android handset manufactures, including Samsung, integrate ItsOn's software into device operating systems and kernels.

ItsOn and Samsung held frequent, in-depth meetings to discuss engineering details and implement ItsOn's solutions into Samsung's software builds.

Headwater's patents were disclosed to Sprint in various meetings and through various presentations.

As part of this work, ItsOn installed its confidential and proprietary software onto Samsung devices, granting Samsung executives and engineering teams root and debug access—under NDA—for testing and implementation.

More than a dozen different models of Samsung devices operating on the Sprint network were enabled with ItsOn solutions implementing Headwater's patented technologies.

By the end of 2015, millions of Sprint devices (including Samsung devices) were running the ItsOn application, which included Headwater's intellectual property.

The ItsOn application included a link to http://www.itsoninc.com/patent-notices, which provided notice of Headwater's patents licensed by ItsOn.

But what began as a mutual undertaking abruptly became a losing proposition for ItsOn and Headwater.

In early October 2015, Sprint personnel indicated to ItsOn team members that Samsung planned to implement the Headwater/ItsOn proprietary technology in Samsung's own device software without further involvement from ItsOn.

On October 9, 2015, Samsung USA unexpectedly announced to ItsOn that Samsung Korea would be taking over negotiations with ItsOn going forward.

On October 20, 2015, Samsung personnel requested that ItsOn provide its proprietary and confidential "roaming control policy"—its source code—to Samsung.

This "roaming control policy" was the subject of the Roaming Reduction project and included functionality implicated in other projects undertaken by Sprint and ItsOn, including Project RuST.

The "roaming control policy" technology is protected by Headwater's issued patents.

Shortly after requesting ItsOn's "roaming control policy," Samsung Korea cut off the ItsOn implementation project, leaving ItsOn in the dark about Sprint's and Samsung's plans to implement Headwater's technology.

Approximately one week later on October 27, 2015, Sprint purported to terminate the Sprint/ItsOn MSA.

On October 29, 2015, ItsOn team members met with Sprint personnel to discuss the Sprint and ItsOn relationship going forward, and the ramifications of Sprint's and Samsung's apparent plans to implement Headwater's patent-protected technologies in Samsung's devices.

ItsOn and Sprint continued to work together into 2016 to implement Headwater's patented technologies into Sprint devices, including Samsung's phones and tablets.

Over the next several years, Sprint released new devices with features and functionalities that help device manufacturers, wireless carriers, and customers save data, reduce power consumption, and stay connected. These new features and functionalities were the subject of the Sprint, Samsung, and ItsOn relationship, use information learned from ItsOn, and infringe Headwater's Asserted Patents.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 10

Describe in detail any analysis, determination, or calculation of the value of the Asserted Patents or any Counterpart (whether on the basis of an individual patent or as part of a group of patents that may or may not include patents other than the Asserted Patents or any Counterpart, including but not limited to Headwater's entire patent portfolio) or attempt thereof by You or on Your behalf (for example, brokers), including but not limited to identifying the facts analyzed or considered, the person(s) involved in the analysis, determination, or calculation, any results of the analysis, determination, or calculation, and any communication of such results to others.

## RESPONSE TO INTERROGATORY NO. 10:

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.   Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including    HW379-00000001-HW379-00006975;    HW379-00016595-HW379-00016615; HW379-00016948-HW379-00016963.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 11

Describe in detail Headwater's (including any predecessor company's) management, organizational, and corporate structure and history, including but not limited to the date of formation, scope of business operations, identity of officers, employees, and any of its management or leadership teams at any time since the entity's formation and each position held by each such Person and the roles and responsibilities in each such position, the range of time when each such position was held, and the financial interests held by any such Person in the

entity at any point until the present.

**RESPONSE TO INTERROGATORY NO. 11:**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.   Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as compound and containing multiple subparts. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 12**

Describe all facts and circumstances relating to your compliance (or lack thereof) with 35 U.S.C. § 287 with respect to the Asserted Patents, including stating whether You, any prior owners of the Asserted Patents, and/or any licensees of the Asserted Patents have complied with 35 U.S.C. § 287, identifying all products made or sold by You or a licensee that practice any claim of an Asserted Patent, identifying all products made or sold by You or a licensee

that have been marked with an Asserted Patent, identifying the dates over which the products have been marked, identifying all documents showing any such markings, identifying all efforts or steps taken by You to ensure that any licensees of the Asserted Patents have complied with 35 U.S.C. § 287, and identifying people knowledgeable of any such compliance or non-compliance.

