# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>Defendants. | Case No. 2:23-cv-00379-JRG-RSP<br><br>**LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>Defendants. | Case No. 2:23-cv-00377-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF AN ORDER FOCUSING PATENT CLAIMS AND PRIOR ART**

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.    BACKGROUND ............................................................................................................. 1

III.    ARGUMENT ................................................................................................................... 4

    A.    T-Mobile's Proposal Is Unreasonable and Unwarranted by the Facts of the Case ...... 4

    B.    Headwater's Cases Against Samsung, Which Involve Different Patents and Different Accused Products, Do Not Support T-Mobile's Proposal for Claim Reduction .......... 8

    C.    T-Mobile's Proposal Is Contrary to This Court's Model Order and Federal Circuit Precedent ...................................................................................................................... 8

IV.    CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Allergan, Inc. v. Teva Pharms. USA*,
  No. 2:15-CV-1455-WCB, 2017 WL 373462 (E.D. Tex. Jan. 26, 2017) ................................... 5

*CogniPower LLC v. Samsung Electronics Co., Ltd.*,
  No. 2:23-CV-00160-JRG, Dkt. 62 (E.D. Tex. Oct. 6, 2023) ....................................................... 5

*In re Katz*,
  639 F.3d 1303 (Fed. Cir. 2011) ..................................................................................... 1, 5, 9

*Intellectual Ventures II LLC v. FedEx Corp.*,
  No. 2:16-CV-00980-JRG, Dkt. 206 (E.D. Tex. Dec. 22, 2017) ................................................ 9

## I. INTRODUCTION

T-Mobile's request for an order focusing patent claims is unreasonable and should be denied. Under T-Mobile's proposal, "Headwater shall immediately serve a Preliminary Election of Asserted Claims which shall assert no more than 10 claims from each patent and not more than a total of 32 claims" Mot. at 2. According to T-Mobile, its proposal is merely a "modified version of the Court's Model Order." *Id.* at 7. But the Court's Model Order does not require a reduction until "the date set for completion of claim construction discovery," which in this case is several months away in September 2024. The trial is a year away in May 2025. Forcing Headwater to drastically reduce the number of asserted claims so early in the case, where little discovery has occurred and where Headwater has not had sufficient opportunity to determine which of its asserted claims will be impacted by T-Mobile's non-infringement and invalidity positions, is highly prejudicial to Headwater's patent rights and contrary to Federal Circuit law, which provides that "claim reduction should not be ordered 'too early in the discovery process.'" *In re Katz*, 639 F.3d 1303, 1309 (Fed. Cir. 2011).

While Headwater is certainly amenable to reducing the number of asserted claims and prior art in this case—and proposed such a mutual reduction to T-Mobile months ago—T-Mobile's request is unreasonable given the stage of the case. The motion should be denied.

## II. BACKGROUND

Headwater filed the complaints in these consolidated cases in August 2023. There are four total asserted patents, each of which generally relate to wireless communications technology. The complaints identify the accused products as mobile electronic devices, including mobile phones and tablets, as well as well as cellular networks, servers, and services. -379 case, Dkt. 1; -377 case, Dkt. 1.

On November 20, 2023, Headwater served its preliminary infringement contentions identifying the asserted claims and accused instrumentalities. Dkt. 58-1. Headwater identified 281 claims across the four asserted patents (averaging approximately 70 claims per patent). *Id.* And while Headwater specifically identified several different models of accused instrumentalities, they all fall into the same general categories of mobile phones, tablets, laptops, wearables, and hotspot devices that utilize Apple or Android software implementing the patented wireless communications technology. *See id.*

On March 19, 2024, Headwater served amended infringement contentions to address certain concerns raised by T-Mobile. Dkt. 59-1; Dkt. 56 (Motion to Amend Infringement Contentions). At T-Mobile's request, Headwater provided six different charts for the '541 patent to separately address Samsung, Apple, Motorola, Google, Nokia, and T-Mobile products. Headwater did the same for the '613 patent. In total, Headwater provided 14 detailed claim charts for the four asserted patents.

T-Mobile served invalidity contentions on January 16, 2024. On February 5, 2024, T-Mobile met and conferred with Headwater regarding amending their invalidity contentions to add new prior art references. T-Mobile filed an unopposed motion to amend its contentions on March 4, 2024 (Dkt. 52), which the Court granted on April 4, 2024 (Dkt. 55).

