# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00379-JRG-RSP |
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00377-JRG-RSP |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR ENTRY OF AN ORDER FOCUSING ASSERTED PATENT CLAIMS AND PRIOR ART**

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT .................................................................................................................. 2

   A.  Claim Narrowing is Appropriate Now ................................................................ 2

   B.  Headwater Will Not be Prejudiced by Early Narrowing ..................................... 3

   C.  Headwater Has Not Proposed a Realistic Alternative ........................................ 5

III. CONCLUSION ............................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Allergan, Inc. v. Teva Pharms. USA*,
    No. 2:15-CV-1455-WCB, 2017 WL 373462 (E.D. Tex. Jan. 26, 2017) ...................................4

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Headwater's Nov. 11, 2023 Disclosure of Asserted Claims and Infringement Contentions |
| 2 | Headwater's Mar. 19, 2023 Amended Disclosure of Asserted Claims and Infringement Contentions |
| 3 | Feb. 2, 2024 Letter from K. Dominguez to Marc Fenster |
| 4 | Mar. 4, 2024 Email Chain regarding Claim Narrowing |
| 5 | Excerpt of Ex. A to Headwater's Mar. 19, 2023 Amended Disclosure of Asserted Claims and Infringement Contentions |
| 6 | Excerpt of Ex. C to Headwater's Mar. 19, 2023 Amended Disclosure of Asserted Claims and Infringement Contentions |
| 7 | Excerpt of Ex. D to Headwater's Mar. 19, 2023 Amended Disclosure of Asserted Claims and Infringement Contentions |
| 8 | Headwater's Mar. 3, 2024 Objections and Responses to T-Mobile's First Set of Interrogatories |

## I. INTRODUCTION

Headwater does not dispute that narrowing is necessary in this case. Opp. at 1. The only disputes are by when and how much the parties should narrow the asserted claims and prior art. T-Mobile's proposal largely mirrors the Court's Model Order, the sole difference being that the first round of narrowing occurs sooner. This is a reasonable compromise to address the prejudice to T-Mobile from Headwater's choice to assert an extreme number of claims against a massive array of products for which it provided substantially overlapping infringement contentions.

Headwater's complaints that it is "too early" to engage in narrowing is disingenuous. Headwater sued T-Mobile last August; the parties have already made substantial document productions and served amended infringement and invalidity contentions. Headwater also ignores its own role in creating the prejudice to T-Mobile that requires this early narrowing. Headwater is asserting 281 claims against more than 200 products. 98% (*i.e.*, 277) of the asserted claims are dependent claims. And for well over 200 of those dependent claims, Headwater has no unique allegations of infringement. By electing to sue on hundreds of claims but providing virtually no information to differentiate them, Headwater has left T-Mobile in the dark.

Nor will Headwater be prejudiced by T-Mobile's proposed narrowing schedule. Headwater itself contends that discovery will "overlap" for a large majority of its asserted claims, including all of the claims with no substantive infringement allegations. In addition, Headwater has already had more than a year of discovery on the accused Samsung devices on the same features (e.g., Data Saver, Battery Saver) it accuses of infringement in this case. Put simply, this is not the normal case where a Plaintiff needs time to investigate its theories and determine which claims to pursue at trial—Headwater has already admitted that the majority of its asserted claims "overlap" and has already had ample discovery into many of the same products it accuses in this case. Headwater would thus experience minimal, if any, prejudice from early narrowing.

## II. ARGUMENT

### A. Claim Narrowing is Appropriate Now

T-Mobile's narrowing request is not "premature" (Opp. at 4), and is instead timed to ensure that the Court and the parties focus resources and argument on the claims (from among the hundreds Headwater is currently asserting) that Headwater is most likely to bring to trial.

Contrary to Headwater's representations, there has been substantial discovery between the parties already. T-Mobile produced thousands of core technical documents to Headwater detailing the operation of the accused products at the P.R. 3-4 deadline for technical productions over four months ago. Headwater has had T-Mobile's Invalidity Contentions for that long as well, and Headwater itself has already been afforded an opportunity to amend its Infringement Contentions. Additionally, Headwater has already *deposed* one of the witnesses identified in T-Mobile's disclosures as knowledgeable about "the operation and function of the accused instrumentalities" after Headwater served a deposition subpoena from its parallel litigation against Samsung. Headwater does not identify anything it still needs from T-Mobile that requires more time.

Against this backdrop, T-Mobile's proposal specifically seeks to reduce the claims and prior art to a reasonable, manageable number to ensure that the Court's and parties' resources are not wasted, including in preparation for the claim construction process. Specifically, T-Mobile's proposal imposes the same narrowing requirements as the Court's Model Order (unlike Headwater's counterproposal)—the only difference is that the first steps happen sooner. While Headwater is correct that "the Court's Model Order does not require a reduction until 'the date set for completion of claim construction discovery,'" (Opp. at 1), T-Mobile's request is not premature given the exceedingly large number of asserted claims and accused products in this case.

Indeed, the Model Order specifically encourages claim narrowing "based on case-specific factors such as commonality among asserted patents, the number and diversity of accused

2

products, the complexity of the technology, the complexity of the patent claims, and the complexity and number of other issues in the case that will be presented to the judge and/or jury." Model Order, 1.  And as explained in T-Mobile's opening brief, the unusually late *Markman* hearing date means that the first round of narrowing under the Model Order would not occur until after most of fact discovery had already elapsed.  Br. at 8.  Headwater simply cannot dispute that valuable resources will be wasted by the Court and parties if claim reduction does not occur until the date set for completion of claim construction discovery.  For instance, both parties would be required to identify proposed claim terms across hundreds of claims, even though Headwater admits that in substance its claims are largely overlapping.  Opp. at 7.

