# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>Defendants. | Case No. 2:23-cv-00379-JRG-RSP<br><br>**LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>Defendants. | Case No. 2:23-cv-00377-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO FOCUS PATENT CLAIMS**

I. **Headwater's Updated Offer in Light of This Court's Recent Order**

On the date of this sur-reply, the Court issued an Order to focus patent claims and prior art in another Headwater case involving the same asserted patents and claims at issue here. *See Headwater Research LLC v. Verizon Communications, Inc.*, No. 2:23-cv-00352-JRG-RSP, Dkt. No. 68 (E.D. Tex. May 29, 2024). In light of this guidance from the Court on essentially the same issues here, Headwater offered a stipulation to T-Mobile that the parties here would agree to the terms of the Court's Order in the Verizon case, if T-Mobile would agree to withdraw its motion. T-Mobile refused, despite T-Mobile being represented by the same counsel representing Verizon. Headwater submits this sur-reply because T-Mobile's proposal here (which is identical to what Verizon proposed) is inconsistent with the Order entered by the Court in the Verizon case.

II. **T-Mobile's Proposal Is Unreasonable**

The primary basis for T-Mobile's request to immediately narrow to 32 asserted claims was that discovery would be unmanageable. Mot. at 4–5. Now T-Mobile asserts that "substantial discovery" between the parties already occurred, and that T-Mobile has already produced "thousands of core technical documents." Reply at 2. T-Mobile also does not dispute that discovery will overlap for more than 70% of the claims. *Id.* at 4. Nor does it dispute that discovery for the accused products will also overlap significantly, and that claim reduction will not affect the number of accused products in any event. Thus, there can be no legitimate dispute that forcing Headwater to immediately cut nearly 90% of its claims at this early stage would severely prejudice Headwater's patent rights, with little if any reduction in T-Mobile's discovery burden. In other words, T-Mobile's main argument supporting claim reduction fails.

T-Mobile now suggests that Headwater has everything that it needs regarding the operation and function of the accused instrumentalities here because it briefly deposed *one* T-Mobile witness

1

in the *Samsung* case in relation to third-party subpoenas served there. Reply at 2. Not so. That deposition focused on a prior art device from 2008 and work that T-Mobile and its predecessor Sprint did in 2015-2016. The deposition did not address the operation of the accused products and features here, which notably include Apple, Motorola, Google, and Nokia products having nothing to do with the Samsung case. Nor were any of the patents asserted here at issue in the Samsung case. There is still seven months of fact discovery left and Headwater's investigation of the accused products and the prior art is ongoing. No depositions have been taken in *this case*. Headwater is also entitled a sufficient opportunity to investigate the operation of the products and features accused here, as well as T-Mobile's noninfringement theories, which will almost certainly be impacted by its claim construction positions. Headwater has had no such opportunity. Instead, T-Mobile focuses solely on its invalidity contentions. But Headwater is entitled to investigate T-Mobile's invalidity *and noninfringement* positions before claim reduction is ordered. *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-CV-1455-WCB, 2017 WL 373462, at *2 (E.D. Tex. Jan. 26, 2017). The mere fact that T-Mobile has produced technical documents and that Headwater has taken one very limited deposition on different issues in a different case concerning different patents is not grounds for early claim reduction.

      T-Mobile attempts to justify this marked departure from the Court's Model Order (and the Verizon Order) by pointing to the "case-specific factors" outlined in footnote 1 of the Order. But those factors are aimed toward further reduction of the *number* of asserted claims—not accelerating the *timing* of claim reduction. *See* Model Order at 1 n.1 ("The parties are encouraged to discuss limits lower than those set forth in this Model Order based on case-specific factors…"). Nothing in the Model Order supports an immediate reduction to 32 total claims across four patents before substantive fact discovery. In addition, the Model Order specifically mandates that any

2

"proposed modifications" to its terms must be submitted "by the deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline for service of initial disclosures." T-Mobile's request to modify the Model Order is therefore untimely.

