**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 2:23-cv-00379-JRG-RSP |
| T-MOBILE USA, INC. AND SPRINT CORP., | |
| *Defendants*. | |
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 2:23-cv-00377-JRG-RSP |
| T-MOBILE USA, INC. AND SPRINT CORP., | |
| *Defendants*. | |

**DEFENDANTS' MOTION TO STRIKE AND COMPEL SUPPLEMENTATION OF
HEADWATER'S AMENDED INFRINGEMENT CONTENTIONS**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................1

II.     BACKGROUND .................................................................................................1

III.    LEGAL STANDARD...........................................................................................4

IV.     ARGUMENT .....................................................................................................5

        A.      Headwater Does Not Allege How the Six Charted End-User Devices Are
                Representative of All 200-Plus Asserted Products, Which Should Be
                Stricken ................................................................................................5

        B.      Headwater's Contentions Fail to Chart, or Even Identify, Purportedly
                Accused Network-Side Products, Which Should Be Stricken ...............................6

        C.      Headwater's Contentions with Respect to the Vast Majority of Asserted
                Dependent Claims Are Deficient and Should Be Stricken .....................................8

        D.      Headwater Must Supplement the Remaining Allegations in Its Contentions ........10

                1.      Headwater's Contentions Fail to Link the Evidence to the Claims................10

                2.      Headwater Improperly Mixes and Matches Accused Functionalities ...........13

V.      CONCLUSION ................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Comput. Acceleration Corp. v. Microsoft Corp.*,
  503 F. Supp. 2d 819 (E.D. Tex. 2007)...................................................................4

*Connectel, LLC v. Cisco Sys., Inc.*,
  391 F. Supp. 2d 526 (E.D. Tex. 2005)...................................................................4

*Huang v. Big Data Supply, Inc.*,
  21-CV-282 (C.D. Cal. 2021)...................................................................................8

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006)..............................................................................5

*Rapid Completions LLC v. Baker Hughes Inc.*,
  No. 6:15-CV-724, 2016 WL 3407688 (E.D. Tex. June 21, 2016).............. 8, 10, 12

*Realtime Data, LLC v. Rackspace US, Inc.*,
  No. 616-CV-00961-RWS-JDL, 2017 WL 1927749 (E.D. Tex. May 10, 2017)........ 10, 11, 13

*Rockstar Consortium U.S. LP v. ASUSTeK Comput., Inc.*,
  No. 2:13-CV-894-JRG, 2014 WL 3735831 (E.D. Tex. Jul. 28, 2014), *vacated on other grounds*, 588 F. App'x 988 (Fed. Cir. 2014) ..........................................6

*SmartPhone Techs. LLC v. HTC Corp.*,
  No. 10-CV-580-LED-JDL, 2012 WL 1424173 (E.D. Tex. Mar. 16, 2012) ...........4

*Traxcell Techs., LLC v. Huawei Techs. USA Inc.*,
  No. 2:17-cv-00042, 2017 WL 6559256 (E.D. Tex. Dec. 21, 2017)........... 4, 11, 13

*Traxcell Techs., LLC v. Samsung Elecs. Am., Inc.*,
  No. 17-CV-00042-RWS-RSP, 2017 WL 11843292 (E.D. Tex. Sept. 8, 2017).......................9

*UltimatePointer, LLC v. Nintendo Co.*,
  No. 11-CV-496, 2013 WL 12140173 (E.D. Tex. May 28, 2013)............. 4, 5, 6, 14

*Uniloc 2017 LLC v. Google LLC*,
  No. 2:18-cv-497-JRG-RSP (E.D. Tex. Mar. 27, 2020)...................................6, 10

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Headwater or Plaintiff | Plaintiff Headwater Research LLC |
| T-Mobile | Defendants T-Mobile USA, Inc. and Sprint Corp. |
| Asserted Patents | U.S. Patent Nos. 8,589,541, 8,924,543, 9,198,042 and 9,215,613 |
| '541 Patent | U.S. Patent No. 8,589,541 |
| '543 Patent | U.S. Patent No. 8,924,543 |
| '042 Patent | U.S. Patent No. 9,198,042 |
| '613 Patent | U.S. Patent No. 9,215,613 |
| P.R. | Local Patent Rule |
| OTA | Over The Air |
| FOTA | Firmware Over The Air |

