

# EXHIBIT 2

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

Kate Dominguez
Direct: +1 212.351.2338
Fax: +1 212.716.0839
KDominguez@gibsondunn.com

February 1, 2024

Marc Fenster
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Re:   *Headwater Research LLC v. T-Mobile USA, Inc., et al.*, Nos. 23-cv-00377 and 23-cv-00379 (E.D. Tex.)

Dear Mr. Fenster:

I write on behalf of T-Mobile USA, Inc. and Sprint Corp. (collectively, "Defendants" or "T-Mobile") regarding the Infringement Contentions served by Plaintiff Headwater Research LLC ("Headwater") on November 20, 2023, in the above-captioned action.

We understand that for each of U.S. Patent Nos. 8,589,541, 8,924,543, 9,198,042 and 9,215,613 (collectively, the "Asserted Patents"), Headwater accuses "smartphones, basic phones, tablets, laptops, and hotspot devices sold (including those sold in bundles with data plans) or used by T-Mobile for use with T-Mobile's wireless network services," and includes a list of accused device models. Nov. 20, 2023 Infringement Contentions at 3–7. The items in these lists are identified as "comprising Apple software" or "Android software" and include solely end-user devices. *Id.* Similarly, each of the claim charts attached to Headwater's infringement contentions identifies the "Accused Instrumentalities" as "smartphones, basic phones, tablets, laptops, and hotspot devices sold (including those sold in bundles with data plans) or used by T-Mobile for use with T-Mobile's wireless network services." *Id.*, Exs. A–D.

Based on these contentions, including the lists of accused devices provided, T-Mobile understands that Headwater accuses solely end-user devices and functionality for each of the Asserted Patents. Nevertheless, Headwater's infringement contentions also include, for each Asserted Patent, a vague reference to "[s]ervers, hardware, software, and services leased, owned, supported, and/or operated by T-Mobile comprising T-Mobile's wireless network services functionality." *E.g.*, *id.* at 3. No specific servers or other network hardware or software are identified, nor are any network elements mentioned or depicted in the charts attached to Headwater's contentions. *See id.*, Exs. A–D.

Headwater's infringement contentions with respect to at least its vague references to "[s]ervers, hardware, software, and services" and "T-Mobile's wireless network" are deficient in that they fail to comply with Local Patent Rule 3-1. P.R. 3-1 requires that the identification of accused instrumentalities "shall be as specific as possible," including the "name or model number, if known," of each accused instrumentality. P.R. 3-1(b). Headwater's vague and unexplained references to "[s]ervers, hardware, software, and services"—terms which could apply to

**GIBSON DUNN**

Marc Fenster
Russ August & Kabat
February 1, 2024
Page 2

countless elements of "T-Mobile's wireless network" or to the accused mobile devices—do not reasonably provide notice to T-Mobile as to which component(s) Headwater purports to accuse, let alone the "specific" allegations required by P.R. 3-1.

Accordingly, T-Mobile understands the scope of Headwater's infringement allegations to be limited to the accused end-user devices and functionality—*i.e.* "[p]hones, tables, wearables, [or] devices … for use with T-Mobile's wireless network services," and will carry out its discovery obligations in this case consistent with that understanding.

Furthermore, T-Mobile is also unable to discern Headwater's theories of infringement, undermining the notice function of the infringement contentions and substantially impairing T-Mobile's ability to prepare its defenses.  Pursuant to P.R. 3-1(c), Headwater's infringement contentions must contain "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." P.R. 3-1(c).  Headwater's charts fail to do so.  Although Headwater lists various end-user devices in its Infringement Contentions, the corresponding charts only provide screenshots for some Samsung and Apple products, but not every product Headwater identified, including, for example, Motorola's moto g power (2022) or Google's Pixel.  This is insufficient under the Local Patent Rules.

Furthermore, a plaintiff may only use a single chart for multiple products "if separate charts would be identical for each product." *UltimatePointer, LLC v. Nintendo Co.*, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013).  If a plaintiff chooses to "designate and chart only an exemplar accused infringing product, Plaintiff must provide an explanation of the technical and functional identity of the products represented," and "compare each exemplar product to each asserted patent on a claim by claim, element by element basis." *Id.*; *see also Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, 2017 WL 6559256, at *5 (E.D. Tex. Dec. 21, 2017) ("[Plaintiff's] contentions do not chart each accused product or otherwise identify how each accused product is technically or functionality equivalent to a charted product, as required by the rules. There is no way for the defendants to channel discovery to prepare for claim construction without such an indication. Identifying hundreds of products, without charting each product or identifying a clear link between these products is simply inadequate."). Headwater's charts do not comply with this Rule.  For example, claim 1(d) of '541 Patent requires the device to "determine at least an aspect of a policy based on a user input obtained through a user interface of the wireless end-user device or based on information from a network element, the policy to be applied if the service usage activity is the background activity, the policy at least for controlling the service usage activity."  Headwater only charts Samsung Galaxy devices and Apple products without alleging or showing that other accused products (e.g., Google, Motorola, Nokia, and Kyocera devices) or other versions of the Samsung and Apple products are technically and functionally identical.  Additionally, Headwater's Infringement Contentions for Apple's products are not clearly stated, but instead intertwined

**GIBSON DUNN**

Marc Fenster
Russ August & Kabat
February 1, 2024
Page 3

with the accusations against Samsung's products; Headwater has not made a showing that these products are technically and functionally identical.

Headwater also fails to establish an articulable theory of infringement between the asserted claims and the evidence concerning the accused instrumentalities. See *Traxcell*, 2017 WL 6559256 at *4 ("[Plaintiff's] infringement contentions make it impossible for a defendant to determine the theory of infringement with any certainty. The claims are set out, and much evidence concerning the accused instrumentalities is included, but no clear linkage is established between them."). Headwater's charts only include the asserted claims and excerpts about the accused products (e.g. screenshots of Apple phone screens, T-Mobile's website, Android's website, Microsoft's website, etc.), but no linkage or analysis between them or explanation sufficient enough to provide notice of Headwater's theory of infringement.

\*   \*   \*

T-Mobile has already been prejudiced by Headwater's failure to provide adequate contentions. The prejudice will be magnified the longer these issues go without being remedied. Please confirm that Headwater will promptly remedy the deficiencies contained in its Infringement Contentions.

Sincerely,

*/s/ Katherine Q. Dominguez*

Katherine Q. Dominguez