

# EXHIBIT 3

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY  10166-0193
Tel 212.351.4000
gibsondunn.com

Kate Dominguez
Direct: +1 212.351.2338
Fax: +1 212.716.0839
KDominguez@gibsondunn.com

June 12, 2024

<u>VIA E-MAIL</u>

Marc Fenster
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Re:    *Headwater Research LLC v. T-Mobile USA, Inc., et al., No. 23 cv 00379, -377
(E.D. Tex.)*

Dear Marc:

We write on behalf of Defendants T-Mobile USA, Inc. and Sprint Corp. (collectively, "T-Mobile") regarding continued deficiencies in Plaintiff Headwater Research LLC's ("Headwater") infringement contentions.

We have reviewed Headwater's March 19, 2024 Amended Disclosure of Asserted Claims and Infringement Contentions and accompanying claim charts (collectively, the "Infringement Contentions"). Both Headwater's Infringement Contentions and claim charts remain deficient in multiple respects, including with respect to virtually all of the issues T-Mobile raised prior to Headwater's amendment in our February 1 and 2 letters. *See* Feb. 1 2024 K. Dominguez Ltr. at 1–2; Feb. 2, 2024 K. Dominguez Ltr. at 2.

By way of illustration only, Headwater's Infringement Contentions contravene Local Patent Rule 3-1 in at least the following ways:

   ***No "Clear Linkage" Between Cited Evidence and Asserted Claim Elements.*** Headwater's Infringement Contentions are devoid of explanation as to how the cited evidence in Headwater's claim charts purportedly maps to the elements of the Asserted Claims. P.R. 3-1 requires Headwater to "identify[] specifically where each element of each asserted claim is found within each Accused Instrumentality," but Headwater's claim charts comprise hundreds of pages of screenshots and block quotes with no such explanation. At most, Headwater's claim charts simply parrot the language of the claim elements without providing any substantive explanation as to which citations purportedly align with which claim elements. This is insufficient to meet the requirements of P.R. 3-1. *See, e.g.*, *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 17-CV-00041-RWS-RSP, 2017 WL 6559256, at *4 (E.D. Tex. Dec. 21, 2017) (striking P.R. 3-1 contentions where "[t]he claims are set out, and much evidence concerning the accused instrumentalities is included, but no clear linkage is established between them").

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · San Francisco · Singapore · Washington, D.C.

**GIBSON DUNN**

Marc Fenster
Russ August & Kabat
June 12, 2024
Page 2

*No Assertion of Representativeness.*  Headwater accuses well over 200 separate products of infringement, but has provided claim charts for at most a dozen of them. Specifically, Headwater has charted five accused products for each of the '541 and '613 Patents,[1] and provided only a single claim chart for the '042 and '543 Patents.  P.R. 3-1(c) requires "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality."  Headwater never indicates that this handful of products is somehow representative of hundreds of others that Headwater elected to accuse.  But even if that was Headwater's intention, Headwater has not even attempted to "identify how each accused product is technically or functionally equivalent to a charted product" as required by P.R. 3-1.  *UltimatePointer, LLC v. Nintendo Co.*, No. 11-CV-496, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013).  Headwater's failure to follow the Local Patent Rules leaves T-Mobile with no realistic means of efficiently guiding discovery.

*No Effort to Distinguish Between Accused Products.*  Similarly, Headwater's contentions improperly mix and match accused products when addressing different elements within a single claim, without showing all claim limitations are met for any particular accused product.  For example, Headwater's claim charts for the '541 and '613 Patents refer to "Data Saver," "Power Saver," "Doze Mode," "App Standby," "Adaptive Battery," and "JobScheduler," but cherry-pick disparate pieces from each of these distinct functionalities throughout its infringement allegations for the asserted claims.  Headwater's contentions for the '543 and '042 patents likewise improperly combine dissimilar aspects of policies and plans offered by T-Mobile as well as devices and network components operated or sold by T-Mobile. P.R. 3-1 requires Headwater to disclose its infringement theories as specifically as possible, but Headwater's current mix-and-match approach simply obfuscates Headwater's theories.

