# Exhibit O

**EXHIBIT A-1**
**Invalidity of U.S. Patent No. 8,589,541 in view of U.S. Patent Pub. No. 2008/0160958 ("Abichandani")**

U.S. Patent Publication No. 2008/0160958 ("Abichandani") was published on July 3, 2008 and therefore constitutes prior art under at least 35 U.S.C. §§ 102(a), (b), and/or (e) as to the Asserted Claims of U.S. Pat. No. 8,589,541 ("the '541 Patent"). Abichandani anticipates and/or renders obvious the Asserted Claims, either alone or in combination with one or more references identified in Defendants' Cover Pleading.

To the extent Plaintiff argues that Abichandani does not disclose any element below, a person of ordinary skill in the art would have found it obvious in view of Abichandani alone, with the knowledge of a person of ordinary skill in the art, and/or in view of the prior art systems and references disclosed in § II of Defendants' Invalidity Contentions and the exemplary citations and commentary provided for this claim in Exhibits A-2 to A-25 and Appendix A-A thereto. A person of ordinary skill in the art would have been motivated to combine and would have a reasonable expectation of success in combining these references because the cited references relate to the same technical field as Abichandani (i.e., network and device management).

The chart below provides representative examples of where each element is found within Abichandani. Citations are meant to be exemplary, not exhaustive, and Defendants reserve the right to identify and discuss additional portions of the reference in support of its contentions and/or to rebut arguments made by Plaintiff. Citations to figures, drawings, tables, and the like include reference to any accompanying or related text. All internal cross references are meant to incorporate the cross-referenced material as if fully set forth therein.

It is Defendants' position that Plaintiff's Disclosure of Asserted Claims and Infringement Contentions have not established that any accused product or service infringes any valid claim. Thus, Defendants' statements below should not be treated as an admission, implication, or suggestion that Defendants agree with Plaintiff regarding either the scope, construction, or interpretation of any of the Asserted Claims of the infringement theories advanced by Plaintiff in its Preliminary Infringement Contentions, including whether any Asserted Claims satisfies 35 U.S.C. §§ 101 or 112. In certain cases, Defendants specify non-limiting examples of where its application of the prior art is based on Plaintiff's apparent application of the claim element. These statements are not intended to suggest that Defendants agree with Plaintiff's application of any claim term, suggest a proposed construction at this stage of the case, or suggest that construction is needed, as the parties are not required to exchange terms for construction or proposed constructions until a later date.

Plaintiff has yet to identify of the Asserted Claims that it contends is not anticipated and/or rendered obvious by Abichandani. Defendants therefore expressly reserve the right to respond to any such contention, including by identifying additional obviousness combinations, if Plaintiff makes any such contention.

Where Defendants state that Abichandani "discloses" a limitation, that disclosure may be express, implicit, and/or inherent.

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| U.S. Patent No. US 8,589,541 (the "'541 Patent") | |
|---|---|
| **Claim Language** | **Exemplary Disclosure of Abichandani** |
| 1. A non-transitory computer-readable storage medium storing machine-executable instructions that, when executed by one or more processors of a wireless end-user device, cause the one or more processors to: | To the extent the preamble may be limiting, Abichandani discloses the preamble. For example:<br><br>**[Abstract]** A system and method are described whereby a mobile device controls access to mobile applications based on access conditions associated with a current access network. To prevent mobile applications from running when the access conditions are not suitable, the mobile device includes a policy database used to store a list of access conditions that are inappropriate for launching the installed applications. The access conditions are based on the type of the current access network used by the mobile device for launching or maintaining the requested application session. The access conditions indicate whether the mobile device is currently accessing its home network or roaming on another provider's network. Similarly, the access conditions indicate the type of network access interface used by the current network to provide the data connection necessary to run the requested application. The policy database correlates predetermined actions with the access conditions associated with a given application session.<br><br>**[0004]** Embodiments of the invention are used to provide a system and method for controlling access to mobile applications from the mobile device based on access conditions associated with a current access network, To prevent one or more applications or services from running when the access conditions are not suitable, the memory of the mobile device includes a policy or application access database, which is used to store a list of access conditions that are inappropriate for launching the installed applications. In embodiments, the access conditions are based on the type of the current access network used by the mobile device for launching or maintaining the requested application session. For example, the access conditions may indicate whether the mobile device is currently accessing its home network or roaming on another provider's network. Similarly, the access conditions may indicate the type of network access interface used by the current network to provide the data connection necessary to run the requested application. The policy database correlates predetermined actions with current status of access conditions associated with a given application session. In one embodiment, when the mobile device accesses a network having an access technology specification with insufficient data handling capabilities for the requested application, the mobile device denies access to the data-intensive application or service specified in the policy database. Similarly, to avoid unwanted roaming charges, the mobile device's policy database includes instructions to suspend any scheduled firmware updates via a firmware over the air (FOTA) application until the mobile device returns to its home network.<br><br>**[0005]** In one aspect of the invention, a method is provided for controlling access to an application, the application capable of running on a mobile device by connecting to an access network, the method comprising registering the application with the mobile device, populating a record on the mobile device, the |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| | record specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, monitoring the one or more conditions, and controlling access to the application from the mobile device based on the one or more conditions. |
| | **[0006]** In another aspect of the invention, a mobile device is provided, the mobile device capable of running an application by connecting to an access network, the mobile device comprising a processor, a wireless interface for connecting to the access network, and a computer readable medium having thereon instructions for registering the application with the mobile device, populating a record on the mobile device, the record specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, monitoring the one or more conditions, and controlling access to the application from the mobile device based on the one or more conditions. |
| | **[0007]** In still another aspect of the invention, a system is provided for controlling access to an application, the application capable of running on a mobile device by connecting to an access network, the system comprising (a) the mobile device capable of storing a record for specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, the mobile device comprising an access network monitor module configured to monitor the one or more conditions, and an application manager module configured to control access to the application from the mobile device based on the one or more conditions reported by the access network monitor module, and (b) a device management server having a management connection to the mobile device for populating the record. |
| | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) identify a service usage activity of the wireless end-user device, the service usage activity being associated with a first software component of a plurality of software components on the wireless end-user device, the service usage activity comprising one or more prospective or successful communications over a wireless network; | Abichandani discloses this limitation.  For example: <br><br> **[Abstract]** A system and method are described whereby a mobile device controls access to mobile applications based on access conditions associated with a current access network. To prevent mobile applications from running when the access conditions are not suitable, the mobile device includes a policy database used to store a list of access conditions that are inappropriate for launching the installed applications. The access conditions are based on the type of the current access network used by the mobile device for launching or maintaining the requested application session. The access conditions indicate whether the mobile device is currently accessing its home network or roaming on another provider's network. Similarly, the access conditions indicate the type of network access interface used by the current network to |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

provide the data connection necessary to run the requested application. The policy database correlates predetermined actions with the access conditions associated with a given application session.

[0004] Embodiments of the invention are used to provide a system and method for controlling access to mobile applications from the mobile device based on access conditions associated with a current access network, To prevent one or more applications or services from running when the access conditions are not suitable, the memory of the mobile device includes a policy or application access database, which is used to store a list of access conditions that are inappropriate for launching the installed applications. In embodiments, the access conditions are based on the type of the current access network used by the mobile device for launching or maintaining the requested application session. For example, the access conditions may indicate whether the mobile device is currently accessing its home network or roaming on another provider's network. Similarly, the access conditions may indicate the type of network access interface used by the current network to provide the data connection necessary to run the requested application. The policy database correlates predetermined actions with current status of access conditions associated with a given application session. In one embodiment, when the mobile device accesses a network having an access technology specification with insufficient data handling capabilities for the requested application, the mobile device denies access to the data-intensive application or service specified in the policy database. Similarly, to avoid unwanted roaming charges, the mobile device's policy database includes instructions to suspend any scheduled firmware updates via a firmware over the air (FOTA) application until the mobile device returns to its home network.

[0005] In one aspect of the invention, a method is provided for controlling access to an application, the application capable of running on a mobile device by connecting to an access network, the method comprising registering the application with the mobile device, populating a record on the mobile device, the record specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, monitoring the one or more conditions, and controlling access to the application from the mobile device based on the one or more conditions.

[0006] In another aspect of the invention, a mobile device is provided, the mobile device capable of running an application by connecting to an access network, the mobile device comprising a processor, a wireless interface for connecting to the access network, and a computer readable medium having thereon instructions for registering the application with the mobile device, populating a record on the mobile device, the record specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, monitoring the one or more conditions, and controlling access to the application from the mobile device based on the one or more conditions.

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

[0007] In still another aspect of the invention, a system is provided for controlling access to an application, the application capable of running on a mobile device by connecting to an access network, the system comprising (a) the mobile device capable of storing a record for specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, the mobile device comprising an access network monitor module configured to monitor the one or more conditions, and an application manager module configured to control access to the application from the mobile device based on the one or more conditions reported by the access network monitor module, and (b) a device management server having a management connection to the mobile device for populating the record.

[0013] Turning to FIG. 1, an implementation of a system contemplated by an embodiment of the invention is shown with reference to a mobile network environment. In the illustrated embodiment, the user device 100 is a mobile device, such as a wireless telephone or a portable computer capable of launching an application by connecting to an application server 106 via one or more access networks 102, 104. The application server 106 is responsible for content delivery to the one or more applications running on a mobile device 100. For example, when the mobile device 100 includes a multimedia streaming application, the application server 106 employs a Real-Time Transfer Protocol (RTP) to stream the requested content to the multimedia streaming application launched on the mobile device 100. In this embodiment, the application server 106 is part of a core network 108, which is an IP Multimedia Services (IMS) network responsible for session control and Quality of Service (QoS) management of ongoing application sessions. Alternately, the application server 106 is located outside of the core network 108, whereby the core network 108 connects to the application server 106 via the Internet 110. In embodiments where the IMS core network 108 is not implemented, the application server 106 may be part of one of the access networks 102, 104, for example, or it may connect to the access networks 102, 104 via the Internet 110.

[0014] As illustrated in FIG. 1, the access networks 102, 104 interface with the mobile device 100 in accordance with a network interface specification 112. Preferably, the network interface specification 112 complies with one or more wireless access standards, each having corresponding data handling capabilities, such as average and maximum uplink/downlink throughput speeds. In embodiments, the wireless network standards include CDMA 2000 1X, 1xEV-DO, 1xEV-DV, EDGE, and HSPDA network technologies, or combinations thereof In order to launch the application 106, the mobile device 100 typically accesses its home network 102. However, when the access network 102 is not available, such as when the mobile device 100 travels outside of its home coverage area, the mobile device 100 is capable of launching the application 106 via a roaming network 104.

