# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00379-JRG-RSP |
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00377-JRG-RSP |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO STRIKE AND COMPEL SUPPLEMENTATION OF
<u>HEADWATER'S AMENDED INFRINGEMENT CONTENTIONS</u>**

**TABLE OF CONTENTS**

1. Defendants Diligently Sought Clarity on Headwater's Contentions. ....................................1
2. Headwater Fails to Establish Representativeness of the Few Charted Products ...................2
3. Headwater Has Not Identified Which Network-Side Components it Accuses .....................3
4. Headwater's Contentions Improperly Mix and Match Accused Functionalities...................5
5. Headwater Knew its Allegations for the Dependent Claims Are Deficient ..........................5
6. Conclusion ..............................................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Orion IP, LLC v. Staples, Inc.*,
　407 F. Supp. 2d 815 (E.D. Tex. 2006) ............................................................................................2

*Realtime Data, LLC v. Rackspace US, Inc.*,
　No. 16-CV-00961-RWS-JDL, 2017 WL 1927749 (E.D. Tex. May 10, 2017) .......................5

*UltimatePointer, LLC v. Nintendo Co.*,
　No. 11-CV-496, 2013 WL 12140173 (E.D. Tex. May 28, 2013) ......................................2, 3

*Uniloc 2017 LLC v. Google LLC*,
　No. 18-CV-497-JRG-RSP (E.D. Tex. Mar. 27, 2020) ............................................................3

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Headwater or Plaintiff | Plaintiff Headwater Research LLC |
| T-Mobile or Defendants | Defendants T-Mobile USA, Inc. and Sprint Corp. |
| Asserted Patents | U.S. Patent Nos. 8,589,541, 8,924,543, 9,198,042 and 9,215,613 |
| '541 Patent | U.S. Patent No. 8,589,541 |
| '543 Patent | U.S. Patent No. 8,924,543 |
| '042 Patent | U.S. Patent No. 9,198,042 |
| '613 Patent | U.S. Patent No. 9,215,613 |
| P.R. | Local Patent Rule |
| OTA | Over The Air |
| FOTA | Firmware Over The Air |

## TABLE OF EXHIBITS

| Ex. | Description |
|---|---|
| 1 | Plaintiff Headwater Research LLC's Disclosure of Asserted Claims and Infringement Contentions (November 20, 2023) |
| 2 | February 1, 2024 Letter from K. Dominguez to M. Fenster |
| 3 | June 12, 2024 Letter from K. Dominguez to M. Fenster |
| 4 | Plaintiff Headwater Research LLC's Amended Disclosure of Asserted Claims and Infringement Contentions (March 19, 2024) |
| 5 | April 8, 2024 Email from C. Sim |
| 6 | February 2, 2024 Letter from K. Dominguez to M. Fenster |

Headwater's operative March 19, 2024 infringement contentions are deficient, leaving Defendants still unable to understand Headwater's infringement theories. Headwater served further supplemental contentions the day ***after*** Defendants filed this motion and ***still*** failed to substantively respond to any of Defendants' concerns. They have not articulated, for instance, how a chart for a single phone is representative of a wearable running a different operating system, how or what particular network components purportedly infringe, or whether disparate device functionalities are alleged to infringe individually. Headwater must link the evidence it cites to the claim elements, demonstrate representativeness (or provide charts for each product) and must clearly and unequivocally identify what component(s) it is accusing as infringing, as outlined specifically in Defendants' opening brief. Mot. at 14. It still has not done so.

**1.      Defendants Diligently Sought Clarity on Headwater's Contentions.**

Headwater mischaracterizes Defendants' repeated efforts to obtain clarity on Headwater's infringement theories. Opp. at 4. Defendants notified Headwater that its initial contentions were deficient as early as November 2023,[1] and Defendants followed up in December 2023, conferred with Headwater in January 2024, and followed up again in February 2024. Mot. Ex. 2. Headwater served supplemental infringement contentions on March 19, 2024, without leave of Court. Mot. at 2–3. On April 8, after Headwater requested that Defendants not oppose Headwater's belated motion to amend its contentions, Defendants explained that Headwater's contentions still suffered from the same deficiencies now raised in this motion, *e.g.*:

> [T]he contentions remain deficient in numerous respects. As just one example, the amended contentions continue to include vague references to "[s]ervers, hardware, software, and services leased, owned, supported, and/or operated by T-Mobile

---

[1] Defendants' counsel also represent Verizon in *Headwater Research LLC v. Cellco Partnership et al.*, 23-cv-352 (E.D. Tex.), in which Headwater asserts the same patents against nearly identical products with substantively identical infringement allegations. On November 1, 2023, Defendants' counsel identified various deficiencies (addressed in this motion) with Headwater's initial infringement contentions against Verizon. *See id.*, Dkt. 72-2.

