

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY  10166-0193
Tel 212.351.4000
gibsondunn.com

Kate Dominguez
Direct: +1 212.351.2338
Fax: +1 212.716.0839
KDominguez@gibsondunn.com

February 2, 2024

<u>VIA E-MAIL</u>

Marc Fenster
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

*Re:*    *Headwater Research LLC v. T-Mobile USA, Inc. et al, No. 2:23-cv-00379 and -00377 (E.D. Tex.)*

Counsel,

We write on behalf of Defendants T-Mobile USA, Inc. and Sprint LLC (collectively, "T-Mobile") regarding the excessive number of claims asserted by Plaintiff Headwater Research LLC ("Headwater") in the above-captioned action.

Headwater currently purports to assert 281 claims collectively across the four Asserted Patents. *See* Headwater's Disclosure of Asserted Claims and Infringement Contentions at 2.  A large majority of these claims come from a single asserted patent, U.S. Patent No. 8,589,541, where Headwater has asserted **all** of that patent's 174 claims.

Headwater's contentions fail to establish an articulable theory of infringement between the asserted claims and the evidence concerning the accused instrumentalities.  Headwater has made virtually no effort to explain how the disclosures it cites allegedly meet even the asserted independent claims.

The inscrutability of Headwater's contentions is only exacerbated by Headwater's assertion of hundreds of dependent claims, for which Headwater provides no substantive infringement allegations at all in most cases.  For the vast majority of the asserted dependent claims, Headwater's contentions simply refer to the evidence cited for other asserted claims, without more.  *See, e.g.*, Ex. A to Disclosure of Asserted Claims and Infringement Contentions, cls. 10–23, 26–76, 78–169, 171–174.  For the few dependent claims where Headwater does include purported evidence of infringement, that evidence is still by-and-large recopied from Headwater's allegations regarding the sole independent claim and the charts provide no additional information or explanation of how the cited disclosures meet the claim limitations. In either case, it is impossible for T-Mobile to discern Headwater's infringement theory for virtually any of the more than 200 asserted dependent claims.

**GIBSON DUNN**

Marc Fenster
Russ August & Kabat
February 2, 2024
Page 2

Headwater's blanket approach has prejudiced T-Mobile's ability to investigate invalidity and non-infringement and imposed immense and unnecessary burden and cost in the preparation of T-Mobile's defenses. Accordingly, Headwater should commit to a meaningful narrowing of the number of asserted claims across all Asserted Patents. Headwater's commitment to claim narrowing in the near term will avoid the additional and unjustified expenses of unnecessarily litigating hundreds of claims through discovery.

Accordingly, T-Mobile proposes the following schedule for narrowing of the asserted claims, and commensurate narrowing of T-Mobile's prior art:

- By February 23, 2024, Headwater shall serve a Preliminary Election of Asserted Claims which shall assert no more than ten claims from each patent and not more than a total of 32 claims.

- No later than 14 days after service of Headwater's preliminary election, T-Mobile shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and not more than a total of 40 references.[1]

- No later than 28 days before the service of expert reports by the party with the burden of proof on an issue, Headwater shall serve a Final Election of Asserted Claims which shall asserted no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims.

- No later than the date set for the service of expert reports by the party with the burden of proof on an issue, T-Mobile shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent, and no more than 20 total references.

This two-phase election of asserted claims and prior art references conforms to the Eastern District of Texas's Model Order. T-Mobile's proposal above modifies that Model Order to bring the preliminary elections earlier in time, in order to focus the issues of the case and avoid the additional burden of litigating Headwater's excessive number of asserted claims.

---

[1] A prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

**GIBSON DUNN**

Marc Fenster
Russ August & Kabat
February 2, 2024
Page 3


Please confirm whether Headwater is amenable to the above schedule for narrowing the issues in this case.  T-Mobile is available to meet and confer regarding this proposal.


Sincerely,


*/s/ Katherine Q. Dominguez*


Katherine Q. Dominguez