# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. T-MOBILE USA, INC. AND SPRINT CORP., *Defendants*. | Civil Action No. 2:23-CV-00379-JRG-RSP |
| HEADWATER RESEARCH LLC, *Plaintiff*, v. T-MOBILE USA, INC. AND SPRINT CORP., *Defendants*. | Civil Action No. 2:23-CV-00377-JRG-RSP |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**TABLE OF CONTENTS**

1. INTRODUCTION ..................................................................................................................1
2. BACKGROUND ....................................................................................................................2
3. ARGUMENT .........................................................................................................................3
   A. Headwater Accused User Devices for All Four Asserted Patents .....................................3
   B. Headwater's Charts Do Not Include Any of the Purportedly Identified Network Elements ..................................................................................................................................4
   C. Headwater's Additional Network-Side Allegations are Also Insufficient.........................6
   D. Headwater Must Clarify Its Contentions Before Obtaining More Discovery ....................6
   E. Headwater's Motion is or Will Soon be Moot to the Extent it is Entitled to Additional Discovery..................................................................................................................................7
4. CONCLUSION .......................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Orion IP, LLC v. Staples, Inc.*,
　407 F. Supp. 2d 815 (E.D. Tex. 2006)..................................................................................5

*Orion IP, LLC v. Staples, Inc.*,
　04-CV-00297-LED (E.D. Tex. July, 7, 2005).......................................................................5

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Headwater or Plaintiff | Plaintiff Headwater Research LLC |
| T-Mobile or Defendants | Defendants T-Mobile USA, Inc. and Sprint Corp. |
| Asserted Patents | U.S. Patent Nos. 8,589,541, 8,924,543, 9,198,042 and 9,215,613 |
| '541 Patent | U.S. Patent No. 8,589,541 |
| '543 Patent | U.S. Patent No. 8,924,543 |
| '042 Patent | U.S. Patent No. 9,198,042 |
| '613 Patent | U.S. Patent No. 9,215,613 |
| P.R. | Local Patent Rule |
| OTA | Over The Air |
| FOTA | Firmware Over The Air |

## TABLE OF EXHIBITS

| Ex. | Description |
|---|---|
| A | February 1, 2024 Letter from K. Dominguez |
| B | November 20, 2023 Disclosure of Asserted Claims and Infringement Contentions |
| C | February 7, 2024 Email from M. Zhu |
| D | April 8, 2024 Email from C. Sim |
| E | June 12, 2024 Letter from K. Dominguez |
| F | August 2, 2024 Email from J. Wietholter |
| G | September 4, 2024 Email from C. Sim |

1.  **INTRODUCTION**

Headwater has only itself to blame for the state of discovery regarding Defendants' network equipment. Even after multiple rounds of amended contentions, Headwater has never explained *what* network components it accuses of infringement or *how* those components purportedly infringe. Defendants have repeatedly asked Headwater to clarify these allegations, which would allow for reasonably scoped discovery into network equipment. Headwater has never done so. This is, in part, the subject of Defendants' pending motion to strike and compel supplementation in this case. *See* Dkt. 68. After months of follow-up and multiple letters from Defendants, Headwater first raised purported deficiencies in Defendants' productions only after Defendants sought to confer on Headwater's contentions.

A year into this lawsuit, the totality of Headwater's accusations against "FOTA Update Server," "FOTA," and "OTA Server" is a single sentence in the cover pleading of its infringement contentions referring to them as examples of accused "servers, hardware, software, and services." Headwater's infringement charts make no mention of these components and do not cite any of the documentation T-Mobile has already produced describing them. Nor has Headwater explained how any other network functionalities are even relevant to its contentions.

To the extent Defendants understand Headwater's network allegations to date, Defendants have already agreed to produce documents response to those allegations. For the first time in its motion, Headwater identified additional network functionalities that are purportedly relevant—Defendants are now collecting and producing discovery on those newly accused functionalities as well. Thus, to the extent Headwater is entitled to any network-related discovery on its current contentions, Headwater's motion is (or will shortly be) moot. Any discovery beyond this into Defendants' network components will require Headwater to further clarify its contentions. At a minimum, Headwater must specifically identify the network components it accuses of

1

infringement and demonstrate clearly and on an element-by-element basis how those components purportedly infringe the asserted claims.