## RESPONSE TO INTERROGATORY NO. 12:

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Headwater is not aware of any unmarked products that practice the patents-in-suit sold in the United States. Headwater has engaged in reasonable efforts to mark articles which may practice its issued patents, including, for example, requiring its licensee, ItsOn, to mark ItsOn articles with the patent numbers of Headwater's issued patents practiced by said articles. For example, the ItsOn application included a link to http://www.itsoninc.com/patent-notices, which provided notice of Headwater's patents. Consistent with these efforts, Section 3.7 of the Amended and Restated License Agreement between Headwater and ItsOn, effective July 31, 2017, provided

that: "Licensee shall mark each Licensed Product it licenses or distributes pursuant to this Agreement in accordance with Section 287 of Title 35 of the United States Code, and/or any other applicable patent statutes or regulations in the country or countries of manufacture, sale, distribution, or license thereof, indicating the issued HWR Patents that would, in the absence of the license, be infringed by such Licensed Product or the making, using, selling or importing thereof." Further, numerous devices designed and manufactured by Samsung for sale within the United States (e.g., through Sprint) were specifically marked with Headwater patent numbers through Samsung's inclusion of the ItsOn application in those devices.

Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce. Responsive information may also be ascertained from documents and information in Defendants' possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 13**

Identify and describe in detail all factual bases for Your contention that Defendants' infringement has been willful.

**RESPONSE TO INTERROGATORY NO. 13:**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this

25

Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Headwater incorporates by reference its Complaints, infringement contentions, and responses to Interrogatory No. 9.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

## INTERROGATORY NO. 14

Identify and describe in detail all communications with any Third Parties relating to any of Your lawsuits relating to patent infringement, and/or relating to the patents or their family members.

## RESPONSE TO INTERROGATORY NO. 14:

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.   Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this

Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce. Responsive information may also be ascertained from documents and information in Defendants' possession, custody, or control.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 15**

Describe in detail the complete history of ItsOn's efforts to develop its technology and/or work with T-Mobile or any Third Parties to commercialize it.

**RESPONSE TO INTERROGATORY NO. 15:**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome. Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal all of its proof or any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Headwater incorporates by reference its Complaints, infringement contentions, and responses to Interrogatory No. 9.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 16**

Identify and describe in detail all ItsOn products that embody or practice the Asserted Claims, including each Asserted Claim the product embodies or practices.

**RESPONSE TO INTERROGATORY NO. 16:**

Headwater objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly burdensome.   Headwater further objects to this Interrogatory to the extent that it seeks information in Defendants' possession, custody or control, or that is equally accessible to Defendants from public sources or from third parties. Headwater further objects to this Interrogatory to the extent that it seeks information that is outside of Headwater's possession, custody, and control. Headwater further objects to this Interrogatory as premature and calling for improper discovery of expert opinion. Headwater further objects to this Interrogatory as requiring the determination of predicate legal conclusions. Headwater further objects to this Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows: Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce.

Responsive information may also be ascertained from documents and information in Defendants'

possession, custody, or control. Headwater incorporates by reference its responses to

Interrogatory No. 9.

Discovery in this case is ongoing, and Headwater reserves the right to amend or

supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 17**

Identify and describe in detail the content and timing of every contribution by each
Named Inventor or other individual who contributed to any claim of any Asserted Patent.

**RESPONSE TO INTERROGATORY NO. 17:**

Headwater objects to this Interrogatory to the extent it seeks information that is protected

by the attorney-client privilege, the attorney work product doctrine, or any other applicable

privilege or protection. Headwater further objects that this Interrogatory is overbroad and unduly

burdensome.  Headwater further objects to this Interrogatory to the extent that it seeks

information in Defendants' possession, custody or control, or that is equally accessible to

Defendants from public sources or from third parties. Headwater further objects to this

Interrogatory to the extent that it seeks information that is outside of Headwater's possession,

custody, and control. Headwater further objects to this Interrogatory as premature and calling for

improper discovery of expert opinion. Headwater further objects to this Interrogatory as

requiring the determination of predicate legal conclusions. Headwater further objects to this

Interrogatory as premature to the extent that it seeks to require Headwater to marshal any proof it

intends to rely on at any hearing, trial, submission to the Court, or deposition in this matter.