On February 2, 2024, T-Mobile sent a letter to Headwater with a proposal for narrowing the asserted claims and prior art. Dkt. 58-2. T-Mobile proposed, *inter alia*, that "[b]y February 23, 2024, Headwater shall serve a Preliminary Election of Asserted Claims which shall assert no more than ten claims from each patent and not more than a total of 32 claims." *Id.* at 2. Under T-Mobile's proposal, Headwater would serve a final election of asserted claims of "no more than five asserted

claims per patent … and no more than a total of 16 claims" no later than 28 days before the service of expert reports. *Id.*

The parties had conducted essentially zero discovery at that point aside from exchanging initial disclosures. After meeting and conferring telephonically, Headwater sent a counterproposal, offering a multi-stage mutual narrowing process with the first milestone being Headwater narrowing to no more than 128 total claims by 14 days after submission of the Joint Claim Construction Statement (i.e., by August 23, 2024). Dkt. 58-3 at 8. In other words, Headwater's proposed compromise offered a reduction in the number of asserted claims by over 50% (from 281 to 128, across all four asserted patents) to be made six weeks before the October 4, 2024 deadline for T-Mobile's responsive claim construction brief.

The parties continued to meet and confer, and in an effort to further compromise, Headwater sent another proposal for claim narrowing on February 22, 2024. Dkt. 58-3 at 3. Under that proposal, Headwater would narrow to no more than 192 total claims across all patents no later than 21 days before the parties' exchange of proposed terms for claim construction (i.e., by June 7, 2024). Headwater would narrow to no more than 128 total claims no later than 14 days after submission of the parties' Joint Claim Construction Statement (i.e., by August 23, 2024), and no more than 64 total claims no later than 28 days before the service of opening expert reports (i.e., by November 21, 2024). *Id.*

On March 1, 2024, T-Mobile responded with a counterproposal under which Headwater would serve a First Election of Asserted Claims identifying no more than 24 asserted claims per patent and no more than 96 claims across all patents by March 15, 2024, and a Final Election of Asserted Claims identifying no more than five asserted claims per patent and no more than a total of 16 claims across all patents no later than 28 days before the service of opening expert reports.

3

*Id.* at 2. Given the early stage of the case, Headwater declined T-Mobile's proposal, but reiterated its "agree[ment] that the parties should work together throughout the case to narrow issues for trial." *Id.* T-Mobile filed the instant motion requesting entry of an order focusing patent claims and prior art nearly two months later.

Headwater was and continues to be amenable to narrowing the asserted claims in this case before the DCO's built-in deadline for plaintiff to disclose its final election of asserted claims (set for 10 days before jury selection) and as part of the natural narrowing of claims and defenses over time. But T-Mobile's proposal was premature and unreasonable relative to the stage of the case. At that point, the Court had only recently entered a docket control order, and the parties had conducted almost no discovery. The same remains true today. Neither party has even noticed any depositions. Claim construction is several months away. The deadline to complete claim construction discovery is September 6, 2024, and the Markman hearing is scheduled for November 1, 2024. Dkt. 42.

The fact discovery deadline is December 13, 2024. Opening expert reports are due on December 19, 2024. Dispositive motions are due in February 2025. And the jury trial is a year out, currently set for May 19, 2025. *Id.* Again, Headwater remains amenable to significantly narrowing its case well before the DCO's built-in deadline for claim narrowing (such as in accordance with its counterproposal provided on February 22 (Dkt. 58-3 at 3)), but not under the extreme schedule proposed by T-Mobile.

### III.  ARGUMENT

#### A.  T-Mobile's Proposal Is Unreasonable and Unwarranted by the Facts of the Case

T-Mobile's proposal for the narrowing of asserted patent claims in this case is unreasonable and should be denied. While the Court is within its discretion to limit the number of claims to be

tried in this case, the Federal Circuit has made clear that "*claim reduction should not be ordered 'too early in the discovery process*' because doing so would deny the patentee 'the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses.'" *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *2 (E.D. Tex. Jan. 26, 2017) (quoting *In re Katz*, 639 F.3d 1303, 1309 (Fed. Cir. 2011)) (emphasis added). "A court must exercise the authority to order a reduction in the number of asserted claims with care not to prejudice the patentee, particularly in light of the fact that each of the claims of a patent embodies a property right." *Id.*

For example, in *CogniPower LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-CV-00160-JRG, Samsung filed a Motion for Entry of a Claim Focusing Order requesting that the Court enter its Model Patent Order "due to the expansive nature of the case," wherein plaintiff asserted 193 claims across five patents. *CogniPower*, Dkt. 62 at 1 (E.D. Tex. Oct. 6, 2023). The Court denied the motion as "premature" because Samsung had "not yet produced adequate discovery" to allow plaintiff the "opportunity to determine which of its 193 asserted claims may raise separate issues of infringement and invalidity." *Id.* at 1–2.