T-Mobile believes its narrowing proposal conforms with the goals of the Model Order and is a reasonable compromise to streamline this case.  Nonetheless, T-Mobile remains open to any alternative that will materially reduce the number of asserted claims (and prior art references) in advance of the claim construction process.

### B.  Headwater Will Not be Prejudiced by Early Narrowing

Headwater next contends that T-Mobile's proposal "would severely prejudice Headwater's patent rights."  Opp. at 6.  Narrowing in advance of what is contemplated by the Model Order may not typically be warranted, but Headwater is not in the position of a typical patent plaintiff, and is in fact substantially better positioned to engage in the early narrowing proposed by T-Mobile.

As explained in Defendants' opening brief, Headwater has already had more than a year of discovery from Samsung that is directly relevant to Headwater's infringement theories in this case. Headwater attempts to brush this away as "minimal overlap" of "certain subject matter and some common accused Samsung products," while simultaneously arguing no prejudice from its excessive claims because discovery for the accused products will "overlap significantly."  Opp. at 6, 8. Moreover, Headwater accuses the *same* features (e.g., Data Saver, Battery Saver) for every

3

accused Android device—whether manufactured by Samsung, Motorola, Google, or Nokia—features Headwater accuses of infringement in its litigations against Samsung. *See* Br. At 6 (citing Ex. 5–7). Headwater contends its infringement contentions are sufficient, but has yet to make any effort to seek discovery on the particular implementations from any of the manufacturers.

Additionally, Headwater has essentially admitted that it would not be prejudiced if required to drop asserted claims in the near term. Headwater asserts that "discovery will overlap for more than 70% of the asserted claims" because, for those claims, Headwater's Infringement Contentions contain no unique allegations of infringement. Opp. at 6. By Headwater's own admission,[1] therefore, most of its asserted claims are duplicative. But if all Headwater is being asked to do is drop duplicative claims, then it should not be heard to complain that this would somehow "severely prejudice Headwater's patent rights." Opp. at 6. Moreover, Headwater has had T-Mobile's invalidity contentions for months, further confirming that narrowing now will not "deny the patentee the 'opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *2 (E.D. Tex. Jan. 26, 2017).

T-Mobile is currently prejudiced by Headwater's unreasonable refusal to materially narrow the issues in this case. Headwater cannot credibly claim prejudice to itself from narrowing when it elected to assert an unreasonable amount of claims, but simultaneously contends that the facts to substantiate infringement on a majority of those claims would be "overlapping."

---

[1] Headwater asserted that T-Mobile "recognizes th[e] overlap" in accused products based on its request for manufacturer-specific infringement contentions. Opp. at 6. To the contrary, Headwater's amended contentions still fail to demonstrate that the products it has charted are representative. In any event, Headwater acknowledges that its infringement theories substantially overlap with the Samsung products for which it has completed fact discovery.

4

### C. Headwater Has Not Proposed a Realistic Alternative

Headwater's counterproposal is not a reasonable approach to claim narrowing in this case:

| Headwater's Proposal | Model Order |
|---|---|
| Preliminary Election of **192** asserted claims By June 7, 2024 (21 days before exchange of proposed terms for claim construction) | |
| Preliminary Election of **128** asserted claims By August 23, 2024 (14 days after Joint Claim Construction Statement) | Preliminary Election of **32** asserted claims By September 6, 2024 (completion of claim construction discovery) |
| Final Election of **64** asserted claims By November 21, 2024 (28 days before opening expert reports) | Final Election of **16** claims By November 19, 2024 (28 days before opening expert reports) |

While Headwater's proposal would technically achieve a first "reduction" in the number of asserted claims earlier than the Model Order—while also permitting it to retain *six times* as many claims—it would also permit Headwater to continue to assert *at least four times* as many claims through to trial.

Nor would Headwater's proposal achieve a meaningful reduction in asserted claims in the near term. It is only due to Headwater's initial gamesmanship in asserting almost 300 claims that Headwater can now pretend to offer a "reduction" of approximately 90 asserted claims while leaving T-Mobile in functionally the same position as if no narrowing had occurred at all. Put simply, a "reduction" from 281 to 192 asserted claims, even earlier than the Model Order would otherwise require narrowing, will be of minimal benefit to T-Mobile in focusing discovery and investigating invalidity and non-infringement. And this is to say nothing of the eventual prejudice to T-Mobile in heading to trial based on Headwater's "final" election of **sixty-four claims.**

### III. CONCLUSION

For the foregoing reasons, T-Mobile respectfully requests that the Court enter T-Mobile's proposed schedule for narrowing Headwater's asserted claims and T-Mobile's asserted prior art.

| | |
|---|---|
| Dated: May 22, 2024 | Respectfully Submitted, |

/s/ Katherine Q. Dominguez
Katherine Q. Dominguez
kdominguez@gibsondunn.com
Josh A. Krevitt
jkrevitt@gibsondunn.com
Brian Rosenthal
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Fax: (212) 351-4035

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
Telephone: (214) 698-3100
Fax: (214) 571-2900

Andrew Robb
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Ave
Palo Alto, CA 94301
Telephone: (650) 849-5334
Fax: (650) 849-5034

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Fax: (903) 934-9257

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Melissa R. Smith*
Melissa R. Smith