T-Mobile fails to show that the case-specific factors support its proposal, in any event. Instead, T-Mobile continues to assert that the *Markman* hearing date is "unusually late." Reply at 3. This is simply not true. T-Mobile does not dispute that the DCO was jointly proposed by *both parties* and is nearly identical to the Court's Sample Docket Control Order for Patent Cases. *See* Dkt. 40-1. In other words, the schedule in this case is consistent with the timing for claim reduction contemplated by the Court's Model Order. While T-Mobile asserts that "valuable resources will be wasted … if claim reduction does not occur until the date set for completion of claim construction discovery" (Reply at 3), the Model Order purposely allows for full claim construction discovery prior to claim reduction.

T-Mobile's assertion that "both parties would be required to identify proposed claim terms across hundreds of claims" (*id.*) is also without merit. T-Mobile has provided no indication that it actually intends to propose constructions for terms from every single asserted claim, which is highly unlikely. But in the event that the number of proposed terms becomes too unwieldy for 30 pages of briefing, the parties can meet and confer to address those concerns. There is no legal basis for forcing Headwater to drop down to 32 claims before the parties even exchange proposed claim terms. The Model Order does not require such a reduction until after claim construction discovery is complete.

### III. T-Mobile's Proposal Is Unduly Prejudicial and Inconsistent with the Court's Model Order

T-Mobile's heavy reliance on the discovery in the Samsung cases fails for the reasons set forth in Headwater's opposition—namely, that they involve completely different patents, different

3

products, and different functionalities. While it is true there is some overlap in accused products and functionalities, again, the Samsung cases involve *only Samsung products*. They do not involve the accused Apple, Motorola, Google, Nokia, or T-Mobile products. Moreover, the discovery in the Samsung cases say nothing about *T-Mobile's* noninfringement and invalidity positions in *this case*.

T-Mobile's assertion that Headwater admitted that "most of its asserted claims are duplicative" and thus it will not be prejudiced because "all Headwater is being asked to do is drop duplicative claims" (Reply at 4) is false and misleading. Headwater never argued that any of the asserted claims are duplicative—just that discovery would overlap for most of the asserted claims and accused products. Each asserted claim "embodies a property right," and forcing Headwater to give up those rights this early into the litigation without a sufficient basis for doing so is inherently prejudicial. *Allergan*, 2017 WL 373462, at *2. As the movant, it is T-Mobile's burden to set forth legitimate reasons for why early claim reduction is necessary. But all T-Mobile has done here is make unsubstantiated claims about its discovery and claim construction burdens.

| | |
|---|---|
| Dated:  May 29, 2024 | Respectfully submitted,<br><br>*/s/ Marc Fenster*<br>Marc Fenster<br>CA State Bar No. 181067<br>Email: mfenster@raklaw.com<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Email: rmirzaie@raklaw.com<br>Brian Ledahl<br>CA State Bar No. 186579<br>Email: bledahl@raklaw.com<br>Ben Wang<br>CA State Bar No. 228712<br>Email: bwang@raklaw.com<br>Dale Chang<br>CA State Bar No. 248657<br>Email: dchang@raklaw.com<br>Paul Kroeger<br>CA State Bar No. 229074<br>Email: pkroeger@raklaw.com<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Email: nrubin@raklaw.com<br>Kristopher Davis<br>CA State Bar No. 329627<br>Email: kdavis@raklaw.com<br>James S. Tsuei<br>CA State Bar No. 285530<br>Email: jtsuei@raklaw.com<br>Philip Wang<br>CA State Bar No. 262239<br>Email: pwang@raklaw.com<br>Amy Hayden<br>CA State Bar No. 287026<br>Email: ahayden@raklaw.com<br>Jason M. Wietholter<br>CA State Bar No. 337139<br>Email: jwietholter@raklaw.com<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br><br>*Attorneys for Plaintiff*<br>*Headwater Research LLC* |

5

## CERTIFICATE OF SERVICE

  I hereby certify that on May 29, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

                /s/ *Marc Fenster*
                Marc Fenster