## TABLE OF EXHIBITS

| Ex. | Description |
|:---:|---|
| 1 | Plaintiff Headwater Research LLC's Disclosure of Asserted Claims and Infringement Contentions (November 20, 2023) |
| 2 | February 1, 2024 Letter from K. Dominguez to M. Fenster |
| 3 | June 12, 2024 Letter from K. Dominguez to M. Fenster |
| 4 | Plaintiff Headwater Research LLC's Amended Disclosure of Asserted Claims and Infringement Contentions (March 19, 2024) |
| 5 | April 8, 2024 Email from C. Sim |

## I.      INTRODUCTION

Even after the Court granted Headwater leave to serve amended infringement contentions in this case, the amended contentions remain deficient in virtually all respects.  Specifically, Headwater's contentions:

1.  Address only a tiny subset of the Accused Products with no attempt to explain how or why this subset of products may be representative of the hundreds of other Accused Products;

2.  Fail to provide any allegations whatsoever for more than 200 asserted dependent claims;

3.  For two of the Asserted Patents, fail to reasonably articulate the Accused Products in any manner sufficient to guide discovery; and

4.  Improperly mix together unrelated accused functionalities without articulating which, if any, claim language each functionality purportedly maps to in claim charts.

For the few accused products that Headwater has made any effort at all to chart against the asserted claims—*i.e.* five Android devices and one iOS device—Headwater must supplement its contentions to conform with local P.R. 3-1.  But Headwater's allegations must be stricken as to the hundreds of other devices, network elements and functionalities that it purports to accuse but makes no effort to chart (or even sufficiently identify), and as to the hundreds of dependent claims that it asserts are infringed based on no evidence whatsoever.

Headwater has no justification for these failures.  T-Mobile consented to Headwater amending its contentions once after T-Mobile identified deficiencies more than six months ago. Headwater squandered that opportunity and made only superficial changes that resolved none of the underlying problems.  Headwater's deficient contentions have prevented T-Mobile from meaningfully investigating both non-infringement and invalidity, and this lack of clarity is impeding the efficient conduct of discovery and claim construction in this case.

## II.     BACKGROUND

On August 2023, Headwater filed two suits accusing T-Mobile of infringing the Asserted

Patents.  The '541 and '613 Patents claim aspects of a "wireless end-user device."  The '543 Patent claims "[a] network service plan provisioning system communicatively coupled to a wireless end-user device over a wireless access network," and the '042 Patent claims are directed to a method comprising, among other things, "receiving . . . a report from a wireless end-user device" and "sending configuration information to the wireless end-user device."

On November 20, 2023, Headwater served infringement contentions identifying 281 asserted claims across the Asserted Patents.  Ex. 1 (Headwater **Initial** Inf. Conts.).  Headwater identified the same Accused Products for each patent: "smartphones, basic phones, tablets, laptops, and hotspot devices sold . . . or used by T-Mobile for use with T-Mobile's wireless network services," *id.* at 2–8, or more specifically, an identical list of over 240 end-user devices of various types (*i.e.* "[p]hones, tablets, wearables, and devices") "comprising Apple software" or "Android software." *Id.*  Headwater also included a generic reference to "[s]ervers, hardware, software, and services . . . comprising T-Mobile's wireless network services functionality" for each patent. *Id.* Headwater served only one claim chart for each patent, despite accusing hundreds of products.

In February 2024, T-Mobile notified Headwater of the deficiencies in its contentions. Among other things, T-Mobile noted that the contentions' generic recitation of "[s]ervers, hardware, software, and services" was insufficient, that the contentions "include . . . no linkage or analysis" between the asserted claims and the accused products sufficient to provide notice of Headwater's theories of infringement, that Headwater had not provided any explanation that the products it elected to chart were representative of all Accused Products and that Headwater had provided no substantive infringement allegations at all for the vast majority of dependent claims. *See* Ex. 2 (Feb. 1, 2024 Ltr.); Ex. 3 (June 12, 2024 Ltr.).