*No Attempt to Chart the Majority of Asserted Claims.*  For more than 200 asserted dependent claims, Headwater's claim charts do not include any unique allegations at all, and instead refer solely to evidence cited for other asserted claims.  P.R. 3-1 requires Headwater to specifically identify "where each element of each asserted claim is found within each Accused Instrumentality," including "all elements of any dependent claim."  *Traxcell Techs.*, No. 17-CV-00042-RWS-RSP, 2017 WL 11843292, at *1.  T-Mobile has already raised this glaring deficiency in Headwater's contentions previously.  *See* Feb. 2, 2024 K. Dominguez Ltr. at 1 ("For the vast majority of the asserted dependent claims, Headwater's contentions simply refer to the evidence cited for other asserted claims, without more.").  Headwater's complete failure to provide any explanation of its infringement theories—or evidence

---

[1] Specifically, the "iPhone 15 Pro" from Apple, the "Galaxy S23" from Samsung, the "Pixel 7" from Google, the "razr+ 2023" from Motorola, the "G310 5G" from Nokia, and  the "Revvl 6x Pro 5G" from T-Mobile.

**GIBSON DUNN**

Marc Fenster
Russ August & Kabat
June 12, 2024
Page 3

thereof—for the vast majority of asserted claims plainly contravenes P.R. 3-1.  *See, e.g.*, *Realtime Data, LLC v. Rackspace US, Inc.*, No. 16-CV-00961-RWS-JDL, 2017 WL 1927749, at *2 (E.D. Tex. May 10, 2017); *Rapid Completions LLC v. Baker Hughes Inc.*, No. 6:15-CV-724, 2016 WL 3407688, at *5–6 (E.D. Tex. June 21, 2016).

   ***No Allegations Against Purportedly Accused Network Components.***   Finally, although the introductory paragraph to Headwater's Infringement Contentions makes passing reference to network-side components, no network components are identified anywhere in Headwater's claim charts.   T-Mobile first raised, more than three months ago, that "[n]o specific servers or other network hardware or software are identified, nor are any network elements mentioned or depicted in the charts attached to Headwater's contentions."   *See* Feb. 1, 2024 K. Dominguez Ltr. at 1.  In the introductory paragraph to its amended Infringement Contentions, Headwater generically refers to "FOTA Update Server," "FOTA," and "OTA Server" as alleged examples of the accused "[s]ervers, hardware, software, and services leased, owned, supported and/or operated by T-Mobile."  *E.g.* Infringement Contentions at 2.

However, none of these newly accused elements appear anywhere in Headwater's claim charts. This is despite the fact that (1) Headwater's failure to identify and chart any network-side products was discussed at length between the parties prior to amendment, and (2) Headwater was already in possession of T-Mobile's technical production for months prior to amending its contentions.   Headwater's Infringement Contentions cannot possibly comply with P.R. 3-1 where, as here, Headwater has not even attempted to chart the products which it purports to accuse.  Dkt. 235 at 2, *Uniloc 2017 LLC v. Google LLC*, No. 18-CV-497-JRG-RSP, (E.D. Tex. Mar. 27, 2020) (striking uncharted products from infringement contentions).

Additionally, generic references to "FOTA" and "OTA" do not provide T-Mobile with adequate information to even guess which "servers" Headwater is referring to in T-Mobile's network at all.   These acronyms do not uniquely identify ***any*** component in T-Mobile's network.  And the confusion is, as explained above, exacerbated by Headwater's failure to include any information on these purported elements in its claim charts at all.

*     *     *

Headwater's amendment to its Infringement Contentions failed to address rudimentary deficiencies even after T-Mobile identified them specifically to Headwater.  Please confirm that Headwater will withdraw its infringement allegations related to the issues identified above for failure to comply with Local Patent Rule 3-1, even after an opportunity to amend.  If Headwater refuses to do so, please provide times when you are available for a lead and local conference on these deficiencies.

**GIBSON DUNN**

Marc Fenster
Russ August & Kabat
June 12, 2024
Page 4

Sincerely,

*/s/ Katherine Q. Dominguez*

Katherine Q. Dominguez