[0015] Turning to FIG. 2, embodiments of the mobile device 200 and networks 214, 220 are provided in accordance with an embodiment of the present invention, wherein the mobile device 200 controls access to one or more applications 202-206 based on access conditions associated with the access networks 214, 220.

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

The mobile device 200 is capable of launching one or more applications 202-206 from its memory. The applications 202-206 include multimedia, voice, email, instant messaging, text messaging, firmware update, or any other applications or services requiring access to the home network 214 or roaming network 220 to establish an application session. In the illustrated embodiment, the memory of the mobile device 200 includes a Firmware Update Over the Air (FOTA) application 202, a Voice over IP (VoIP) application 204, and a video streaming application 206.

[0016] To prevent one or more applications or services 202-206 from running when the access conditions are not suitable, the memory of the mobile device 200 includes a policy or application access database 212, which is used to store a list of access conditions that are inappropriate for launching the applications 202-206. Specifically, the access conditions are based on the type of the current access network used by the mobile device 200 for launching or maintaining the requested application session 202-206. For example, the access conditions may indicate whether the mobile device is currently accessing its home network 214 or roaming on the network 220. Similarly, the access conditions may indicate the type of network access interface or standard used by the current network 214, 220 to provide data connection necessary to run the application 202-206. The following table illustrates an example of the policy database 212 having a list of applications and corresponding access conditions, which in this embodiment are designated as inappropriate for allowing access to the listed applications or services.

[0017] Alternatively, the database 212 may contain a list of application/access condition pairs under which access to the requested applications or services is allowed. In embodiments, the policy database 212 includes application types, such as "video streaming" and/or associated application names, such as "Windows Media Player," for example. As illustrated above, the policy database 212 correlates predetermined actions with current status of access conditions associated with a given application session. When the mobile device 200 registers with an access network having a network access technology specification 222 with insufficient data handling capabilities for the requested application, the mobile device 200 is instructed to deny access to a data-intensive application or service specified in the database or lookup table 212. For example, the mobile device 200 is instructed to deny access to a video streaming or VoIP application session when the access conditions indicate that the mobile device 200 is currently using a CDMA 2000 1x network access technology. This avoids unnecessary use of network resources which, under current access conditions, are incapable of providing a satisfying user experience for the desired application. On the other hand, if the current access conditions do not match those in the policy database 212, such as when the mobile device 200 is registered with an EVDO access network, a user is granted full access to the desired video streaming or VoIP applications. Similarly, to avoid unwanted roaming charges, the policy database 212 includes instructions to suspend any scheduled firmware updates via a FOTA application until the mobile device 200 returns to the home network 214.

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

[0018] Preferably, the policy database 212 is populated by a network provider using conventional Over the Air Device Management (OTA DM) technology to provide the network operator with full control over the contents of the database 212. In an embodiment, the policy database 212 is centrally populated, distributed, and updated over the air for each mobile device 200 via a management console 218 connected to a device management server 216. The network provider may choose to distribute the policy database 212 according to different classes of mobile devices 200, wherein each device class designates the types of access networks accessible to the device 200, as well as the types of applications installed in its memory. The management console 218, as well as the device management server 216, are located within the home access network 214 or may be collocated with the network administration equipment at a network operations center (NOC) or at a mobile switching center (MSC), for example.

[0019] As further illustrated in FIG. 2, to gain access to the network resources, the application 202-206 registers with an application manager 210. Specifically, when a user attempts to launch an application 202-206, the application 202-206 supplies its name and/or type information to the application manager 210, which, in turn, receives an input of the monitored access conditions from the access network monitor 208. The application manager 210 queries the policy database 212 for the corresponding application/access condition entry and denies access to the application if a match is found. Otherwise, the mobile device 200 initiates the application session over the current access network 214, 220. In a further embodiment, the access network monitor 208 continues to report the changes in current access conditions during the application session to allow the application manager 210 to terminate the application when a change in the access conditions matches an entry in the policy database 212.

[0020] In this embodiment, the application manager 210 and the access network monitor 208 are implemented as Binary Runtime Environment for Wireless (BREW) software modules exposing standard interfaces for interaction with other software components of the mobile device 200 via an application programming interface (API). Other embodiments of the application manager 210 and access network monitor 208 include using a Java-based implementation capable of running on a plurality of mobile phone operating systems, such as Symbian, Windows Mobile Edition, or Palm, for example.

[0021] Turning to FIG. 3, an embodiment of a method for controlling access to applications from a mobile device 200 is illustrated with reference to an exemplary message flow scenario. In step 300, the device management server 216 updates the policy database 212 when new applications or services are introduced by the network operator or pursuant to setting up a new customer account. In step 302, when the user requests to launch a video streaming application 206, the application 206 registers with the application manager 210 by providing it with its name and/or type information, such as "Windows Media Player"/"video streaming," for

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| | example. This prompts the application manager 2 10 to request and receive the current access condition information from the access network monitor 208, steps 304-306. In this embodiment, the access condition information includes information regarding the current access network, such as roaming status and compatible network access technology. In steps 308-310, based on the received application information, the application manager 210 requests and receives one or more entries from the policy database 212 indicating which access conditions preclude the establishment of an application session for the application 206. In step 312, the application manager allows the user to launch the requested application if the current access conditions do not match any of the entries returned by the policy database 212 that require denial or suspension of access to the application. In this embodiment, upon establishment of the application session, the access network monitor 208 continuously monitors any changes in the current access conditions. Therefore, when, in step 314, the access network monitor 208 detects a change in the access conditions, for example when the mobile device 200 migrates from an EVDO to a CDMA 2000 1X access network overlay, it notifies the application manager 210 accordingly. Since this change in the access conditions matches an entry received from the policy database 212 requiring denial of access to the application, the application manager 210, in step 316, sends an event to the application 206 ending the current application session by forcing it to quit. <br><br> *See* Figs. 1, 2 & 3. <br><br> To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) determine whether the service usage activity comprises a background activity; | Abichandani discloses this limitation.  For example: <br><br> **[Abstract]** A system and method are described whereby a mobile device controls access to mobile applications based on access conditions associated with a current access network. To prevent mobile applications from running when the access conditions are not suitable, the mobile device includes a policy database used to store a list of access conditions that are inappropriate for launching the installed applications. The access conditions are based on the type of the current access network used by the mobile device for launching or maintaining the requested application session. The access conditions indicate whether the mobile device is currently accessing its home network or roaming on another provider's network. Similarly, the access conditions indicate the type of network access interface used by the current network to provide the data connection necessary to run the requested application. The policy database correlates predetermined actions with the access conditions associated with a given application session. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

[0004] Embodiments of the invention are used to provide a system and method for controlling access to mobile applications from the mobile device based on access conditions associated with a current access network, To prevent one or more applications or services from running when the access conditions are not suitable, the memory of the mobile device includes a policy or application access database, which is used to store a list of access conditions that are inappropriate for launching the installed applications. In embodiments, the access conditions are based on the type of the current access network used by the mobile device for launching or maintaining the requested application session. For example, the access conditions may indicate whether the mobile device is currently accessing its home network or roaming on another provider's network. Similarly, the access conditions may indicate the type of network access interface used by the current network to provide the data connection necessary to run the requested application. The policy database correlates predetermined actions with current status of access conditions associated with a given application session. In one embodiment, when the mobile device accesses a network having an access technology specification with insufficient data handling capabilities for the requested application, the mobile device denies access to the data-intensive application or service specified in the policy database. Similarly, to avoid unwanted roaming charges, the mobile device's policy database includes instructions to suspend any scheduled firmware updates via a firmware over the air (FOTA) application until the mobile device returns to its home network.

[0005] In one aspect of the invention, a method is provided for controlling access to an application, the application capable of running on a mobile device by connecting to an access network, the method comprising registering the application with the mobile device, populating a record on the mobile device, the record specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, monitoring the one or more conditions, and controlling access to the application from the mobile device based on the one or more conditions.

[0006] In another aspect of the invention, a mobile device is provided, the mobile device capable of running an application by connecting to an access network, the mobile device comprising a processor, a wireless interface for connecting to the access network, and a computer readable medium having thereon instructions for registering the application with the mobile device, populating a record on the mobile device, the record specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, monitoring the one or more conditions, and controlling access to the application from the mobile device based on the one or more conditions.

[0007] In still another aspect of the invention, a system is provided for controlling access to an application, the application capable of running on a mobile device by connecting to an access network, the system comprising (a) the mobile device capable of storing a record for specifying one or more conditions for

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

controlling access to the application, the one or more conditions associated with the access network, the mobile device comprising an access network monitor module configured to monitor the one or more conditions, and an application manager module configured to control access to the application from the mobile device based on the one or more conditions reported by the access network monitor module, and (b) a device management server having a management connection to the mobile device for populating the record.

[0013] Turning to FIG. 1, an implementation of a system contemplated by an embodiment of the invention is shown with reference to a mobile network environment. In the illustrated embodiment, the user device 100 is a mobile device, such as a wireless telephone or a portable computer capable of launching an application by connecting to an application server 106 via one or more access networks 102, 104. The application server 106 is responsible for content delivery to the one or more applications running on a mobile device 100. For example, when the mobile device 100 includes a multimedia streaming application, the application server 106 employs a Real-Time Transfer Protocol (RTP) to stream the requested content to the multimedia streaming application launched on the mobile device 100. In this embodiment, the application server 106 is part of a core network 108, which is an IP Multimedia Services (IMS) network responsible for session control and Quality of Service (QoS) management of ongoing application sessions. Alternately, the application server 106 is located outside of the core network 108, whereby the core network 108 connects to the application server 106 via the Internet 110. In embodiments where the IMS core network 108 is not implemented, the application server 106 may be part of one of the access networks 102, 104, for example, or it may connect to the access networks 102, 104 via the Internet 110.

[0014] As illustrated in FIG. 1, the access networks 102, 104 interface with the mobile device 100 in accordance with a network interface specification 112. Preferably, the network interface specification 112 complies with one or more wireless access standards, each having corresponding data handling capabilities, such as average and maximum uplink/downlink throughput speeds. In embodiments, the wireless network standards include CDMA 2000 1X, 1xEV-DO, 1xEV-DV, EDGE, and HSPDA network technologies, or combinations thereof In order to launch the application 106, the mobile device 100 typically accesses its home network 102. However, when the access network 102 is not available, such as when the mobile device 100 travels outside of its home coverage area, the mobile device 100 is capable of launching the application 106 via a roaming network 104.