>comprising T-Mobile's wireless network services functionality," without specifically identifying or charting any such instrumentalities. Relatedly, although Headwater has inserted "FOTA," "Update Server," "FOTA," and "OTA Server" to the definition of the Accused Products in the cover pleading to the amended contentions, *those components are not charted or even referenced* in any of the amended claim charts served by Headwater.

Mot. Ex. 5 at 1. On June 12, Defendants sent another letter (Mot. Ex. 3), but Headwater took over a month to respond and did not accommodate the lead and local conference until August 1.

Despite incorrectly accusing Defendants of "sitting silent for 4 months," Headwater knew about the many deficiencies in its contentions the *entire time*. Headwater's claim of prejudice now rings hollow, as its own reliance on *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815 (E.D. Tex. 2006) demonstrates. In *Orion*, a defendant waited until after expert reports to assert deficiencies in the infringement contentions. *Id.* at 816. The *Orion IP* court denied the motion, finding that the Defendant "opted to wait to clarify the issue until such a time that it could claim prejudice" and "could have easily sought clarification either informally or by motion." *Id.* at 817–18. Here, Defendants have followed precisely those steps: first seeking informal resolution from Headwater, and when Headwater refused, filing this motion.

2. **Headwater Fails to Establish Representativeness of the Few Charted Products**

Headwater is required to "provide an explanation of the technical and functional identity" between the handful of products it elected to chart and the hundreds of others it did not. *UltimatePointer, LLC v. Nintendo Co.*, No. 6:11-CV-496, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013); *see* Mot. at 5–6. Instead, Headwater argues that Defendants should have understood that a single chart for each device manufacturer is representative of all other devices from that manufacturer because they all allegedly run the same operating system, here either

2

Android OS or iOS.[2]  *See* Opp. at 5–6.  This approach glosses over Headwater's accusations against myriad "phones, tablets, and watches" ***which run different versions or altogether different types of operating systems***.  *See* Mot. at 5–6, n.4 (*e.g.*, WatchOS versus iOS).

But even crediting Headwater's assertion, the evidence it cites for representativeness falls far short of the requirements of P.R. 3-1.  For instance, Headwater contends that its allegations against "Background App Refresh" and "Low Power Mode" are representative for all accused Apple devices.  Opp. at 7–8 (citing Opp. Ex. J).  But Headwater relies on merely a string-cite of 25 URLs with ***zero*** explanation.  *See, e.g.* Opp. Ex. J at 9–10.  Headwater likewise claims that its allegations against "Data Saver" are representative for all Android devices (Opp. at 8) but cites only to dozens of screenshots with no explanation.[3]  *See, e.g.*, Opp. Ex. I at 15–25.  To the extent there is information about representativeness buried in these strings of URLs or screenshots, it is Headwater's burden to clearly explain it and demonstrate "technical and functional identity" between its charted and uncharted products.  *UltimatePointer*, 2013 WL 12140173 at *3; *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-497-JRG-RSP, (E.D. Tex. Mar. 27, 2020), Dkt. 235 at 2.

3. **Headwater Has Not Identified Which Network-Side Components it Accuses**

Headwater incorrectly states that Defendants have not produced network-side documents.  Headwater's own contentions refer to identified "FOTA Update Server," "FOTA," and "OTA Server" as accused instrumentalities and cite to requirements documents produced months ago by T-Mobile that describe their operation.  But despite having these requirements documents for ***months***, Headwater's infringement charts never refer to these components ***at all***, let alone explain how these components are related, if at all, to Headwater's other network-side allegations.

---

[2]  Headwater's recent August 8 supplemental contentions, served without leave of Court, include only conclusory representativeness allegations based on the same reasoning.