## 2. BACKGROUND

Defendants' long-running efforts to obtain clarity on Headwater's purported network-side allegations is described in full in Defendants' pending motion to strike and compel supplementation of Headwater's contentions. *See* Dkt. 68 at 1–4. Headwater served its initial infringement contentions in November 2023. Defendants explained in a February 2023 letter that those contentions did not adequately identify any network components of infringement at all. Ex. A. In particular, Headwater's contentions identified, as the accused products for all four Asserted Patents, over 240 user devices by name. Ex. B at 2–3. In addition, Headwater also purported to accuse "[s]ervers, hardware, software, and services leased, owned, supported, and/or operated by T-Mobile comprising T-Mobile's wireless network services functionality" with no further explanation or identification of which components Headwater purported to accuse. *Id.* The charts Headwater included in its contentions did not identify, for any Asserted Patent, any purportedly accused network components. *See, e.g.*, Dkts. 74-1 & 74-2.

During a conference in the related Verizon litigation, [1] Defendants requested that Headwater identify where, in its contentions, it had specifically identified purportedly accused network components. *See* Ex. C. Headwater identified only four pages of Headwater's chart for the '042 Patent. *Id.* Headwater subsequently served its February 2024 amended contentions to T-Mobile, which it described "ma[de] amendments consistent with those made in the Verizon amended contentions." Ex. D at 3. T-Mobile then confirmed that, like Verizon, it would perform

---

[1] Defendants' counsel also represent Verizon in *Headwater Research LLC v. Cellco Partnership et al.*, 23-CV-352 (E.D. Tex.), in which Headwater asserts the same patents against nearly identical products with substantively identical infringement allegations.

2

a reasonable search for technical documents related to the four pages identified by Headwater. *Id.* at 1. Headwater did not object to this response.

On June 12, Defendants wrote to Headwater to reiterate the substantial deficiencies in its infringement contentions, including Headwater's failure to specifically accuse any network components of infringement. *See* Ex. E. After several follow-up emails from Defendants, the parties conferred at the end of July. During that conference, Headwater raised for the first time that it intended move to compel production of technical documents including as related to its purported network-side allegations. Ex. F.

Lead and local counsel for the parties conferred again on September 9, during which Defendants explained they were already collecting documents related to Headwater's allegations against 3GPP "attach" requests, QCI levels, and the components identified by Headwater, and therefore believed that Headwater's motion was mooted. Headwater disagreed but could not articulate what additional documents would be relevant to Headwater's allegations. Ex. G.

3.   **ARGUMENT**

If Headwater specifically identified infringement by network components, T-Mobile would be obligated to produce discovery relevant to those network components. But despite serving multiple rounds of amended contentions, Headwater has not met this basic prerequisite to obtaining that discovery. Nonetheless, Defendants are already collecting documents for production to the extent they are able to understand Headwater's contentions and the new arguments in its opposition to Defendants' motion to strike, which name new network elements.

A.   **Headwater Accused User Devices for All Four Asserted Patents**

Headwater first asserts that the '543 and '042 Patents purportedly "are directed specifically to network-side functionality." Mot. at 5. This description, however, is inconsistent with how

3

Headwater has interpreted these patents in its infringement contentions in this case.

Every iteration of Headwater's infringement contentions—for every Asserted Patent—has specifically identified in the cover pleading the same list of well over two hundred "[p]hones, tablets, wearables, and devices" from various manufacturers as Accused Products. *See, e.g.*, Ex. B at 4–6. And for each Asserted Patent, Headwater's infringement claim charts, in defining the "Accused Instrumentalities" similarly echo these allegations:

> Accused Instrumentalities: smartphones, basic phones, tablets, laptops, and hotspot devices sold (including those sold in bundles with data plans) or used by T-Mobile in conjunction with T-Mobile's servers, hardware, software, and services leased, owned, supported, and/or operated by T-Mobile comprising T-Mobile's wireless network services, and all versions and variations thereof since the issuance of the asserted patent.

*E.g.* Dkt. 74-1 at 1; Dkt. 74-2 at 1.

In contrast to this specific identification of end-user devices, Headwater's initial contentions contained only a vague reference to "[s]ervers, hardware, software, and services leased, owned, supported, and/or operated by T-Mobile comprising T-Mobile's wireless network services functionality" as Accused Products. *See, e.g.*, Ex. B at 4–6. But no network components were identified in Headwater's contentions for *any* Asserted Patent. *Id.*

Headwater's contentions establish that it is accusing end-user devices for the Asserted Patents, including the purportedly network-side '543 and '042 Patents. Headwater's belated assertion that these patents, in fact, "are directed specifically to network-side functionality" is thus contrary to how Headwater has litigated this case.

> **B.    Headwater's Charts Do Not Include Any of the Purportedly Identified Network Elements**

As Headwater acknowledges, its January 2024 amended infringement contentions added a bald assertion against "FOTA Update Server," "FOTA," and "OTA Server" for all four Asserted

4

Patents.[2]  But Headwater leaves out that ***none*** of these components appear anywhere in its infringement charts.  Defendants are thus left with no guidance on how Headwater contends these components are relevant to its infringement allegations at all.