Subject to and without waiving the foregoing objections, Headwater responds as follows:

In the Fall of 2008, Greg Raleigh founded Headwater Partners I LLC and assumed the role of its

Managing Director. In around the middle of 2008, Dr. Raleigh and Headwater began meeting

with various handset manufacturers, wireless carriers, and electronics retailers to discuss possible business opportunities. Some of these discussions involved providing wireless capabilities for mobile devices. For example, Dr. Raleigh held a number of discussions with Best Buy about these wireless services, including a meeting with Best Buy executives in late September 2008. Best Buy informed Dr. Raleigh that it was interested in obtaining Dr. Raleigh's services to, among other things, help Best Buy create a branded MVNO service strategy for mobile devices.

As a part of Headwater's negotiations with Best Buy in the Fall of 2008 for Dr. Raleigh's services in developing a branded MVNO, Dr. Raleigh concluded that a conventional, centralized equipment MVNO approach would not work well for the things that carriers, OEMs, and distributors wanted to do to compete in the marketplace. Named inventors Dr. Raleigh, James Lavine, and Alireza Raissinia conceived of the inventions of the '541, '543, and '613 Patents as a solution to improving the conventional, centralized MVNO approach used by MVNO operators, which included the use of non-centralized device-assisted services, bandwidth usage notifications, bandwidth shaping and management techniques, and ambient services for mobile devices. Various features of the claimed inventions of the '541, '543, and '613 Patents were conceived of and reduced to practice by the named inventors between Fall 2008 and the filing of U.S. Patent Provisional Application 61/206,354 ("'354 Application") to which these patents claim priority. Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including technical and other documentation reflecting Headwater's designs and inventions during this time period relating to the '541, '543, '613 Patents.

Between Fall 2008 and the filing of the '354 Application, as part of the work discussed above, Dr. Raleigh also conceived of the inventions of the '042 Patent, including mechanisms for

determining that a particular service policy setting of a mobile device needs to be modified, protecting that policy setting, and sending to the mobile device configuration information that assists in modifying or allowing modifications to that policy setting. Pursuant to Rule 33(d), information responsive to the non-objectionable aspects of this interrogatory may be ascertained from documents Headwater has produced or will produce, including technical and other documentation reflecting Headwater's designs and inventions during this time period relating to the '042 Patent.

Discovery in this case is ongoing, and Headwater reserves the right to amend or supplement this response as discovery in this case proceeds.

Dated:   March 4, 2024                          Respectfully submitted,

                                                */s/ Marc Fenster*
                                                Marc Fenster
                                                CA State Bar No. 181067
                                                Email: mfenster@raklaw.com
                                                Reza Mirzaie
                                                CA State Bar No. 246953
                                                Email: rmirzaie@raklaw.com
                                                Brian Ledahl
                                                CA State Bar No. 186579
                                                Email: bledahl@raklaw.com
                                                Ben Wang
                                                CA State Bar No. 228712
                                                Email: bwang@raklaw.com
                                                Paul Kroeger
                                                CA State Bar No. 229074
                                                Email: pkroeger@raklaw.com
                                                Neil A. Rubin
                                                CA State Bar No. 250761
                                                Email: nrubin@raklaw.com
                                                Kristopher Davis
                                                CA State Bar No. 329627
                                                Email: kdavis@raklaw.com
                                                James S. Tsuei
                                                CA State Bar No. 285530
                                                Email: jtsuei@raklaw.com
                                                Philip Wang
                                                CA State Bar No. 262239
                                                Email: pwang@raklaw.com
                                                Amy Hayden
                                                CA State Bar No. 287026
                                                Email: ahayden@raklaw.com
                                                James Milkey
                                                CA State Bar No. 281283
                                                Email: jmilkey@raklaw.com
                                                Jason M. Wietholter
                                                CA State Bar No. 337139
                                                Email: jwietholter@raklaw.com
                                                RUSS AUGUST & KABAT
                                                12424 Wilshire Blvd. 12th Floor
                                                Los Angeles, CA 90025
                                                Telephone: 310-826-7474

                                                **ATTORNEYS FOR PLAINTIFF,**
                                                **Headwater Research LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 4, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

*/s/ Marc Fenster*
Marc Fenster