The same reasoning applies here. It is far too early in the case to require Headwater to narrow its claims as drastically as T-Mobile proposes. There is still seven months of fact discovery left. Claim construction discovery closes in September, and the Markman hearing is on November 1, 2024—nearly six months away. While it is true that, unlike in *CogniPower*, T-Mobile has served its invalidity contentions (which they recently amended to add additional prior art references), there still has not been sufficient discovery to allow Headwater to determine which of its asserted claims will be impacted by T-Mobile's noninfringement and invalidity positions. T-Mobile's

5

demand that Headwater drop to 32 claims immediately (Mot. at 7) is unreasonable and would severely prejudice Headwater's patent rights. The Court's Model Order does not even contemplate such drastic narrowing so early in the case. Under the Model Order, the patentee is to narrow its case to no more than 32 claims "[b]y the date set for completion of claim construction discovery." Model Order Focusing Patent Claims and Prior Art ¶ 2. The claim construction discovery deadline is not for another four months.

T-Mobile's assertion that it will be "severely prejudiced in its ability to conduct discovery and investigate its defenses" due to the number of asserted claims and accused products (Mot. at 4) fails. Indeed, T-Mobile also contends that "for more than 200 of the Asserted Claims, Headwater's Infringement Contentions contain no unique allegations of infringement." *Id.* Thus, by T-Mobile's own admission, discovery will overlap for more than 70% of the asserted claims. T-Mobile also fails to mention that the vast majority of accused products are simply variations of the same phones, tablets, laptops, wearables, and hotspot devices that utilize Apple or Android software implementing the patented wireless communications technology. For example, some of the accused products include the iPhone 5C, iPhone 5S, iPhone 6, iPhone 6 Plus, iPhone 6S, etc. The discovery for these lines of products will also overlap significantly. In fact, when T-Mobile initially complained about Headwater's first set of infringement contentions, T-Mobile requested that Headwater provide separate claim charts for each manufacturer (e.g., Apple, Samsung, Google, etc.)—not for each individual product model—showing that T-Mobile recognizes this overlap and further undermining T-Mobile's complaints about its discovery burden. Regardless, dropping the number of asserted claims will have little if any impact on the number of accused products that the parties will have to investigate in discovery.

T-Mobile's assertion that the patents in this case present "uncommon complexity" simply because an asserted patent has a lengthy specification of "over 125 columns" and incorporates other patents (Mot. at 4) is nonsensical. T-Mobile fails to explain how the number of columns in the specification bears any relation to the number of asserted claims—because it does not.

T-Mobile also complains about purported deficiencies in Headwater's discovery responses and infringement contentions, "leaving T-Mobile without guidance regarding Headwater's infringement theories to direct discovery." Mot. at 4. Headwater disagrees and believes that its responses and contentions comply with all applicable rules. But to the extent that T-Mobile truly believes that Headwater's responses and contentions are deficient and believes it is unable to understand Headwater's infringement theories, the proper course of action would be to meet and confer and then, if needed, file a motion to compel—not force Headwater to drop nearly 90% of asserted claims at the outset of discovery.

Finally, T-Mobile's claim that it will have the "onerous task of briefing claim construction across over 200 claims across just 30 pages" (Mot. at 5) is simply not true. Under Headwater's most recent proposal, Headwater would narrow to no more than 192 total claims across all patents no later than 21 days before the parties' exchange of proposed terms for claim construction, and to no more than 128 total claims no later than 14 days after submission of the parties' Joint Claim Construction Statement—a reduction of over 50% six weeks before the deadline for T-Mobile's responsive claim construction brief. T-Mobile rejected this proposal. Further, T-Mobile has provided no indication that it actually intends to propose constructions for terms from every single asserted claim, which is highly unlikely. In the event that the number of proposed terms becomes too unwieldy for 30 pages of briefing, the parties can meet and confer to address those concerns. There is no legal basis for forcing Headwater to drop down to 32 claims before the parties even

7

exchange proposed claim terms. The Model Order does not require such a reduction until after claim construction discovery is complete.