In March 2024, Headwater served Amended Infringement Contentions without leave of

Court.  The amended contentions attempted to correct the deficiencies in two ways.  Headwater amended its generic accusation of "servers" to "include[e] . . . 'FOTA Update Server,' 'FOTA' 'OTA Server'" in its cover pleading, *see* Ex. 4 (Headwater **Amended** Inf. Conts) at 3–7, but its claim charts do not mention any of these servers.  In addition, for the '541 and '613 Patents, Headwater served a claim chart for each manufacturer of an Accused Product—*i.e.* one each for Apple, Samsung, Motorola, Google, Nokia and T-Mobile.  But each of these charts identify only one specific device,[1] they do not address any differences between the relevant operating system (iOS and Android) and any accused versions thereof, and they make no allegations of representativeness, much less explain how, for instance, a phone is representative of a watch.

In April 2024, Headwater belatedly filed a motion for leave to amend its infringement contentions, which the Court granted.  Dkt. 56, 57.  T-Mobile consented to the amendment, but it noted that the amended contentions still did not address the deficiencies in the original contentions.  Ex. 5 (Apr. 8 2024 C. Sim email).  In June 2024, T-Mobile wrote to Headwater again, explaining in detail that Headwater's amended infringement contentions still (1) failed to link its purported evidence to the claim terms, (2) did not show the products it charted were representative of the hundreds of others it accused, (3) improperly mixed together different accused products and functionalities in a single claim chart, (4) failed to provide contentions for well over 200 asserted claims, and (5) ***still*** failed to identify the accused "network components" with any degree of specificity.  Ex. 3 (June 12, 2024 K. Dominguez Ltr.) at 1–3.

After several follow-up emails by T-Mobile, the parties met and conferred on July 24, 2024, during which counsel for T-Mobile outlined the above deficiencies in Headwater's contentions.

---

[1] Specifically, the "iPhone 15 Pro" from Apple, (Ex. B), the "Galaxy S23" from Samsung (Ex. A), the "Google Pixel 7" from Google (Ex. D), the "razr+ 2023" from Motorola (Ex. C), the "G310 5G" from Nokia (Ex. E), and the "Revvl 6x PRO 5G" from T-Mobile (Ex. F).  *See* Ex. 4.

The parties met and conferred again on August 1, 2024 with lead and local counsel.[2]

## III.    LEGAL STANDARD

The purpose of infringement contentions to require a Plaintiff "to solidify, to the best it can at this stage, the theory of how the accused products infringe the asserted claims." *See Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-cv-00042, 2017 WL 6559256, at *4 (E.D. Tex. Dec. 21, 2017); *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases.").

Specifically, P.R. 3-1 requires that infringement contentions "set forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement" and include "chart[s] identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(a), (c). "[A] party may not rely on vague, conclusory language or simply mimic the language of the claims." *SmartPhone Techs. LLC v. HTC Corp.*, No. 10-CV-580-LED-JDL, 2012 WL 1424173, at *2 (E.D. Tex. Mar. 16, 2012). Moreover, if a plaintiff elects "to use a single chart applicable to multiple products where separate charts would be identical for each product," the plaintiff "must provide an explanation of the technical and functional identity of the products represented" and "compare each exemplar product to each asserted patent on a claim by claim, element by element basis." *UltimatePointer, LLC v. Nintendo Co.*, No. 11-CV-496, 2013 WL 12140173, at *2, *3 (E.D. Tex. May 28, 2013); *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527–28 (E.D. Tex. 2005) (citation omitted). This Court may

---

[2] During the parties' August 1, 2024 conference, Headwater's counsel indicated that they would move to compel discovery on the accused network-side servers and functionalities. T-Mobile will provide further discovery when Headwater provides "theories of infringement with sufficient specificity to provide defendants with notice of infringement." P.R. 3-1.

impose "just" sanctions for failing to obey the Patent Rules.  *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006).

## IV.   ARGUMENT

### A.   Headwater Does Not Allege How the Six Charted End-User Devices Are Representative of All 200-Plus Asserted Products, Which Should Be Stricken

Headwater charts only six of the Accused Products without alleging how these products are representative of over 240 Accused Products, which include a diverse array of smartphones, watches, and tablets—each capable of running different operating system versions—as well as network equipment.  *See* Ex. 4 (Headwater Amended Inf. Conts) at 2–3.  If Headwater elects to "chart only an exemplar accused infringing product, [Headwater] must provide an explanation of the technical and functional identity of the products represented."  *UltimatePointer*, 2013 WL 12140173, at *3.  Headwater failed to do so.