[0015] Turning to FIG. 2, embodiments of the mobile device 200 and networks 214, 220 are provided in accordance with an embodiment of the present invention, wherein the mobile device 200 controls access to one or more applications 202-206 based on access conditions associated with the access networks 214, 220. The mobile device 200 is capable of launching one or more applications 202-206 from its memory. The applications 202-206 include multimedia, voice, email, instant messaging, text messaging, firmware update, or any other applications or services requiring access to the home network 214 or roaming network 220 to

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

establish an application session. In the illustrated embodiment, the memory of the mobile device 200 includes a Firmware Update Over the Air (FOTA) application 202, a Voice over IP (VoIP) application 204, and a video streaming application 206.

[0016] To prevent one or more applications or services 202-206 from running when the access conditions are not suitable, the memory of the mobile device 200 includes a policy or application access database 212, which is used to store a list of access conditions that are inappropriate for launching the applications 202-206. Specifically, the access conditions are based on the type of the current access network used by the mobile device 200 for launching or maintaining the requested application session 202-206. For example, the access conditions may indicate whether the mobile device is currently accessing its home network 214 or roaming on the network 220. Similarly, the access conditions may indicate the type of network access interface or standard used by the current network 214, 220 to provide data connection necessary to run the application 202-206. The following table illustrates an example of the policy database 212 having a list of applications and corresponding access conditions, which in this embodiment are designated as inappropriate for allowing access to the listed applications or services.

[0017] Alternatively, the database 212 may contain a list of application/access condition pairs under which access to the requested applications or services is allowed. In embodiments, the policy database 212 includes application types, such as "video streaming" and/or associated application names, such as "Windows Media Player," for example. As illustrated above, the policy database 212 correlates predetermined actions with current status of access conditions associated with a given application session. When the mobile device 200 registers with an access network having a network access technology specification 222 with insufficient data handling capabilities for the requested application, the mobile device 200 is instructed to deny access to a data-intensive application or service specified in the database or lookup table 212. For example, the mobile device 200 is instructed to deny access to a video streaming or VoIP application session when the access conditions indicate that the mobile device 200 is currently using a CDMA 2000 1x network access technology. This avoids unnecessary use of network resources which, under current access conditions, are incapable of providing a satisfying user experience for the desired application. On the other hand, if the current access conditions do not match those in the policy database 212, such as when the mobile device 200 is registered with an EVDO access network, a user is granted full access to the desired video streaming or VoIP applications. Similarly, to avoid unwanted roaming charges, the policy database 212 includes instructions to suspend any scheduled firmware updates via a FOTA application until the mobile device 200 returns to the home network 214.

[0018] Preferably, the policy database 212 is populated by a network provider using conventional Over the Air Device Management (OTA DM) technology to provide the network operator with full control over the

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

contents of the database 212. In an embodiment, the policy database 212 is centrally populated, distributed, and updated over the air for each mobile device 200 via a management console 218 connected to a device management server 216. The network provider may choose to distribute the policy database 212 according to different classes of mobile devices 200, wherein each device class designates the types of access networks accessible to the device 200, as well as the types of applications installed in its memory. The management console 218, as well as the device management server 216, are located within the home access network 214 or may be collocated with the network administration equipment at a network operations center (NOC) or at a mobile switching center (MSC), for example.

[0019] As further illustrated in FIG. 2, to gain access to the network resources, the application 202-206 registers with an application manager 210. Specifically, when a user attempts to launch an application 202-206, the application 202-206 supplies its name and/or type information to the application manager 210, which, in turn, receives an input of the monitored access conditions from the access network monitor 208. The application manager 210 queries the policy database 212 for the corresponding application/access condition entry and denies access to the application if a match is found. Otherwise, the mobile device 200 initiates the application session over the current access network 214, 220. In a further embodiment, the access network monitor 208 continues to report the changes in current access conditions during the application session to allow the application manager 210 to terminate the application when a change in the access conditions matches an entry in the policy database 212.

[0020] In this embodiment, the application manager 210 and the access network monitor 208 are implemented as Binary Runtime Environment for Wireless (BREW) software modules exposing standard interfaces for interaction with other software components of the mobile device 200 via an application programming interface (API). Other embodiments of the application manager 210 and access network monitor 208 include using a Java-based implementation capable of running on a plurality of mobile phone operating systems, such as Symbian, Windows Mobile Edition, or Palm, for example.

[0021] Turning to FIG. 3, an embodiment of a method for controlling access to applications from a mobile device 200 is illustrated with reference to an exemplary message flow scenario. In step 300, the device management server 216 updates the policy database 212 when new applications or services are introduced by the network operator or pursuant to setting up a new customer account. In step 302, when the user requests to launch a video streaming application 206, the application 206 registers with the application manager 210 by providing it with its name and/or type information, such as "Windows Media Player"/"video streaming," for example. This prompts the application manager 2 10 to request and receive the current access condition information from the access network monitor 208, steps 304-306. In this embodiment, the access condition information includes information regarding the current access network, such as roaming status and

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| | compatible network access technology. In steps 308-310, based on the received application information, the application manager 210 requests and receives one or more entries from the policy database 212 indicating which access conditions preclude the establishment of an application session for the application 206. In step 312, the application manager allows the user to launch the requested application if the current access conditions do not match any of the entries returned by the policy database 212 that require denial or suspension of access to the application. In this embodiment, upon establishment of the application session, the access network monitor 208 continuously monitors any changes in the current access conditions. Therefore, when, in step 314, the access network monitor 208 detects a change in the access conditions, for example when the mobile device 200 migrates from an EVDO to a CDMA 2000 1X access network overlay, it notifies the application manager 210 accordingly. Since this change in the access conditions matches an entry received from the policy database 212 requiring denial of access to the application, the application manager 210, in step 316, sends an event to the application 206 ending the current application session by forcing it to quit.<br><br>*See* Figs. 1, 2 & 3.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (c) determine at least an aspect of a policy based on a user input obtained through a user interface of the wireless end-user device or based on information from a network element, the policy to be applied if the service usage activity is the background activity, the policy at least for controlling the service usage activity; | Abichandani discloses this limitation.  For example:<br><br>**[Abstract]** A system and method are described whereby a mobile device controls access to mobile applications based on access conditions associated with a current access network. To prevent mobile applications from running when the access conditions are not suitable, the mobile device includes a policy database used to store a list of access conditions that are inappropriate for launching the installed applications. The access conditions are based on the type of the current access network used by the mobile device for launching or maintaining the requested application session. The access conditions indicate whether the mobile device is currently accessing its home network or roaming on another provider's network. Similarly, the access conditions indicate the type of network access interface used by the current network to provide the data connection necessary to run the requested application. The policy database correlates predetermined actions with the access conditions associated with a given application session.<br><br>**[0004]** Embodiments of the invention are used to provide a system and method for controlling access to mobile applications from the mobile device based on access conditions associated with a current access network, To prevent one or more applications or services from running when the access conditions are not |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

suitable, the memory of the mobile device includes a policy or application access database, which is used to store a list of access conditions that are inappropriate for launching the installed applications. In embodiments, the access conditions are based on the type of the current access network used by the mobile device for launching or maintaining the requested application session. For example, the access conditions may indicate whether the mobile device is currently accessing its home network or roaming on another provider's network. Similarly, the access conditions may indicate the type of network access interface used by the current network to provide the data connection necessary to run the requested application. The policy database correlates predetermined actions with current status of access conditions associated with a given application session. In one embodiment, when the mobile device accesses a network having an access technology specification with insufficient data handling capabilities for the requested application, the mobile device denies access to the data-intensive application or service specified in the policy database. Similarly, to avoid unwanted roaming charges, the mobile device's policy database includes instructions to suspend any scheduled firmware updates via a firmware over the air (FOTA) application until the mobile device returns to its home network.

[0005] In one aspect of the invention, a method is provided for controlling access to an application, the application capable of running on a mobile device by connecting to an access network, the method comprising registering the application with the mobile device, populating a record on the mobile device, the record specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, monitoring the one or more conditions, and controlling access to the application from the mobile device based on the one or more conditions.

[0006] In another aspect of the invention, a mobile device is provided, the mobile device capable of running an application by connecting to an access network, the mobile device comprising a processor, a wireless interface for connecting to the access network, and a computer readable medium having thereon instructions for registering the application with the mobile device, populating a record on the mobile device, the record specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, monitoring the one or more conditions, and controlling access to the application from the mobile device based on the one or more conditions.

[0007] In still another aspect of the invention, a system is provided for controlling access to an application, the application capable of running on a mobile device by connecting to an access network, the system comprising (a) the mobile device capable of storing a record for specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, the mobile device comprising an access network monitor module configured to monitor the one or more conditions, and an application manager module configured to control access to the application from the

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

mobile device based on the one or more conditions reported by the access network monitor module, and (b) a device management server having a management connection to the mobile device for populating the record.

[0013] Turning to FIG. 1, an implementation of a system contemplated by an embodiment of the invention is shown with reference to a mobile network environment. In the illustrated embodiment, the user device 100 is a mobile device, such as a wireless telephone or a portable computer capable of launching an application by connecting to an application server 106 via one or more access networks 102, 104. The application server 106 is responsible for content delivery to the one or more applications running on a mobile device 100. For example, when the mobile device 100 includes a multimedia streaming application, the application server 106 employs a Real-Time Transfer Protocol (RTP) to stream the requested content to the multimedia streaming application launched on the mobile device 100. In this embodiment, the application server 106 is part of a core network 108, which is an IP Multimedia Services (IMS) network responsible for session control and Quality of Service (QoS) management of ongoing application sessions. Alternately, the application server 106 is located outside of the core network 108, whereby the core network 108 connects to the application server 106 via the Internet 110. In embodiments where the IMS core network 108 is not implemented, the application server 106 may be part of one of the access networks 102, 104, for example, or it may connect to the access networks 102, 104 via the Internet 110.

[0014] As illustrated in FIG. 1, the access networks 102, 104 interface with the mobile device 100 in accordance with a network interface specification 112. Preferably, the network interface specification 112 complies with one or more wireless access standards, each having corresponding data handling capabilities, such as average and maximum uplink/downlink throughput speeds. In embodiments, the wireless network standards include CDMA 2000 1X, 1xEV-DO, 1xEV-DV, EDGE, and HSPDA network technologies, or combinations thereof In order to launch the application 106, the mobile device 100 typically accesses its home network 102. However, when the access network 102 is not available, such as when the mobile device 100 travels outside of its home coverage area, the mobile device 100 is capable of launching the application 106 via a roaming network 104.

[0015] Turning to FIG. 2, embodiments of the mobile device 200 and networks 214, 220 are provided in accordance with an embodiment of the present invention, wherein the mobile device 200 controls access to one or more applications 202-206 based on access conditions associated with the access networks 214, 220. The mobile device 200 is capable of launching one or more applications 202-206 from its memory. The applications 202-206 include multimedia, voice, email, instant messaging, text messaging, firmware update, or any other applications or services requiring access to the home network 214 or roaming network 220 to establish an application session. In the illustrated embodiment, the memory of the mobile device 200 includes a Firmware Update Over the Air (FOTA) application 202, a Voice over IP (VoIP) application 204, and a video streaming application 206.