[3]  Headwater's (new) citation to a public webpage to show that "Android-based wearables" also use App Standby and Doze Mode only demonstrates they run a different OS.  *See* Opp. at 9 n.5.

3

To start, it is irrelevant that Defendants were able to search for documents on a subset of Headwater's network-side allegations. Defendants repeatedly explained to Headwater that its bare accusation against "servers" are insufficient to guide discovery. Mot. Ex. 2, 3 & 5. When Headwater identified its network-side allegations as comprising four pages in a single claim chart—which list the information contained in 3GPP "attach," "bearer resource allocation," "bearer resource modification," and "PDN connectivity" requests—Defendants agreed to search for technical documents relevant to these request messages.[4] *See* Opp. Ex. H at 7–10; Ex. 5 at 1.

However, these 3GPP allegations are insufficient. For instance, Headwater pretends that it refers to "attach request or other requests" for anything other than a single element of claim 1 of the '042 Patent. Opp. at 11–12. Headwater's only evidence, however, is a screenshot from a third-party website with no further explanation copied-and-pasted for each subsequent claim limitation. *See* Opp. Ex. H at 13, 17. Headwater makes no effort to explain the relevance of this information— basic functionalities that indisputably were known and in ubiquitous practice prior to the Asserted Patents—nor is there any attempt to tie it to any other element of the claims.

But it now appears that Headwater's network-side allegations exceed far beyond the limited scope described above. For example, Headwater claims that it "maps [element 1[e] of the '543 Patent] to components and filters" in T-Mobile's network and servers corresponding to "QCI Data Priority levels" and further claims to "explain how these priorities and QCI levels are provided" in subsequent claim elements 1[f] & 1[g]. Opp. at 13. But Headwater provides no explanation of how these QCI allegations relate to the 3GPP allegations, the allegations against "OTA" and "FOTA Servers," or indeed the elements of the asserted claims themselves. For instance, for the

---

[4] Defendants are continuing to search for and collect these documents based on the limited information provided in Headwater's contentions and correspondence.

4

claimed "network provisioning instruction set," a "network traffic inspection system," and a "network policy enforcement system," *id.*; *see* Opp. Ex. H at 13, 18, 22, Headwater's contentions simply parrot the claim language. *See* Opp. Ex. H at 18. Putting aside that Headwater's QCI theory was first articulated in its opposition brief, Headwater's "paste[d] screenshots and block quotes" still leave Defendants without clarity on "where each element of each asserted claim is found within each Accused Instrumentality." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 16-CV-00961-RWS-JDL, 2017 WL 1927749, at *2 (E.D. Tex. May 10, 2017).

**4.  Headwater's Contentions Improperly Mix and Match Accused Functionalities**

Headwater cannot evade clearly charting its infringement contentions by claiming, without explanation, that "the same underlying software functionality and code enables the accused features." Opp. at 15. While Headwater accuses disparate functionalities (e.g., Doze Mode, App Standby, Adaptive Battery, and JobScheduler), its contentions are silent as to how any of them are related or whether they independently or collectively meet the elements of the asserted claims.

**5.  Headwater Knew its Allegations for the Dependent Claims Are Deficient**

Finally, Headwater asserts that "T-Mobile improperly waited until now to raise" deficiencies with Headwater's charting of dependent claims. This is incorrect. On February 2, 2024, more than a month before Headwater served its operative infringement contentions, Defendants wrote to Headwater to complain about "Headwater's assertion of hundreds of dependent claims, for which Headwater provides no substantive infringement allegations at all in most cases." Ex. 6 at 1. Headwater has known of this deficiency for months and done nothing.[5]

**6.  Conclusion**

Defendants respectfully request the relief outlined in their opening brief. *See* Mot. at 14.

---

[5] T-Mobile has a pending motion to compel Headwater to narrow its asserted claims. *See* Dkt. 58.

Dated: August 29, 2024

/s/ Katherine Q. Dominguez
Katherine Q. Dominguez (Lead Attorney)
kdominguez@gibsondunn.com
Josh A. Krevitt
jkrevitt@gibsondunn.com
Brian Rosenthal
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4015

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
Telephone: (214) 698-3100
Facsimile: (214) 571-2900

Andrew Robb
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone: (650) 849-5300

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Defendants*