Headwater had the opportunity to explain the connection between these components and its infringement theories.  Headwater acknowledges that Defendants produced documents describing the operation of these components well before Headwater's first amendment to its contentions in March 2024.  *See* Mot. at 3.  But ***none*** of this information appeared in the charts accompanying Headwater's March 2024 contentions for the '543 and '042 Patents.  *See, e.g.*, Dkts. 74-1 & 74-2.  Indeed, the language Headwater purports to block-quote from its March 2024 infringement chart for the '543 Patent referring to "FOTA Update Server," "FOTA," and "OTA Server" ***does not appear*** in that chart.  *See* Mot. at 8; Dkt. 74-2 at 13–19.  As Headwater's own cited authority explains, Headwater cannot maintain allegations against these network components without articulating its "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves."  *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006).[3]

Accordingly, Headwater uses its motion to attempt to draw any connection between "FOTA Update Server," "FOTA," and "OTA Server," on the one hand, and the evidence that actually

---

[2] This includes the '541 and '613 Patents, for which Headwater has never asserted are related to network-side technology at all.

[3] As explained in the briefing in support of Defendants' motion to strike, Headwater's reliance on *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006) is misplaced.  In that case, a motion to strike infringement contentions after expert reports were served was rejected as too late.  However, contrary to Headwater's position here, an earlier order in that case denied a motion to compel discovery related to accused products not identified in the plaintiffs' operative infringement contentions.  *See* Dkt. 171 at 4, *Orion IP, LLC v. Staples, Inc.*, 04-CV-00297-LED (E.D. Tex. July, 7, 2005).

5

appears in its charts, on the other. For example, Headwater contends that it has accused "how T-Mobile is able to offer different levels of telecommunications service on a per-subscriber basis," through a "data boost feature, which temporarily increases speed and data allotment for that subscriber's access to the T-Mobile network." Mot. at 8. To start, there is no reference to a "data boost feature" in Headwater's contentions. Indeed, none of this explanation is present anywhere in Headwater's contentions; all Headwater cites are four pages of screenshots describing "QCI levels" and recitation of the claim language in the form of an allegation. *See* Dkt. 74-2 at 13–18. In any event, none of Headwater's purportedly accused network components appear anywhere in this description. *See id.* Put simply, Headwater has not provided any information to allow Defendants to understand Headwater's allegations or how these disparate pieces of information are somehow related. Its attempt to supplement its contentions through its brief should be rejected.

### C. Headwater's Additional Network-Side Allegations are Also Insufficient

In its opposition to Defendants' motion to strike and compel supplementation of Headwater's infringement contentions, Headwater contends that its charts for the '042 and '543 Patents include additional network-side allegations related to 3GPP and QCI levels. *See* Dkt. 75 at 12–13. As explained in Defendants' reply brief in support of Defendants' motion to strike and compel supplementation, however, these allegations are similarly deficient and fail to provide T-Mobile any guidance on the components Headwater purports to accuse. *See* Dkt. 77 at 3–5. Defendants are nonetheless collecting relevant documents on these allegations to the extent they are able to understand them, including through new representations in Headwater's motion.

### D. Headwater Must Clarify Its Contentions Before Obtaining More Discovery

Headwater has failed to allege infringement by any network-side components even after multiple opportunities to do so. Defendants' request that they be stricken should thus be granted. But if Headwater is permitted to (again) amend its contentions, Headwater must do so before

6

obtaining any discovery besides Defendants' currently anticipated productions. Headwater must identify what network component(s) it accuses of infringement and provide charts demonstrating how those network components purportedly map to the asserted claims. Absent this guidance, Defendants will not have the information necessary to guide discovery.

   **E.**  **Headwater's Motion is or Will Soon be Moot to the Extent it is Entitled to Additional Discovery**

Finally, Headwater's motion is already or will soon be mooted based on productions already made or shortly anticipated to be made by Defendants. Specifically, Defendants have already agreed to collect documents relevant to what Headwater belatedly identified as its network-side allegations, namely four pages of screenshots from a single claim element of the '042 Patent. Defendants have produced a collection of documents relevant to these allegations already and are currently investigating whether any additional responsive documents exist.

**4.**  **CONCLUSION**

Defendants respectfully request that the Court deny Headwater's motion to compel.

Dated: September 5, 2024

/s/ *Katherine Q. Dominguez*
Katherine Q. Dominguez (Lead Attorney)
kdominguez@gibsondunn.com
Josh A. Krevitt
jkrevitt@gibsondunn.com
Brian Rosenthal
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4015

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
Telephone: (214) 698-3100
Facsimile: (214) 571-2900

Andrew Robb
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone: (650) 849-5300

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Defendants*