### B. Headwater's Cases Against Samsung, Which Involve Different Patents and Different Accused Products, Do Not Support T-Mobile's Proposal for Claim Reduction

T-Mobile's argument that Headwater is "better positioned than the typical plaintiff" to engage in claim narrowing now because it has been litigating related patents against Samsung since October 2022 (Mot. at 5–6) is without merit. The Samsung cases involve different patents and different products. For example, in Case No. 23-cv-103, Headwater accuses various Samsung Galaxy and television products which implement Samsung Knox, Tizen, and/or push messaging functionality not at issue here. And in Case No. 22-cv-422, Headwater accuses various Samsung Galaxy products of infringing patents not asserted here. No Apple, Motorola, Google, Nokia, or T-Mobile products are accused in the Samsung cases. While there may be some general overlap in certain subject matter and some common accused Samsung products, this minimal overlap does not somehow justify early claim reduction here. The Samsung cases do not provide any insight into *T-Mobile's* noninfringement and invalidity positions for the asserted patents in *this* case.

### C. T-Mobile's Proposal Is Contrary to This Court's Model Order and Federal Circuit Precedent

T-Mobile's assertion that its proposal is simply a "modified version of the Court's Model Order" (Mot. at 7) is a gross exaggeration. As discussed above, the Model Order provides for the first phase of claim reduction to occur after claim construction discovery. T-Mobile demanded the same reduction back in February—many months before the close of claim construction discovery, and before the parties even exchange proposed claim terms. T-Mobile provides no authority to support such drastic claim reduction at this stage of the case. In addition, the Model Order specifically mandates that any "proposed modifications" to its terms must be submitted "by the

8

deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline for service of initial disclosures." T-Mobile's request to modify the Model Order is therefore untimely.

T-Mobile's suggestion that the Model Order provides for claim reduction too late into fact discovery makes no sense, as there is nothing unusual about the schedule in this case. The Court's DCO adopts the schedule that was jointly proposed by *both parties* and is nearly identical to the Court's Sample Docket Control Order for Patent Cases.[1] Dkt. 40-1. Thus, the schedule in this case is consistent with the timing for claim reduction contemplated by the Court's Model Order. T-Mobile's assertion that it is entitled to claim reduction early in the fact discovery period is thus contrary to law. *Katz*, 639 F.3d at 1309 ("claim reduction should not be ordered too early in the discovery process"). Indeed, in *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, the Court denied the defendants' Motion for Entry of a Model Order Focusing Patent Claims at an even later stage of the case, after claim construction was already complete and fact discovery was "essentially closed." *Intellectual Ventures*, Dkt. 206 at 3 (E.D. Tex. Dec. 22, 2017). Though the case "span[ned] five patents, numerous claims, and at least two-dozen products," the Court explained that "[b]oth of these events will only accelerate the natural narrowing of claims that occurs at this stage of the trial process." *Id.* Accordingly, Headwater should not be forced to drop its property rights in its patent claims before it has had an opportunity conduct a sufficient investigation into those claims.

Headwater's counterproposal for narrowing the asserted claims and prior art is more than reasonable and provides for more than 50% reduction in asserted claims well before T-Mobile's

---

[1] https://www.txed.uscourts.gov/sites/default/files/judgeFiles/Patent%20Model%20Docket%20Control%20Order_Updated.docx.

9

responsive claim construction brief is due. The asserted claims will continue to narrow naturally as fact discovery and claim construction progresses. And while Headwater remains amenable to continuing its discussions with T-Mobile regarding a meaningful reduction in asserted claims and prior art, T-Mobile's current proposal is unreasonable and premature given the current stage of the case.

## IV. CONCLUSION

For the foregoing reasons, T-Mobile's motion should be denied. If the Court is inclined to order case narrowing at this time, Headwater respectfully requests that its counterproposal offered to T-Mobile on February 22, 2024 (*see* Dkt. 58-3 at 3) be ordered in place of T-Mobile's proposal.

Dated: May 14, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
Email: bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
Email: bwang@raklaw.com
Dale Chang
CA State Bar No. 248657
Email: dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
Email: pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Kristopher Davis

CA State Bar No. 329627
Email: kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
Email: pwang@raklaw.com
Amy Hayden
CA State Bar No. 287026
Email: ahayden@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
Email: jwietholter@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

*Attorneys for Plaintiff Headwater Research LLC*

.

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Marc Fenster*
Marc Fenster