For the '541 and '613 Patents, Headwater charts a single accused device from each of six different device manufacturers (*i.e.* the Apple iPhone 15 Pro, Samsung Galaxy S23, Google Pixel 7, Motorola razr+ 2023, Nokia G310 5G, and T-Mobile Revvl 6x PRO 5G), with no reference to any specific operating system version (Android or iOS).  But Headwater purports to accuse **hundreds** of devices (including phones, tablets, and watches) from these manufacturers with no explanation or allegation of how the charted devices are representative of the manufacturer's other types of devices.[3]  Headwater does not even attempt to cite to the publicly available source code for iOS and the Android Open Source Project for a good reason—it cannot rely on that source code as being representative for each Android manufacturer or across device-types for either operating

---

[3] Headwater does not meet its burden by merely including screenshots of other kinds of devices (*e.g.*, Apple Watches) in its infringement charts without further explanation of how the charted device is representative of the other devices or how that specific device meets the claim limitations. *See, e.g.*, Ex. 4 (Am. Inf. Conts.), Ex. B at 13.

system.[4]

Moreover, for each of the '543 and '042 Patents, Headwater's amended contentions still include just a single chart, substantively identical to its original chart, that does not identify ***any*** specific end-user device, let alone explain how any device is representative of the hundreds Headwater accuses.  Because Headwater does not even try to "identify how each accused product is technically or functionally equivalent to a charted product," its allegations against uncharted end-user devices should be stricken for all patents.  *UltimatePointer*, 2013 WL 12140173, at *3; *see also Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-497-JRG-RSP, (E.D. Tex. Mar. 27, 2020), Dkt. 235 at 2 (striking contentions where plaintiff had not made "any effort" to "explain how the infringement theory that is charted would apply to uncharted products" or "demonstrate that the charted products are reasonably similar").

## B.     Headwater's Contentions Fail to Chart, or Even Identify, Purportedly Accused Network-Side Products, Which Should Be Stricken

In addition to 200-plus end-user devices, Headwater accuses "[s]ervers, hardware, software, and services leased, owned, supported and/or operated by T-Mobile comprising T-Mobile's wireless network services functionality" for each Asserted Patent.  *E.g.*, Ex. 4 (Am. Inf. Conts.) at 2.  But even after Headwater had the opportunity to amend its contentions, it remains unclear

---

[4] Portions of every version of iOS, including current version 17, are available for public download from Apple.  See https://opensource.apple.com/releases/.  However, Apple Watches have their own operating system called WatchOS.  *See* https://www.apple.com/watchos/watchos-10/.  For Android, each manufacturer has their own specific implementation, and Headwater will ultimately have the burden of proof with respect to source code for each manufacturer.  *See Rockstar Consortium U.S. LP v. ASUSTeK Comput., Inc.*, No. 2:13-CV-894-JRG, 2014 WL 3735831, at *4 (E.D. Tex. Jul. 28, 2014) ("[E]ach defendant mobile phone manufacturer modifies and customizes the Android system to its own particular purpose[.]"), *vacated on other grounds*, 588 F. App'x 988 (Fed. Cir. 2014).  Further, the watches in the Android ecosystem run Wear OS.  *See, e.g.*, https://support.google.com/googlepixelwatch/answer/12651869; https://www.samsung.com/us/support/answer/ANS10003348/.

whether Headwater is accusing end-user devices and if not, what "servers, hardware, software, and services" Headwater accuses.[5]

T-Mobile told Headwater in February 2024 that "[n]o specific servers or other network hardware or software are identified [in the contentions], nor are any network elements mentioned or depicted in the charts attached to Headwater's contentions."  Ex. 2 (Feb. 1, 2024 K. Dominguez Ltr.) at 1.  Headwater's amended contentions made only a superficial attempt to remedy this deficiency.  Specifically, Headwater identified "FOTA Update Server," "FOTA," and "OTA Server" as "[s]ervers, hardware, software, and services leased, owned, supported and/or operated by T-Mobile" in its cover pleading's recitation of Accused Products, citing to technical documents T-Mobile produced.  Ex. 4 (Am. Inf. Conts.) at 3–4.  But none of these specific technologies appear *anywhere* in Headwater's amended charts for any Asserted Patent, so T-Mobile does not even know what patents these servers allegedly infringe.  Ex. 4 (Am. Inf. Conts.) at 4–5.  Headwater does not attempt to show how any of these technologies satisfy the claim limitations, nor does Headwater provide any specificity as to which aspects of those technologies are accused.  Even for the general network-side technologies Headwater cites in its contentions, it does so only in the most superficial and incomplete manner, without explaining how they meet each claim limitation.  For example, for the '042 Patent, Headwater includes a screen capture of an "attach request" (a decades-old technology relating to how phones connect to the network) and similar requests in one claim element, without explaining how those requests meet the other claim limitations or how they connect to the features cited in those other claim limitations.  Ex. 4 (Am. Inf. Conts.), Ex. H at 7–