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

|  | [0016] To prevent one or more applications or services 202-206 from running when the access conditions are not suitable, the memory of the mobile device 200 includes a policy or application access database 212, which is used to store a list of access conditions that are inappropriate for launching the applications 202-206. Specifically, the access conditions are based on the type of the current access network used by the mobile device 200 for launching or maintaining the requested application session 202-206. For example, the access conditions may indicate whether the mobile device is currently accessing its home network 214 or roaming on the network 220. Similarly, the access conditions may indicate the type of network access interface or standard used by the current network 214, 220 to provide data connection necessary to run the application 202-206. The following table illustrates an example of the policy database 212 having a list of applications and corresponding access conditions, which in this embodiment are designated as inappropriate for allowing access to the listed applications or services.

[0017] Alternatively, the database 212 may contain a list of application/access condition pairs under which access to the requested applications or services is allowed. In embodiments, the policy database 212 includes application types, such as "video streaming" and/or associated application names, such as "Windows Media Player," for example. As illustrated above, the policy database 212 correlates predetermined actions with current status of access conditions associated with a given application session. When the mobile device 200 registers with an access network having a network access technology specification 222 with insufficient data handling capabilities for the requested application, the mobile device 200 is instructed to deny access to a data-intensive application or service specified in the database or lookup table 212. For example, the mobile device 200 is instructed to deny access to a video streaming or VoIP application session when the access conditions indicate that the mobile device 200 is currently using a CDMA 2000 1x network access technology. This avoids unnecessary use of network resources which, under current access conditions, are incapable of providing a satisfying user experience for the desired application. On the other hand, if the current access conditions do not match those in the policy database 212, such as when the mobile device 200 is registered with an EVDO access network, a user is granted full access to the desired video streaming or VoIP applications. Similarly, to avoid unwanted roaming charges, the policy database 212 includes instructions to suspend any scheduled firmware updates via a FOTA application until the mobile device 200 returns to the home network 214.

[0018] Preferably, the policy database 212 is populated by a network provider using conventional Over the Air Device Management (OTA DM) technology to provide the network operator with full control over the contents of the database 212. In an embodiment, the policy database 212 is centrally populated, distributed, and updated over the air for each mobile device 200 via a management console 218 connected to a device management server 216. The network provider may choose to distribute the policy database 212 according to |

different classes of mobile devices 200, wherein each device class designates the types of access networks accessible to the device 200, as well as the types of applications installed in its memory. The management console 218, as well as the device management server 216, are located within the home access network 214 or may be collocated with the network administration equipment at a network operations center (NOC) or at a mobile switching center (MSC), for example.

[0019] As further illustrated in FIG. 2, to gain access to the network resources, the application 202-206 registers with an application manager 210. Specifically, when a user attempts to launch an application 202-206, the application 202-206 supplies its name and/or type information to the application manager 210, which, in turn, receives an input of the monitored access conditions from the access network monitor 208. The application manager 210 queries the policy database 212 for the corresponding application/access condition entry and denies access to the application if a match is found. Otherwise, the mobile device 200 initiates the application session over the current access network 214, 220. In a further embodiment, the access network monitor 208 continues to report the changes in current access conditions during the application session to allow the application manager 210 to terminate the application when a change in the access conditions matches an entry in the policy database 212.

[0020] In this embodiment, the application manager 210 and the access network monitor 208 are implemented as Binary Runtime Environment for Wireless (BREW) software modules exposing standard interfaces for interaction with other software components of the mobile device 200 via an application programming interface (API). Other embodiments of the application manager 210 and access network monitor 208 include using a Java-based implementation capable of running on a plurality of mobile phone operating systems, such as Symbian, Windows Mobile Edition, or Palm, for example.

[0021] Turning to FIG. 3, an embodiment of a method for controlling access to applications from a mobile device 200 is illustrated with reference to an exemplary message flow scenario. In step 300, the device management server 216 updates the policy database 212 when new applications or services are introduced by the network operator or pursuant to setting up a new customer account. In step 302, when the user requests to launch a video streaming application 206, the application 206 registers with the application manager 210 by providing it with its name and/or type information, such as "Windows Media Player"/"video streaming," for example. This prompts the application manager 2 10 to request and receive the current access condition information from the access network monitor 208, steps 304-306. In this embodiment, the access condition information includes information regarding the current access network, such as roaming status and compatible network access technology. In steps 308-310, based on the received application information, the application manager 210 requests and receives one or more entries from the policy database 212 indicating which access conditions preclude the establishment of an application session for the application 206. In step

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| | 312, the application manager allows the user to launch the requested application if the current access conditions do not match any of the entries returned by the policy database 212 that require denial or suspension of access to the application. In this embodiment, upon establishment of the application session, the access network monitor 208 continuously monitors any changes in the current access conditions. Therefore, when, in step 314, the access network monitor 208 detects a change in the access conditions, for example when the mobile device 200 migrates from an EVDO to a CDMA 2000 1X access network overlay, it notifies the application manager 210 accordingly. Since this change in the access conditions matches an entry received from the policy database 212 requiring denial of access to the application, the application manager 210, in step 316, sends an event to the application 206 ending the current application session by forcing it to quit.

*See* Figs. 1, 2 & 3.

To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (d) and if it is determined that the service usage activity is the background activity, apply the policy. | Abichandani discloses this limitation.  For example:

**[Abstract]** A system and method are described whereby a mobile device controls access to mobile applications based on access conditions associated with a current access network. To prevent mobile applications from running when the access conditions are not suitable, the mobile device includes a policy database used to store a list of access conditions that are inappropriate for launching the installed applications. The access conditions are based on the type of the current access network used by the mobile device for launching or maintaining the requested application session. The access conditions indicate whether the mobile device is currently accessing its home network or roaming on another provider's network. Similarly, the access conditions indicate the type of network access interface used by the current network to provide the data connection necessary to run the requested application. The policy database correlates predetermined actions with the access conditions associated with a given application session.

**[0004]** Embodiments of the invention are used to provide a system and method for controlling access to mobile applications from the mobile device based on access conditions associated with a current access network, To prevent one or more applications or services from running when the access conditions are not suitable, the memory of the mobile device includes a policy or application access database, which is used to store a list of access conditions that are inappropriate for launching the installed applications. In embodiments, the access conditions are based on the type of the current access network used by the mobile |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

device for launching or maintaining the requested application session. For example, the access conditions may indicate whether the mobile device is currently accessing its home network or roaming on another provider's network. Similarly, the access conditions may indicate the type of network access interface used by the current network to provide the data connection necessary to run the requested application. The policy database correlates predetermined actions with current status of access conditions associated with a given application session. In one embodiment, when the mobile device accesses a network having an access technology specification with insufficient data handling capabilities for the requested application, the mobile device denies access to the data-intensive application or service specified in the policy database. Similarly, to avoid unwanted roaming charges, the mobile device's policy database includes instructions to suspend any scheduled firmware updates via a firmware over the air (FOTA) application until the mobile device returns to its home network.

[0005] In one aspect of the invention, a method is provided for controlling access to an application, the application capable of running on a mobile device by connecting to an access network, the method comprising registering the application with the mobile device, populating a record on the mobile device, the record specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, monitoring the one or more conditions, and controlling access to the application from the mobile device based on the one or more conditions.

[0006] In another aspect of the invention, a mobile device is provided, the mobile device capable of running an application by connecting to an access network, the mobile device comprising a processor, a wireless interface for connecting to the access network, and a computer readable medium having thereon instructions for registering the application with the mobile device, populating a record on the mobile device, the record specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, monitoring the one or more conditions, and controlling access to the application from the mobile device based on the one or more conditions.

[0007] In still another aspect of the invention, a system is provided for controlling access to an application, the application capable of running on a mobile device by connecting to an access network, the system comprising (a) the mobile device capable of storing a record for specifying one or more conditions for controlling access to the application, the one or more conditions associated with the access network, the mobile device comprising an access network monitor module configured to monitor the one or more conditions, and an application manager module configured to control access to the application from the mobile device based on the one or more conditions reported by the access network monitor module, and (b) a device management server having a management connection to the mobile device for populating the record.

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

[0013] Turning to FIG. 1, an implementation of a system contemplated by an embodiment of the invention is shown with reference to a mobile network environment. In the illustrated embodiment, the user device 100 is a mobile device, such as a wireless telephone or a portable computer capable of launching an application by connecting to an application server 106 via one or more access networks 102, 104. The application server 106 is responsible for content delivery to the one or more applications running on a mobile device 100. For example, when the mobile device 100 includes a multimedia streaming application, the application server 106 employs a Real-Time Transfer Protocol (RTP) to stream the requested content to the multimedia streaming application launched on the mobile device 100. In this embodiment, the application server 106 is part of a core network 108, which is an IP Multimedia Services (IMS) network responsible for session control and Quality of Service (QoS) management of ongoing application sessions. Alternately, the application server 106 is located outside of the core network 108, whereby the core network 108 connects to the application server 106 via the Internet 110. In embodiments where the IMS core network 108 is not implemented, the application server 106 may be part of one of the access networks 102, 104, for example, or it may connect to the access networks 102, 104 via the Internet 110.

[0014] As illustrated in FIG. 1, the access networks 102, 104 interface with the mobile device 100 in accordance with a network interface specification 112. Preferably, the network interface specification 112 complies with one or more wireless access standards, each having corresponding data handling capabilities, such as average and maximum uplink/downlink throughput speeds. In embodiments, the wireless network standards include CDMA 2000 1X, 1xEV-DO, 1xEV-DV, EDGE, and HSPDA network technologies, or combinations thereof In order to launch the application 106, the mobile device 100 typically accesses its home network 102. However, when the access network 102 is not available, such as when the mobile device 100 travels outside of its home coverage area, the mobile device 100 is capable of launching the application 106 via a roaming network 104.

[0015] Turning to FIG. 2, embodiments of the mobile device 200 and networks 214, 220 are provided in accordance with an embodiment of the present invention, wherein the mobile device 200 controls access to one or more applications 202-206 based on access conditions associated with the access networks 214, 220. The mobile device 200 is capable of launching one or more applications 202-206 from its memory. The applications 202-206 include multimedia, voice, email, instant messaging, text messaging, firmware update, or any other applications or services requiring access to the home network 214 or roaming network 220 to establish an application session. In the illustrated embodiment, the memory of the mobile device 200 includes a Firmware Update Over the Air (FOTA) application 202, a Voice over IP (VoIP) application 204, and a video streaming application 206.