---

[5] T-Mobile's confusion is exacerbated by Headwater's infringement charts, which define "Accused Instrumentalities" as "smartphones, basic phones, tablets, laptops, and hotspot devices sold . . . or used by T-Mobile in conjunction with T-Mobile's servers, hardware, software, and services . . . comprising T-Mobile's wireless network services," but accuse network-side functionalities for the '543 and '042 Patents.  *See, e.g.*, Ex. 4 (Am. Inf. Conts.), Ex. G at 1.

10.  Similarly, with respect to the '543 Patent, Headwater relies repeatedly on the mere fact that T-Mobile prioritizes certain data in certain circumstances (through the use of QCI levels and plans with premium data), without explaining how that satisfies the claim language.  Ex. 4 (Am. Inf. Conts.), Ex. G at 13–26.

Headwater's contentions fall woefully short of the requirements of P.R. 3-1, which call for Headwater to identify "each accused apparatus, product, device, process, method, act, or other instrumentality" of which it is aware, "by name or model number" or otherwise "as specific[ally] as possible," and to "identify[] specifically where each element of each asserted claim is found within each Accused Instrumentality."  P.R. 3-1(b).  T-Mobile cannot realistically fulfill its discovery obligations—let alone develop its defenses—without this information.   Given Headwater's longstanding failure to provide adequate contentions, its generic allegations against "[s]ervers, hardware, software, and services," as well as its uncharted allegations against "FOTA Update Server," "FOTA," and "OTA Server" should be stricken.  *Rapid Completions LLC v. Baker Hughes Inc.*, No. 6:15-CV-724, 2016 WL 3407688, at *1 (E.D. Tex. June 21, 2016); *e.g.*, *Huang v. Big Data Supply, Inc.*, 21-CV-282, Dkt. 106 (C.D. Cal. 2021), Dkt. 106 (striking infringement contentions identifying only categories of "desktop hard drives," "laptop hard drives," and "server hard drives").

### C.     Headwater's Contentions with Respect to the Vast Majority of Asserted Dependent Claims Are Deficient and Should Be Stricken

For the majority of the 200+ asserted dependent claims, Headwater's contentions contain no unique allegations of infringement, and simply direct the reader to "[s]ee, for example, the disclosures identified for claim 1" (or other claims).[6]  But P.R. 3-1 requires Headwater specifically

---

[6] *See* Ex. 4 (Ex. A, Am. Inf. Conts.) ('541 Patent) cls. 10–23, 26–32, 34–36, 38–76, 78–169, 171–174; Ex. 4 (Ex. G, Am. Inf. Conts.) ('543 Patent) cls. 5, 7, 10, 15, 21–23, 28, 30–33, 35–38, 41–47, 58, 60–61, 63–66, 68–72, 80, 85–92, 96, 98, 99, 112, 113, 120, 121; Ex. 4 (Ex. H, Am. Inf.

identify "where each element of each asserted claim is found within each Accused Instrumentality," including "***all elements of any dependent claim***."  *Traxcell Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 17-CV-00042-RWS-RSP, 2017 WL 11843292, at *1 (E.D. Tex. Sept. 8, 2017) (striking contentions where plaintiff "failed to chart dependent claim limitations").  Headwater's complete failure to articulate its theory for these dependent claims, even after T-Mobile raised this specific issue with Headwater, warrants striking and denying any further leave to amend.