[0016] To prevent one or more applications or services 202-206 from running when the access conditions are not suitable, the memory of the mobile device 200 includes a policy or application access database 212,

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| | which is used to store a list of access conditions that are inappropriate for launching the applications 202-206. Specifically, the access conditions are based on the type of the current access network used by the mobile device 200 for launching or maintaining the requested application session 202-206. For example, the access conditions may indicate whether the mobile device is currently accessing its home network 214 or roaming on the network 220. Similarly, the access conditions may indicate the type of network access interface or standard used by the current network 214, 220 to provide data connection necessary to run the application 202-206. The following table illustrates an example of the policy database 212 having a list of applications and corresponding access conditions, which in this embodiment are designated as inappropriate for allowing access to the listed applications or services.<br><br>[0017] Alternatively, the database 212 may contain a list of application/access condition pairs under which access to the requested applications or services is allowed. In embodiments, the policy database 212 includes application types, such as "video streaming" and/or associated application names, such as "Windows Media Player," for example. As illustrated above, the policy database 212 correlates predetermined actions with current status of access conditions associated with a given application session. When the mobile device 200 registers with an access network having a network access technology specification 222 with insufficient data handling capabilities for the requested application, the mobile device 200 is instructed to deny access to a data-intensive application or service specified in the database or lookup table 212. For example, the mobile device 200 is instructed to deny access to a video streaming or VoIP application session when the access conditions indicate that the mobile device 200 is currently using a CDMA 2000 1x network access technology. This avoids unnecessary use of network resources which, under current access conditions, are incapable of providing a satisfying user experience for the desired application. On the other hand, if the current access conditions do not match those in the policy database 212, such as when the mobile device 200 is registered with an EVDO access network, a user is granted full access to the desired video streaming or VoIP applications. Similarly, to avoid unwanted roaming charges, the policy database 212 includes instructions to suspend any scheduled firmware updates via a FOTA application until the mobile device 200 returns to the home network 214.<br><br>[0018] Preferably, the policy database 212 is populated by a network provider using conventional Over the Air Device Management (OTA DM) technology to provide the network operator with full control over the contents of the database 212. In an embodiment, the policy database 212 is centrally populated, distributed, and updated over the air for each mobile device 200 via a management console 218 connected to a device management server 216. The network provider may choose to distribute the policy database 212 according to different classes of mobile devices 200, wherein each device class designates the types of access networks accessible to the device 200, as well as the types of applications installed in its memory. The management console 218, as well as the device management server 216, are located within the home access network 214 |

or may be collocated with the network administration equipment at a network operations center (NOC) or at a mobile switching center (MSC), for example.

[0019] As further illustrated in FIG. 2, to gain access to the network resources, the application 202-206 registers with an application manager 210. Specifically, when a user attempts to launch an application 202-206, the application 202-206 supplies its name and/or type information to the application manager 210, which, in turn, receives an input of the monitored access conditions from the access network monitor 208. The application manager 210 queries the policy database 212 for the corresponding application/access condition entry and denies access to the application if a match is found. Otherwise, the mobile device 200 initiates the application session over the current access network 214, 220. In a further embodiment, the access network monitor 208 continues to report the changes in current access conditions during the application session to allow the application manager 210 to terminate the application when a change in the access conditions matches an entry in the policy database 212.

[0020] In this embodiment, the application manager 210 and the access network monitor 208 are implemented as Binary Runtime Environment for Wireless (BREW) software modules exposing standard interfaces for interaction with other software components of the mobile device 200 via an application programming interface (API). Other embodiments of the application manager 210 and access network monitor 208 include using a Java-based implementation capable of running on a plurality of mobile phone operating systems, such as Symbian, Windows Mobile Edition, or Palm, for example.

[0021] Turning to FIG. 3, an embodiment of a method for controlling access to applications from a mobile device 200 is illustrated with reference to an exemplary message flow scenario. In step 300, the device management server 216 updates the policy database 212 when new applications or services are introduced by the network operator or pursuant to setting up a new customer account. In step 302, when the user requests to launch a video streaming application 206, the application 206 registers with the application manager 210 by providing it with its name and/or type information, such as "Windows Media Player"/"video streaming," for example. This prompts the application manager 2 10 to request and receive the current access condition information from the access network monitor 208, steps 304-306. In this embodiment, the access condition information includes information regarding the current access network, such as roaming status and compatible network access technology. In steps 308-310, based on the received application information, the application manager 210 requests and receives one or more entries from the policy database 212 indicating which access conditions preclude the establishment of an application session for the application 206. In step 312, the application manager allows the user to launch the requested application if the current access conditions do not match any of the entries returned by the policy database 212 that require denial or suspension of access to the application. In this embodiment, upon establishment of the application session,