As an example, claim 10 of the '541 Patent depends indirectly from independent claim 1 via claim 9, and recites "a proxy function" performed by an additional software component or application.  '541 Patent, cl. 10.  But even though ***no*** previous claim recites "a proxy function"— and Headwater's contentions ***never*** accuse anything of being a "proxy function"—Headwater's contentions for claim 10 simply parrot the claim language and refer back to disclosures for claims 1-6 and 8-9, citing no additional evidence:

| 10. The non-transitory computer-readable storage medium recited in claim 9, wherein the first software component comprises at least a portion of an application, and wherein the at least one other software component, application, process, function, activity, or service performs a proxy function. | The Accused Instrumentalities comprise "non-transitory computer-readable storage medium recited in claim 9, wherein the first software component comprises at least a portion of an application, and wherein the at least one other software component, application, process, function, activity, or service performs a proxy function." <br><br> *See*, for example, the disclosures identified for claims 1-6, and 8-9. |
|---|---|

Ex. 4 (Am. Inf. Conts.), Ex. A at 104.  Likewise, asserted claim 5 of the '543 Patent depends from independent claim 1 and recites several new elements, including a "policy enforcement priority rule" that appears nowhere in claims 1–4.  '543 Patent, cl. 5.  But Headwater's chart again simply parrots the claim language and refers to other claims, while citing no new evidence.  Ex. 4 (Am. Inf. Conts.), Ex. G at 28.  Headwater takes this same conclusory approach to the asserted dependent

---

Conts.) ('042 Patent) cls. 7, 8, 12; and Ex. 4 (Ex. I, Am. Inf. Conts.) ('613 Patent) cls. 2–11, 14–16, 18–24.

claims identified above.

Headwater has been on notice of these deficiencies for months, before Headwater moved to amend its contentions in April 2024.  *See* Ex. 3 (Feb. 1, 2024 K. Dominguez Ltr.) at 2 (identifying Headwater's "fail[ure] to establish an articulable theory of infringement between the asserted claims and the evidence concerning the accused instrumentalities," and identifying the *Traxcell* decision); *id.* at 1 ("For the vast majority of the asserted dependent claims, Headwater's contentions simply refer to the evidence cited for other asserted claims, without more."). Headwater's complete failure to provide any explanation of its infringement theories—or evidence thereof—for the vast majority of asserted claims warrants striking the allegations as to these claims.[7] *Id., see, e.g.*, *Realtime Data, LLC v. Rackspace US, Inc.*, No. 616-CV-00961-RWS-JDL, 2017 WL 1927749, at *2 (E.D. Tex. May 10, 2017) (striking P.R. 3-1 contentions for parroting claim language); *Rapid Completions*, 2016 WL 3407688, at *5–6 (same); *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-497-JRG-RSP, (E.D. Tex. Mar. 27, 2020), Dkt. 235 at 2 (striking certain accused products from P.R. 3-1 contentions without leave to amend where plaintiff had not made "any effort" to explain how those products purportedly infringed).

### D.   Headwater Must Supplement the Remaining Allegations in Its Contentions

Headwater must supplement its deficient contentions as to the remaining allegations in its contentions with respect to the iPhone 15 Pro, Samsung Galaxy S23, Google Pixel 7, Motorola razr+ 2023, Nokia G310 5G, and T-Mobile Revvl 6x PRO 5G for the '541 and '613 Patents.

### 1.   Headwater's Contentions Fail to Link the Evidence to the Claims

Headwater's contentions make virtually no effort to link the evidence cited to the claim

---

[7] T-Mobile has moved for claim narrowing (Dkt. 58), but the continued lack of clarity throughout the bulk of fact discovery has hindered T-Mobile's ability to properly investigate non-infringement and validity on hundreds of dependent claims.

elements.  Headwater has cited evidence for only the sole independent claim of each asserted patent, plus a handful of dependent claims,[8] but the totality of this "evidence" is screenshots of various features and block citations devoid of any explanation of their relevance, let alone an explanation of what feature or combination thereof allegedly meets the claim elements.  This falls far short of Headwater's P.R. 3-1 obligation to "identify[] specifically where each element of each asserted claim is found within *each* Accused Instrumentality."