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | the access network monitor 208 continuously monitors any changes in the current access conditions. Therefore, when, in step 314, the access network monitor 208 detects a change in the access conditions, for example when the mobile device 200 migrates from an EVDO to a CDMA 2000 1X access network overlay, it notifies the application manager 210 accordingly. Since this change in the access conditions matches an entry received from the policy database 212 requiring denial of access to the application, the application manager 210, in step 316, sends an event to the application 206 ending the current application session by forcing it to quit.<br><br>*See* Figs. 1, 2 & 3.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 2. The non-transitory computer-readable storage medium recited in claim 1, wherein the first software component comprises at least a portion of an application component or at least a portion of an operating system component, and wherein the one or more prospective or successful communications over the wireless network comprise an update to the first software component. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 3. The non-transitory computer-readable storage medium recited in claim 1, wherein the one or more prospective or successful communications over the wireless network comprise a communication associated with a network access, background signaling, a cloud synchronization service, an information feed, a download, an e-mail, a chat client, a security update, a peer-to-peer networking application update, a report of a behavior associated with the wireless | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Case 2:23-cv-00379-JRG-RSP   Document 76-15   Filed 08/21/24   Page 25 of 77 PageID #:
4600
Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| end-user device, or a combination of these. | |
| 4. The non-transitory computer-readable storage medium recited in claim 1, wherein the one or more prospective or successful communications over the wireless network comprise a communication associated with a content update or a content download. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 5. The non-transitory computer-readable storage medium recited in claim 1, wherein the one or more prospective or successful communications over the wireless network comprise a communication associated with an image, music, a video, an electronic book, an e-mail attachment, a content or media subscription, a news feed, a text message, a video chat, or a combination of these. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 6. The non-transitory computer-readable storage medium recited in claim 1, wherein the one or more prospective or successful communications over the wireless network comprise a communication associated with a device application or widget, a device operating system function, a file download, streaming media, a software update, a firmware update, a website, a connection to a server, a web browser, or a synchronization service. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 7. The non-transitory computer-readable storage medium recited in claim 1, wherein identify a service usage activity of the wireless end-user device comprises | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| identify an intention to launch or start the first software component. | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 8. The non-transitory computer-readable storage medium recited in claim 1, wherein identify a service usage activity of the wireless end-user device comprises identify: an application identifier associated with the service usage activity or the first software component, an operating system function identifier associated with the service usage activity or the first software component, an aggregate service activity identifier, a component service activity identifier, or a combination of these. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 9. The non-transitory computer-readable storage medium recited in claim 1, wherein the service usage activity results from cooperation between the first software component and at least one other software component, application, process, function, activity, or service, and wherein identify a service usage activity of the wireless end-user device comprises: | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) identify a data flow to or from the at least one other software component, application, process, function, activity, or service; and | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) associate the data flow with the first software component. | Abichandani discloses this element. *See supra* claim 1. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 10. The non-transitory computer-readable storage medium recited in claim 9, wherein the first software component comprises at least a portion of an application, and wherein the at least one other software component, application, process, function, activity, or service performs a proxy function. | Abichandani anticipates and/or renders obvious claim 9.  *See supra* claims 1, 9.<br><br>In addition, Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 11. The non-transitory computer-readable storage medium recited in claim 9, wherein the at least one other software component, application, process, function, activity, or service performs a proxy function. | Abichandani anticipates and/or renders obvious claim 9.  *See supra* claims 1, 9.<br><br>In addition, Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 12. The non-transitory computer-readable storage medium recited in claim 9, wherein the at least one other software component, application, process, function, activity, or service comprises a media service manager, an e-mail service manager, a domain name service (DNS) function, a software download service manager, a media download manager, a data download service manager, a media library function, a simple mail transfer protocol (SMTP) proxy, an Internet message access protocol (IMAP) proxy, a post office protocol (POP) proxy, a hypertext transfer protocol (HTTP) proxy, | Abichandani anticipates and/or renders obvious claim 9.  *See supra* claims 1, 9.<br><br>In addition, Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| an instant messaging (IM) proxy, a virtual private network (VPN) service manager, or a secure socket layer (SSL) proxy. | |
|---|---|
| 13. The non-transitory computer-readable storage medium recited in claim 1, wherein identify a service usage activity of the wireless end-user device comprises: | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) monitor an application proxy service flow; and | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) classify the application proxy service flow as being initiated by or belonging to the first software component. | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 14. The non-transitory computer-readable storage medium recited in claim 1, wherein identify a service usage activity of the wireless end-user device comprises: | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) associate an identifier identifying the first software component with a request to a proxy service; | In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| (b) associate the request to the proxy service with a traffic flow, the traffic flow comprising the service usage activity; and | In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (c) associate the traffic flow with the identifier. | In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 15. The non-transitory computer-readable storage medium recited in claim 14, wherein the identifier comprises a name, a fingerprint, an identification tag, a process number, or a credential. | Abichandani anticipates and/or renders obvious claim 14. *See supra* claims 1, 14.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 14.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 16. The non-transitory computer-readable storage medium recited in claim 1, wherein the service usage activity results from cooperation between the first software component and a proxy function, and wherein identify a service usage activity of the wireless end-user device comprises: | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claims 1, 14.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) identify a data flow to or from the proxy function; and | Abichandani discloses this element. *See supra* claims 1, 14.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) associate the data flow with the first software component. | Abichandani discloses this element.  *See supra* claims 1, 14.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 17. The non-transitory computer-readable storage medium recited in claim 1, wherein identify a service usage activity of the wireless end-user device comprises identify the service usage activity based on a stream, a flow, a destination, a port, a packet inspection, or a combination of these. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 18. The non-transitory computer-readable storage medium recited in claim 1, wherein identify a service usage activity of the wireless end-user device comprises determine an identifier associated with the first software component, a number associated with the first software component, a name associated with the first software component, or a signature associated with the first software component. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 19. The non-transitory computer-readable storage medium recited in claim 1, wherein the first software component comprises at least a portion of an application on the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| 20. The non-transitory computer-readable storage medium recited in claim 1, wherein the first software component comprises an operating system component, function, or service. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 21. The non-transitory computer-readable storage medium recited in claim 1, wherein the first software component comprises a software function, utility, process, or tool. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 22. The non-transitory computer-readable storage medium recited in claim 1, wherein the first software component comprises a plurality of applications, processes, functions, activities, or services. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 23. The non-transitory computer-readable storage medium recited in claim 1, wherein the first software component comprises a Java archive (JAR) file, an application that uses an operating system (OS) function, an application that uses a proxy service function, or an OS process function that supports an application or OS function. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 24. The non-transitory computer-readable storage medium recited in claim 1, | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| wherein the network element is communicatively coupled to the wireless end-user device over the wireless network. | In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 25. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is based on an amount of time, a time of day, a day of a week, a schedule, a network busy state, a network performance state, a network quality-of-service state, a priority of the service usage activity, or a combination of these. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 26. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is based on a background service class, a background service state, or a combination of these. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 27. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is based on at least an aspect of a service plan. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 28. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is based on a behavior of the first software component, a behavior of the service usage activity, a | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| messaging layer behavior, a random back-off, a power state of the wireless end-user device, a usage state of the wireless end-user device, or a combination of these. | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 29. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is based on a user interaction with the first software component, a user interaction with the service usage activity, a user interaction with the wireless end-user device, a user interface priority of the service usage activity, or a combination of these. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 30. The non-transitory computer-readable storage medium recited in claim 1, wherein the wireless end-user device is part of a device group, and wherein the policy is associated with the device group. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 31. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is based on a type of the wireless network. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 32. The non-transitory computer-readable storage medium recited in claim 31, wherein the type of the wireless network is cellular, 2G, 3G, 4G, home, roaming, wireless fidelity (WiFi), or a combination of these. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 33. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is based on a roaming condition of the wireless end-user device, a cost associated with communicating over the wireless network, or a combination of these. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 34. The non-transitory computer-readable storage medium recited in claim 1, wherein controlling the service usage activity comprises preventing the first software component from launching, executing, or running. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 35. The non-transitory computer-readable storage medium recited in claim 1, wherein the at least an aspect of the policy is based on the user input obtained through the user interface of the wireless end-user device, and wherein the user input identifies the first software component or the service usage activity. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 36. The non-transitory computer-readable storage medium recited in claim 1, wherein the at least an aspect of the policy is based on the user input obtained through the user interface of the wireless end-user device, and wherein the user input identifies a network parameter or a network type. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| 37. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is based on a usage limit or a threshold. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 38. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is based on a limit, wherein the limit is based on the user input obtained through the user interface of the wireless end-user device, a user preference, an indication of a threshold, a total traffic, a type of traffic, a destination, a port, a frequency of access, an access behavior, or a combination of these. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 39. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is based on a type of the service usage activity, a priority of the service usage activity, a duration of the service usage activity, a characteristic of the wireless network, a quality-of-service (QoS) rule associated with the service usage activity, or a combination of these. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 40. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy comprises one or more filters, wherein the one or more filters provide filtering based on: a characteristic of the wireless network, a service plan applicable to the wireless end-user device, a characteristic of the first software | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| component, a time of day, a network busy state, or a combination of these. | |
| 41. The non-transitory computer-readable storage medium recited in claim 1, wherein the wireless network is a first wireless network, and wherein the service usage activity is a first service usage activity, and wherein the policy assists the one or more processors to control the first service usage activity when the wireless end-user device is connected to the first wireless network and refrain from controlling a second service usage activity when the wireless end-user device is connected to a second wireless network, the second service usage activity being associated with the first software component. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 42. The non-transitory computer-readable storage medium recited in claim 41, wherein control the first service usage activity comprises prevent, restrict, or block the first service usage activity. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 43. The non-transitory computer-readable storage medium recited in claim 1, wherein the second wireless network is a wireless fidelity (WiFi) network or a home network. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 32.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 44. The non-transitory computer-readable storage medium recited in claim 1, | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| wherein determine whether the service usage activity comprises a background activity comprises determine whether a user is interacting with or has interacted with the first software component. | In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 45. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background activity comprises determine whether the first software component is in a user interface foreground. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 46. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background activity comprises determine whether the service usage activity is a software update. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 47. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background activity comprises determine whether the first software component is or has been classified as being in a background state or the service usage activity is or has been classified as a background service. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 48. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| activity comprises determine whether the service usage activity is identified by a list specifying one or more background activities. | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 49. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background activity comprises determine whether the service usage activity is a foreground activity. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 50. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background activity comprises determine whether the first software component is a foreground component. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 51. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background activity comprises: | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) determine a classification of the service usage activity, and | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| (b) based on the classification of the service usage activity, determine whether the service usage activity comprises the background activity. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 52. The non-transitory computer-readable storage medium recited in claim 51, wherein the classification of the service usage activity is based on: whether the first software component requires access to the wireless network, whether the one or more prospective or successful communications over the wireless network comprise an update to the first software component, whether the first software component requires information about the wireless network, whether the first software component requires location information, whether the one or more prospective or successful communications over the wireless network comprise an operating system software update, whether the one or more prospective or successful communications over the wireless network comprise a security software update, whether the one or more prospective or successful communications over the wireless network comprise a communication associated with a network-based back-up, whether the one | Abichandani anticipates and/or renders obvious claim 51. *See supra* claims 1, 51.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 51.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| or more prospective or successful communications over the wireless network comprise a communication associated with an e-mail download, whether the one or more prospective or successful communications over the wireless network comprise communications associated with a cloud synchronization service, or a combination of these. | |
| 53. The non-transitory computer-readable storage medium recited in claim 51, wherein the user input obtained through the user interface of the wireless end-user device is a first user input, and wherein determine a classification of the service usage activity is based on a characteristic of the first software component, a content type associated with the service usage activity, a characteristic of the wireless network, a service plan, a user preference, the first user input, a second user input, the information from the network element, or a combination of these. | Abichandani anticipates and/or renders obvious claim 51.  *See supra* claims 1, 51.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 51.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 54. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background activity is based on a user interaction with the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 55. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| activity comprises determine whether a value comprising a measure of the service usage activity satisfies a condition relative to a threshold. | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 56. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background activity comprises determine whether the first software component is a foreground component or an unclassified component. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 57. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background activity comprises determine whether the first software component is in a foreground of user interaction or determine whether the first software component is in a background of user interaction. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 58. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background activity comprises determine whether content associated with the service usage activity is in a foreground of a user interface of the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 59. The non-transitory computer-readable storage medium recited in claim 1, wherein determine whether the service usage activity comprises a background | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1. |

Case 2:23-cv-00379-JRG-RSP   Document 76-15   Filed 08/21/24   Page 42 of 77 PageID #:
4617
Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| activity comprises determine whether the first software component is active. | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 60. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in allowing, restricting, delaying, throttling, or preventing the service usage activity. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 61. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in: blocking access to the wireless network, restricting access to the wireless network, delaying access to the wireless network, or aggregating and holding the service usage activity. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 62. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in queuing, time-windowing, suspending, quarantining, killing, or removing the service usage activity. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 63. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in preventing an update associated with the first software component. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

|  | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 64. The non-transitory computer-readable storage medium recited in claim 1, wherein the one or more prospective or successful communications over the wireless network comprise one or more Internet protocol (IP) address requests, and wherein apply the policy comprises at least assist in withholding, delaying, time-windowing, reducing in frequency, or aggregating at least a portion of the service usage activity. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 65. The non-transitory computer-readable storage medium recited in claim 1, wherein the information from the network element is first information, and wherein apply the policy comprises provide second information to the first software component. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 66. The non-transitory computer-readable storage medium recited in claim 65, wherein provide second information to the first software component comprises provide the second information through an application programming interface. | Abichandani anticipates and/or renders obvious claim 65. *See supra* claims 1, 65.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 65.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 67. The non-transitory computer-readable storage medium recited in claim 65, wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable | Abichandani anticipates and/or renders obvious claim 65. *See supra* claims 1, 65.<br><br>In addition, Abichandani discloses this element. *See supra* claims 1, 65.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| instructions further cause the one or more processors to: | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| (a) provide third information to a second software component on the wireless end-user device, the third information being different from the second information. | Abichandani discloses this element.  *See supra* claims 1, 65.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 68. The non-transitory computer-readable storage medium recited in claim 67, wherein provide third information to a second software component on the wireless end-user device comprises provide the third information through an application programming interface. | Abichandani anticipates and/or renders obvious claim 67.  *See supra* claims 1, 67.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 67.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 69. The non-transitory computer-readable storage medium recited in claim 67, wherein the third information enables the second software component to communicate over the wireless network. | Abichandani anticipates and/or renders obvious claim 67.  *See supra* claims 1, 67.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 67.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 70. The non-transitory computer-readable storage medium recited in claim 65, wherein the wireless network is a first wireless network, and wherein the second information comprises a network access condition of the first wireless network, a network busy state associated with the first wireless network, a network availability state associated with the first wireless network, a network busy state associated with a second wireless | Abichandani anticipates and/or renders obvious claim 65.  *See supra* claims 1, 65.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 65.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

| | |
|---|---|
| network, a network availability state associated with the second wireless network, or information about the policy. | |
| 71. The non-transitory computer-readable storage medium recited in claim 65, wherein the second information comprises a setting for assisting the first software component in restricting, allowing, blocking, throttling, deferring, time-scheduling, or queuing the service usage activity. | Abichandani anticipates and/or renders obvious claim 65.  *See supra* claims 1, 65.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 65.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 72. The non-transitory computer-readable storage medium recited in claim 71, wherein the setting is based on a characteristic of the wireless network, a network busy state associated with the wireless network, a time, a service plan associated with the wireless end-user device, a classification of the service usage activity, or a combination of these. | Abichandani anticipates and/or renders obvious claim 71.  *See supra* claims 1, 71.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 71.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 73. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises inform the first software component whether the first software component is allowed to access the wireless network. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 74. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises inform the first software component whether the wireless network is available. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