Headwater cannot solely rely on unexplained screenshots and document citations to allege infringement.  In *Realtime Data*, this Court struck infringement contentions that did not adequately explain plaintiffs' theories because they "paste[d] screenshots and block quotes of [defendant's] web pages with no explanation of how the accused products satisfy the claim limitations." *Realtime Data*, 2017 WL 1927749, at *1.  The Court ordered the plaintiff "to provide explanation in its contentions for these accused products beyond simply screen shots of [defendant's] documents," including specifying "what aspect of the accused products satisfies each key claim term."  *Id.* at *2.  Here, T-Mobile can only guess at Headwater's theories because Headwater's contentions are filled with citations and screenshots without explanation.  *Id.*; *see also, e.g.*, *Traxcell Techs.*, 2017 WL 6559256, at *4 (striking P.R. 3-1 contentions where it was "impossible to determine what aspects of the defendant's products are alleged to meet the various limitations" because "[t]he claims are set out, and much evidence concerning the accused instrumentalities is included, but ***no clear linkage is established between them***").

In the rare instances where Headwater's charts contain more than citations and screenshots, Headwater merely parrots the claim language and never matches up the cited disclosures to the

---

[8] Specifically, '541 Patent claims 2–9, 24–25, 33, 37, 77, 170; '543 Patent claims 2, 3, 4, 6, 8, 9, 11, 12, 13, 16, 39, 40, 57, 59, 62, 93; '042 Patent claims 2, 3, 4, 5, 6, 9, 13, 14, 16, 17, 18; and '613 Patent claims 12–13, 17.

claim language.  For example, element 1[b] of the '541 Patent recites: "identify a service usage activity of the wireless end-user device, the service usage activity being associated with a first software component of a plurality of software components on the wireless end-user device, the service usage activity comprising one or more prospective or successful communications over a wireless network."  The chart purportedly accusing 70+ accused Samsung products merely states:

> Samsung's "Data Saver," or "Power Saver," "Doze Mode," "App Standby," "Adaptive Battery," and/or "JobScheduler" features apply to *at least some service usage activities associated with a software component comprising prospective or successful communications over a wireless network*.

Ex. 4 (Am. Inf. Conts.), Ex. A at 5.  This single sentence is followed by fourteen pages of screenshots of public documentation—all without further explanation whatsoever as to which functionalities or combinations thereof allegedly infringe.  *Rapid Completions LLC v. Baker Hughes Inc.*, No. 6:15-CV-724, 2016 WL 3407688, at *5–6 (E.D. Tex. June 21, 2016) (striking P.R. 3-1 contentions where "the only additional explanatory text is conclusory and merely parrots the claim language" noting that "identification of evidence alone does not independently satisfy the notice function of the [Local Patent] rules.").  Headwater repeats this pattern for every element of the independent claim of the '541 Patent.  *E.g.*, Ex. 4 (Am. Inf. Conts.), Ex. A at 24 (conclusory assertion "Accused Instrumentalities" meet element 1[c] by parroting claim language), 25–44 (18 pages of screenshots with no explanation).  Headwater's contentions leave T-Mobile in the dark as to what claim language is mapped to each feature.  For instance, despite T-Mobile's complaints, Headwater has yet to identify what the alleged "service usage activities" are in claim 1 of the '541 Patent.

Also, the few dependent claims for which Headwater cites any additional evidence also follow this pattern—*i.e.* screenshots of T-Mobile's website (and third-party sites) and a conclusory assertion that parrots the claim language, with nothing more.  For example, claim 7 of the '541

Patent recites a "service usage activity" that comprises "an intention to launch or start [a] first software component." '541 Patent, cl. 7.  The totality of Headwater's contentions for this claim are a conclusory allegation of infringement that parrots the claim language ("Accused Instrumentalities comprise identifying an intention to launch or start the first software component."), and then fifteen pages of screenshots from T-Mobile and third-party documentation, devoid of explanation.  Ex. 4 (Am. Inf. Conts.), Ex. A at 74–89.

Headwater's contentions fail to provide the "*clear linkage*" between each accused functionalities, the evidence cited, and the claim elements required by P.R. 3-1, and it should be required to supplement.  *Traxell Techs.*, 2017 WL 6559256, at *4; *see also Realtime Data*, 2017 WL 1927749, at *2.