|  | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 75. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises inform the first software component of a traffic control to be implemented or applied by the first software component. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 76. The non-transitory computer-readable storage medium recited in claim 1, wherein the information from the network element is first information, and wherein apply the policy comprises obtain second information from the first software component. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 77. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in intercepting, controlling, blocking, modifying, removing, or replacing a notification associated with the first software component or the service usage activity, the notification for presentation through a user interface of the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 78. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in intercepting, controlling, blocking, modifying, removing, or replacing a notification for presentation | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| through a user interface of the wireless end-user device. | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 79. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in intercepting a stack application programming interface (API) level or application messaging layer request. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 80. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in killing or suspending the service usage activity or the first software component. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 81. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in changing or setting a priority of the service usage activity. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 82. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in emulating a network application programming interface (API) message. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| 83. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises at least assist in intercepting, modifying, blocking, removing, injecting, swapping, or replacing an application interface message. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 84. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises: | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) at least assist in preventing initiation of the service usage activity by the first software component; and | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) send a message to the first software component. | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 85. The non-transitory computer-readable storage medium recited in claim 84, wherein initiation of the service usage activity by the first software component comprises opening of a connection, opening of a socket, initiating | Abichandani anticipates and/or renders obvious claim 84.  *See supra* claims 1, 84.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 84.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| transmission, initiating a data flow, or initiating a data stream. | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 86. The non-transitory computer-readable storage medium recited in claim 84, wherein the message comprises a reset message, an indication that the service usage activity is not allowed, or an indication that the wireless network is not available. | Abichandani anticipates and/or renders obvious claim 84.  *See supra* claims 1, 84.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 84.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 87. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises: | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) identify a socket to be opened for the service usage activity; and | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) based on a condition, block the service usage activity or terminate the socket. | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 88. The non-transitory computer-readable storage medium recited in claim 1, wherein controlling the service usage activity comprises: blocking a network | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| access event or attempt associated with the first software component, modulating a number of access events or attempts associated with the first software component, aggregating a plurality of access events or attempts associated with the first software component, or time-windowing the number of access events or attempts associated with the first software component. | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 89. The non-transitory computer-readable storage medium recited in claim 1, wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to: | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) if it is determined that the service usage activity is not the background activity, refrain from applying the policy. | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 90. The non-transitory computer-readable storage medium recited in claim 1, wherein the policy is a first policy, and wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to: | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) if it is determined that the service usage activity is not the background activity, apply a second policy. | Abichandani discloses this element. *See supra* claim 1. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 91. The non-transitory computer-readable storage medium recited in claim 1, wherein apply the policy comprises cause a notification to be presented through a user interface of the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 92. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification provides information about the policy. | Abichandani anticipates and/or renders obvious claim 91.  *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 93. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification provides information about an option to set, control, override, or modify the at least an aspect of the policy or a second aspect of the policy. | Abichandani anticipates and/or renders obvious claim 91.  *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 94. The non-transitory computer-readable storage medium recited in claim 91, wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more | Abichandani anticipates and/or renders obvious claim 91.  *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

| | |
|---|---|
| processors to obtain an indication of a user response to the notification. | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 95. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification provides a warning or an alert. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 96. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification provides information about a service plan limit. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 97. The non-transitory computer-readable storage medium recited in claim 91, wherein the first software component is at least a portion of an application, and wherein the one or more prospective or successful communications over the wireless network comprise an attempt to launch, run, or execute the application, and wherein the notification comprises information about the attempt to launch, run, or execute the application. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 98. The non-transitory computer-readable storage medium recited in claim 91, wherein the one or more prospective or successful communications over the wireless network comprise an attempted or successful launch or execution of the | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| first software component, and wherein the notification comprises information about the attempted or successful launch or execution of the first software component. | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 99. The non-transitory computer-readable storage medium recited in claim 91, wherein the policy is based on a limit, and wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to determine that a data usage associated with the service usage activity is not less than the limit, and wherein cause a notification to be presented through a user interface of the wireless end-user device comprises trigger presentation of the notification based on the determination that the data usage associated with the service usage activity is not less than the limit. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 100. The non-transitory computer-readable storage medium recited in claim 91, wherein the one or more prospective or successful communications over the wireless network comprise an attempt to download or load an application, and wherein the notification comprises information about the attempted download or load of the application. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 101. The non-transitory computer-readable storage medium recited in claim 91, wherein the one or more prospective or successful communications over the wireless network comprise an attempt to initiate usage of a cloud-based service or | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| application, and wherein the notification comprises information about the attempted initiation of usage of the cloud-based service or application. | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 102. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification indicates that one or more service usage activities are subject to the policy. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 103. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification provides information about a second network. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 104. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification comprises an offer for a service plan upgrade or downgrade. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 105. The non-transitory computer-readable storage medium recited in claim 91, wherein apply the policy further comprises obtain an indication of a user preference in response to the notification. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 106. The non-transitory computer-readable storage medium recited in claim 105, wherein the indication of the user preference comprises a user directive to associate the policy with a second software component. | Abichandani anticipates and/or renders obvious claim 105.  *See supra* claims 1, 105.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 105.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 107. The non-transitory computer-readable storage medium recited in claim 105, wherein the indication of the user preference comprises a user directive to allow or block the service usage activity. | Abichandani anticipates and/or renders obvious claim 105.  *See supra* claims 1, 105.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 105.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 108. The non-transitory computer-readable storage medium recited in claim 105, wherein the indication of the user preference identifies a traffic control setting associated with the policy. | Abichandani anticipates and/or renders obvious claim 105.  *See supra* claims 1, 105.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 105.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 109. The non-transitory computer-readable storage medium recited in claim 105, wherein the indication of the user preference comprises a user directive to allow the service usage activity under a specified condition. | Abichandani anticipates and/or renders obvious claim 105.  *See supra* claims 1, 105.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 105.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

| | |
|---|---|
| 110. The non-transitory computer-readable storage medium recited in claim 105, wherein the indication of the user preference comprises a user directive to override or modify the policy. | Abichandani anticipates and/or renders obvious claim 105. *See supra* claims 1, 105.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 105.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 111. The non-transitory computer-readable storage medium recited in claim 91, wherein cause a notification to be presented through a user interface of the wireless end-user device comprises cause the notification to be presented based on occurrence of a trigger. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 112. The non-transitory computer-readable storage medium recited in claim 111, wherein the trigger is: a measure of the service usage activity satisfies a first condition relative to a threshold, an aspect of the service usage activity satisfies a second condition, a change to the policy, or a message from the network element. | Abichandani anticipates and/or renders obvious claim 111. *See supra* claims 1, 111.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 111.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 113. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification enables a user associated with the wireless end-user device to obtain information about at least an aspect of the service usage activity or a service plan associated with the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 114. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification presents a list | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| of service usage activities or software components, the list of service usage activities or software components including the service usage activity or the first software component. | In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 115. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification presents an option to modify the policy. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 116. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification presents an indication of a measure of usage of the wireless network associated with the service usage activity. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 117. The non-transitory computer-readable storage medium recited in claim 91, wherein the notification is provided through an e-mail, a text message, a window, a setting, or a voice message. | Abichandani anticipates and/or renders obvious claim 91. *See supra* claims 1, 91.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 91.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 118. The non-transitory computer-readable storage medium recited in claim 1, wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| instructions further cause the one or more processors to: | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| (a) cause a notification to be presented through a user interface of the wireless end-user device. | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 119. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification provides information about the policy. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 120. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification provides information about an option to set, control, override, or modify the at least an aspect of the policy or a second aspect of the policy. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 121. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification indicates that the service usage activity is the background activity. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| 122. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification provides information about a second network. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 123. The non-transitory computer-readable storage medium recited in claim 118, wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to obtain an indication of a user preference in response to the notification. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 124. The non-transitory computer-readable storage medium recited in claim 123, wherein the indication of the user preference comprises a user directive to associate the policy with the first software component. | Abichandani anticipates and/or renders obvious claim 123. *See supra* claims 1, 123.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 123.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 125. The non-transitory computer-readable storage medium recited in claim 123, wherein the indication of the user preference comprises a user directive to restrict, allow, or block the service usage activity. | Abichandani anticipates and/or renders obvious claim 123. *See supra* claims 1, 123.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 123.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 126. The non-transitory computer-readable storage medium recited in claim | Abichandani anticipates and/or renders obvious claim 123. *See supra* claims 1, 123. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| 123, wherein the indication of the user preference identifies a traffic control setting associated with the policy. | In addition, Abichandani discloses this claim. *See supra* claims 1, 123.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 127. The non-transitory computer-readable storage medium recited in claim 123, wherein the indication of the user preference comprises a user directive to override or modify the policy. | Abichandani anticipates and/or renders obvious claim 123. *See supra* claims 1, 123.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 123.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 128. The non-transitory computer-readable storage medium recited in claim 123, wherein the indication of the user preference comprises a user acknowledgment of the notification. | Abichandani anticipates and/or renders obvious claim 123. *See supra* claims 1, 123.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 123.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 129. The non-transitory computer-readable storage medium recited in claim 123, wherein the indication of the user preference indicates one or more network types. | Abichandani anticipates and/or renders obvious claim 123. *See supra* claims 1, 123.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 123.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 130. The non-transitory computer-readable storage medium recited in claim 129, wherein the one or more network types comprise WiFi, 4G, 3G, wireless, wired, or a combination of these. | Abichandani anticipates and/or renders obvious claim 129. *See supra* claims 1, 129.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 32, 129. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 131. The non-transitory computer-readable storage medium recited in claim 118, wherein cause a notification to be presented through a user interface of the wireless end-user device comprises cause the notification to be presented based on occurrence of a trigger. | Abichandani anticipates and/or renders obvious claim 118.  *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 132. The non-transitory computer-readable storage medium recited in claim 131, wherein the trigger is: a measure of the service usage activity satisfies a first condition relative to a threshold, an aspect of the service usage activity satisfies a second condition, a change to the policy, or a message from the network element. | Abichandani anticipates and/or renders obvious claim 131.  *See supra* claims 1, 131.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 131.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 133. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification enables a user associated with the wireless end-user device to obtain information about at least an aspect of the service usage activity or a service plan associated with the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 118.  *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 134. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification presents a list of service usage activities or software components, the list of service usage activities or software components | Abichandani anticipates and/or renders obvious claim 118.  *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| including the service usage activity or the first software component. | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 135. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification presents information about a setting associated with the policy. | Abichandani anticipates and/or renders obvious claim 118.  *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 136. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification presents information about the wireless network. | Abichandani anticipates and/or renders obvious claim 118.  *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 137. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification presents an indication of a measure of usage of the wireless network associated with the service usage activity. | Abichandani anticipates and/or renders obvious claim 118.  *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 138. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification presents information about a network busy state or a network availability state. | Abichandani anticipates and/or renders obvious claim 118.  *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| 139. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification presents an indication of a measure of usage of the wireless network associated with the first software component. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 140. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification presents information about a statistic associated with the service usage activity. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 141. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification comprises a gauge providing service usage information associated with the service usage activity. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 142. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification comprises a gauge providing service usage information associated with one or more networks, the one or more networks including the wireless network. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 143. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification comprises a | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| gauge providing information associated with a service plan. | In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 144. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification is provided through an e-mail, a text message, a window, a setting, or a voice message. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 145. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification comprises a warning or an alert. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 146. The non-transitory computer-readable storage medium recited in claim 118, wherein the information from the network element is first information, and wherein the notification is based on second information from the network element. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 147. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification comprises information about a cost or a charge associated with the service usage activity. | Abichandani anticipates and/or renders obvious claim 118. *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 118. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 148. The non-transitory computer-readable storage medium recited in claim 118, wherein the notification comprises information about a service sponsor. | Abichandani anticipates and/or renders obvious claim 118.  *See supra* claims 1, 118.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 118.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 149. The non-transitory computer-readable storage medium recited in claim 1, wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to: | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) detect an attempted use of the first software component; and | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) based on the detected attempted use of the first software component, cause a notification to be presented through a user interface of the wireless end-user device. | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 150. The non-transitory computer-readable storage medium recited in claim | Abichandani anticipates and/or renders obvious claim 149.  *See supra* claims 1, 149. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| 149, wherein the notification provides information to enable a user associated with the wireless end-user device to override the policy. | In addition, Abichandani discloses this claim.  *See supra* claims 1, 149.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 151. The non-transitory computer-readable storage medium recited in claim 149, wherein the notification provides information about a cost or a charge associated with the service usage activity. | Abichandani anticipates and/or renders obvious claim 149.  *See supra* claims 1, 149.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 149.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 152. The non-transitory computer-readable storage medium recited in claim 149, wherein the notification provides information to enable a user associated with the wireless end-user device to change or upgrade a service plan associated with the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 149.  *See supra* claims 1, 149.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 149.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 153. The non-transitory computer-readable storage medium recited in claim 1, wherein the at least an aspect of a policy is based on the user input obtained through the user interface of the wireless end-user device, and wherein the user input specifies a user preference associated with one or more network types. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 154. The non-transitory computer-readable storage medium recited in claim 153, wherein the one or more network types comprise wireless fidelity (WiFi), | Abichandani anticipates and/or renders obvious claim 153.  *See supra* claims 1, 153.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 32, 153. |