### 2.    Headwater Improperly Mixes and Matches Accused Functionalities

Headwater's contentions also improperly mix together disparate functionalities of the accused products for different claim elements.  As one example, the chart for claim element 1[b] of the '541 Patent refers to various "Samsung's 'Data Saver,' or 'Power Saver,' 'Doze Mode,' 'App Standby,' 'Adaptive Battery,' and/or 'JobScheduler.'"  *See, e.g.*, Ex. 4 (Am. Inf. Conts.), Ex. A at 5.  But for element 1[d], Headwater makes no mention of "Doze Mode," "App Standby," "Adaptive Battery," or "JobScheduler."  *Id.* at 38–48.  Headwater makes no effort to distinguish between the distinct functionalities, and instead simply pastes in pages of screenshots.  *E.g.*, *id.* at 9–22.  And it does not explain how any of these functionalities meet any of the claim limitations, much less content whether Headwater contends each functionality infringes separately or if Headwater contends a combination of the features infringe.  *Id.*  T-Mobile should at least be able to know whether T-Mobile alleges each functionality infringes separately or if they are all required.  T-Mobile has asked for this explicitly, and Headwater has thus far refused to provide it.  Ex. 5 (June 12, 2024 K. Dominguez Ltr.) at 2.

To the extent Headwater accuses different functionalities, it must explain in its contentions how ***each*** accused functionality meets the claim elements. *UltimatePointer*, No. 6:11-CV-496, 2013 WL 12140173 ("[T]he Patent Rules require separate charts for each accused product.").

## V.   CONCLUSION

T-Mobile respectfully requests that the Court:

1.  Strike Headwater's allegations with respect to uncharted end-user devices;

2.  Strike Headwater's allegations with respect to "[s]ervers, hardware, software, and services leased, owned, supported and/or operated by T-Mobile," including "FOTA Update Server," "FOTA," and "OTA Server";

3.  Strike Headwater's allegations with respect to dependent claims for which it offers no substantive contentions, *i.e.* '541 Patent cls. 10–23, 26–32, 34–36, 38–76, 78–169, 171–174; '543 Patent cls. 5, 7, 10, 15, 21–23, 28, 30–33, 35–38, 41–47, 58, 60–61, 63–66, 68–72, 80, 85–92, 96, 98, 99, 112, 113, 120, 121; '042 Patent cls. 7, 8, 12; and '613 Patent cls. 2–11, 14–16, 18–24; and

4.  Require Headwater to supplement its contentions with respect to the accused functionalities of the iPhone 15 Pro, Samsung Galaxy S23, Google Pixel 7, Motorola razr+ 2023, Nokia G310 5G, and T-Mobile Revvl 6x PRO 5G, and to identify what specific functionalit(ies) Headwater accuses as embodying each element of each asserted claim.

14

Dated: August 7, 2024

By:   */s/ Katherine Q. Dominguez*

Katherine Q. Dominguez
kdominguez@gibsondunn.com
Josh A. Krevitt
jkrevitt@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  214.698.3112
Facsimile:  214.571.2910

Andrew W. Robb (CA Bar No. 291438)
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone:  650.849.5334
Facsimile:  650.849.5034

Michelle Zhu
mzhu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:  202.777.9413
Fax:  202.831.6063

Celine Crowson (D.C. Bar No. 0436549A)
**Hogan Lovells**
555 13th St NW,
Washington, DC 20004
Telephone: 202-637-5600
celine.crowson@hoganlovells.com

Tej Singh (California Bar No. 286547)
Yi Zhang (California Bar No. 342823)

Kyle Xu (California Bar No. 344100)
**Hogan Lovells**
4 Embarcadero Center Suite 3500
San Francisco CA, 94111
Telephone: 415-374-2300
tej.singh@hoganlovells.com
yi.zhang@hoganlovells.com
kyle.xu@hoganlovells.com

Deron R. Dacus
ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Phone:  903.705.1117

*Attorneys for T-Mobile*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2024, the foregoing was served upon all counsel of record who have consented to electronic service.

<u>/s/ Katherine Q. Dominguez</u>
Katherine Q. Dominguez

## <u>CERTIFICATE OF CONFERENCE</u>

On August 1, 2024, counsel for T-Mobile, with Kate Dominguez as lead counsel and Deron Dacus as local counsel, met and conferred with counsel for Headwater, with Marc Fenster as lead counsel and Andrea Fair as local counsel.  The parties were unable to reach agreement and have reached an impasse, leaving an open issue for the Court to resolve.  This motion is opposed by Headwater.

<u>/s/ Katherine Q. Dominguez</u>
Katherine Q. Dominguez