Case 2:23-cv-00379-JRG-RSP   Document 76-15   Filed 08/21/24   Page 67 of 77 PageID #:
4642
Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| home, roaming, 4G, 3G, wireless, wired, or a combination of these. | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 155. The non-transitory computer-readable storage medium recited in claim 1, wherein the user input obtained through the user interface of the wireless end-user device is a first user input, and wherein the policy is a first policy, and wherein the first user input or a second user input comprises a directive to apply a second policy to a second software component of the plurality of software components on the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 156. The non-transitory computer-readable storage medium recited in claim 1, wherein the user input obtained through the user interface of the wireless end-user device is a first user input, and wherein the first user input or a second user input comprises a directive to refrain from applying the policy to a second software component of the plurality of software components on the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 157. The non-transitory computer-readable storage medium recited in claim 1, wherein the user input obtained through the user interface of the wireless end-user device comprises a directive to apply the policy to a second software component of the plurality of software components on the wireless end-user device. | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| 158. The non-transitory computer-readable storage medium recited in claim 1, wherein the user input obtained through the user interface of the wireless end-user device specifies a user preference associated with the service usage activity or the first software component. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 159. The non-transitory computer-readable storage medium recited in claim 158, wherein the user preference comprises a preference to restrict, allow, block, delay, or throttle the service usage activity. | Abichandani anticipates and/or renders obvious claim 158.  *See supra* claims 1, 158.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 158.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 160. The non-transitory computer-readable storage medium recited in claim 1, wherein the service usage activity is a first service usage activity, and wherein the wireless network is a first wireless network, and wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to: | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) identify a second service usage activity of the wireless end-user device, the second service usage activity being associated with the first software component or with a second software component of the plurality of software components on the wireless end-user device, the second service usage activity comprising one or more prospective or | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| successful communications over a second wireless network; and | |
| (b) refrain from applying the policy to the second service usage activity. | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 161. The non-transitory computer-readable storage medium recited in claim 1, wherein the service usage activity is a first service usage activity, and wherein the background activity is a first background activity, and wherein the wireless network is a first wireless network, and wherein the policy is a first policy, and wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to: | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) identify a second service usage activity of the wireless end-user device, the second service usage activity being associated with the first software component or with a second software component of the plurality of software components on the wireless end-user device, the second service usage activity comprising one or more prospective or successful communications over a second wireless network; and | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) determine whether the second service usage activity is a second background activity; | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

|  |  |
|---|---|
|  | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (c) if it is determined that the second service usage activity is the second background activity, apply a second policy to the second service usage activity. | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 162. The non-transitory computer-readable storage medium recited in claim 161, wherein the first policy restricts or prevents the first background activity, and wherein the second policy allows the second background activity. | Abichandani anticipates and/or renders obvious claim 161.  *See supra* claims 1, 161.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 161.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 163. The non-transitory computer-readable storage medium recited in claim 1, wherein the service usage activity is a first service usage activity, and wherein the wireless network is a first wireless network, and wherein the policy is a first policy, and wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to: | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) identify a second service usage activity of the wireless end-user device, the second service usage activity being associated with the first software component or with a second software component of the plurality of software components on the wireless end-user device, the second service usage activity | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| comprising one or more prospective or successful communications over a second wireless network; and | |
| (b) apply a second policy to the second service usage activity. | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 164. The non-transitory computer-readable storage medium recited in claim 163, wherein the second policy comprises a control policy, a notification policy, or an accounting policy associated with the first software component or the second software component. | Abichandani anticipates and/or renders obvious claim 163.  *See supra* claims 1, 163.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 163.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 165. The non-transitory computer-readable storage medium recited in claim 1, wherein the service usage activity is a first service usage activity, and wherein the one or more prospective or successful communications over the wireless network are first one or more prospective or successful communications over the first wireless network, and wherein the background activity is a first background activity, and wherein the user input obtained through the user interface of the wireless end-user device is a first user input, and wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to: | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| (a) identify a second service usage activity of the wireless end-user device, the second service usage activity being associated with a second software component of the plurality of software components on the wireless end-user device, the second service usage activity comprising second one or more prospective or successful communications over the wireless network; | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) determine whether the second service usage activity is a second background activity; and | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (c) if it is determined that the second service usage activity is the second background activity, apply at least a portion of the policy, wherein the at least a portion of the policy is based on a second user input. | Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 166. The non-transitory computer-readable storage medium recited in claim 1, wherein the service usage activity is a first service usage activity, and wherein the one or more prospective or successful communications over the wireless network are first one or more prospective or successful communications over the wireless network, and wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to: | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this element.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| (a) identify a second service usage activity of the wireless end-user device, the second service usage activity being associated with a second software component of the plurality of software components on the wireless end-user device, the second service usage activity comprising second one or more prospective or successful communications over the wireless network; | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) determine whether the second service usage activity is the background activity; and | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (c) if it is determined that the second service usage activity is the background activity, refrain from applying at least a portion of the policy. | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 167. The non-transitory computer-readable storage medium recited in claim 1, wherein the background activity is a first background activity, and wherein the service usage activity is a first service usage activity, and wherein the one or more prospective or successful communications over the wireless network are first one or more prospective or successful communications over the wireless network, and wherein the policy is a first policy, and wherein, when executed by the one or more processors of | Abichandani anticipates and/or renders obvious claim 1. *See supra* claim 1.<br><br>In addition, Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| the wireless end-user device, the machine-executable instructions further cause the one or more processors to: | |
| (a) identify a second service usage activity of the wireless end-user device, the second service usage activity being associated with a second software component of the plurality of software components on the wireless end-user device, the second service usage activity comprising second one or more prospective or successful communications over the wireless network; | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) determine whether the second service usage activity is a second background activity; | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (c) obtain a second policy, the second policy to be applied when the second service usage activity is the second background activity, the second policy for controlling the second service usage activity; and | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (d) if it is determined that the second service usage activity is the second background activity, apply the second policy. | Abichandani discloses this element. *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 168. The non-transitory computer-readable storage medium recited in claim 167, wherein the first policy, the second policy, or both are based on a network | Abichandani anticipates and/or renders obvious claim 167. *See supra* claims 1, 167.<br><br>In addition, Abichandani discloses this claim. *See supra* claims 1, 167. |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| busy state, a network availability state, or a cost associated with the wireless network. | To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 169. The non-transitory computer-readable storage medium recited in claim 1, wherein the service usage activity is a first service usage activity, and wherein the one or more prospective or successful communications over the wireless network are first one or more prospective or successful communications over the wireless network, and wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to: | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.

In addition, Abichandani discloses this element.  *See supra* claim 1.

To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (a) identify a second service usage activity of the wireless end-user device, the second service usage activity being associated with the first software component, the second service usage activity comprising second one or more prospective or successful communications over the wireless network; | Abichandani discloses this element.  *See supra* claim 1.

To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (b) determine whether the second service usage activity is the background activity; and | Abichandani discloses this element.  *See supra* claim 1.

To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| (c) if it is determined that the second service usage activity is the background activity, apply at least a portion of the policy. | Abichandani discloses this element.  *See supra* claim 1.

To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

|  | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
|---|---|
| 170. The non-transitory computer-readable storage medium recited in claim 1, wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more processors to monitor the service usage activity, account for the service usage activity, report information about the service usage activity, or a combination of these. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 171. The wireless end-user device embodying the non-transitory computer-readable storage medium recited in claim 1. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 172. The non-transitory computer-readable storage medium recited in claim 1, wherein the network element comprises a service controller, a server, a cloud element, or a billing element. | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 173. The non-transitory computer-readable storage medium recited in claim 1, wherein, when executed by the one or more processors of the wireless end-user device, the machine-executable instructions further cause the one or more | Abichandani anticipates and/or renders obvious claim 1.  *See supra* claim 1.<br><br>In addition, Abichandani discloses this claim.  *See supra* claim 1.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it |

Exhibit A-1 – Invalidity of U.S. Patent No. 8,589,541 in view of Abichandani

| | |
|---|---|
| processors to provide information about the service usage activity to the network element. | would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |
| 174. The non-transitory computer-readable storage medium recited in claim 173, wherein the information about the service usage activity comprises a count of data traffic associated with the service usage activity, a transaction count, a message count, a connection time, a connection duration, a classification of traffic, an indication that a measure of the service usage activity satisfies a condition relative to a threshold, a parameter associated with the service usage activity, an indication that the background activity is restricted, or a combination of these. | Abichandani anticipates and/or renders obvious claim 173.  *See supra* claims 1, 173.<br><br>In addition, Abichandani discloses this claim.  *See supra* claims 1, 173.<br><br>To the extent Abichandani does not explicitly and/or inherently disclose this element, it would have been obvious in view of the knowledge of a person of ordinary skill in the art in light of Abichandani alone or it would have been obvious to combine Abichandani with one or more prior art references charted in these Invalidity Contentions or identified in the cover document to which this chart is attached. |