**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff,* | |
| v. | Civil Action No. 2:23-CV-00379-JRG-RSP |
| T-MOBILE USA, INC. AND SPRINT CORP., | |
| *Defendants.* | |
| HEADWATER RESEARCH LLC, | |
| *Plaintiff,* | |
| v. | Civil Action No. 2:23-CV-00377-JRG-RSP |
| T-MOBILE USA, INC. AND SPRINT CORP., | |
| *Defendants.* | |

**DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF *INTER PARTES*
REVIEW AND THE RELATED MANUFACTURER CASES**

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND..................................................................................3

III.    LEGAL STANDARD...............................................................................................5

IV.     ARGUMENT ...........................................................................................................6

        A.      Staying the Cases Will Simplify the Issues. ................................................6

                1.      Resolution of the IPRs Will Simplify the Issues.............................6

                2.      Resolution of the Related Cases against T-Mobile's Mobile Device
                        Providers Will Simplify the Issues..................................................9

        B.      The Stage of the Case Favors a Stay..........................................................13

        C.      Headwater Will Not Suffer Undue Prejudice .............................................14

V.      CONCLUSION ......................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Acoustic Tech., Inc. v. Silver Springs Networks, Inc.*,
  2017 WL 6001615 (N.D. Cal. July 25, 2017) ...................................................... 8

*AGIS Software Dev. LLC v. Google LLC*,
  2021 WL 465424 (E.D. Tex. Feb. 9, 2021) .................................................... 7, 14

*Ameritox, Ltd. v. Aegis Scis. Corp.*,
  2009 WL 305874 (N.D. Tex. Feb. 9, 2009) ...................................................... 11

*Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*,
  2015 WL 11143485 (E.D. Tex. Dec. 16, 2015) ................................................. 14

*Corel Software, LLC v. Microsoft Corp.*,
  2016 WL 4444747 (D. Utah Aug. 23, 2016) ...................................................... 9

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ................................................. 14

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  2016 WL 1162162 (E.D. Tex. Mar. 23, 2016) ................................................ 5, 6

*Finjan, Inc. v. Symantec Corp.*,
  139 F. Supp. 3d 1032 (N.D. Cal. 2015) ........................................................... 14

*Gambocz v. Yelencsics*,
  468 F.2d 837 (3d Cir. 1972) ........................................................................... 12

*Glenayre Elecs. Inc. v. Jackson*,
  443 F.3d 851 (Fed. Cir. 2006) ........................................................................ 11

*In re Google Inc.*,
  588 F. App'x 988 (Fed. Cir. 2014) ................................................................. 13

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ......................................................................................... 5

*Lighthouse Consulting Grp., LLC v. Truist Bank*,
  2020 WL 6781977 (E.D. Tex. Apr. 7, 2020) .................................................... 13

*NFC Tech. LLC v. HTC Am.*,
  2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ......................................... 6, 7, 14

*In re Nintendo of Am., Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014) ...................................................................... 13

*Pabst Licensing GmbH & Co. v. Samsung Elecs. Co., Ltd.*,
  403 F. Supp. 3d 571 (E.D. Tex. 2019) ............................................................ 11

*In re PersonalWeb Techs. LLC*,
    85 F.4th 1148 (Fed. Cir. 2023)...................................................................................12

*Pragmatus AV, LLC v. Facebook, Inc.*,
    2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) ........................................................7

*Quanta Comput., Inc. v. LG Elecs., Inc.*,
    553 U.S. 617 (2008) ...............................................................................................11

*Silva v. City of New Bedford*,
    660 F.3d 76 (1st Cir. 2011) ....................................................................................12

*Sonosite, Inc. v. Neutrino Dev. Corp.*,
    2005 WL 8169211 (N.D. Tex. Sept. 5, 2005) ......................................................13

*Soverain Software LLC v. Amazon.com, Inc.*,
    356 F. Supp. 2d 660 (E.D. Tex. 2005)....................................................................5

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*,
    657 F.3d 1349 (Fed. Cir. 2011)........................................................................6, 13

*Uniloc USA, Inc. v. Motorola Mobility LLC*,
    52 F.4th 1340 (Fed. Cir. 2022)..............................................................................12

*Veraseal LLC v. Costco Wholesale Corp.*,
    2018 WL 4524122 (E.D. Tex. May 17, 2018) ........................................................5

*Versata Software, Inc. v. Callidus Software, Inc.*,
    771 F.3d 1368 (Fed. Cir. 2014)..............................................................................13

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)..............................................................................14

*XY, LLC v. Trans Ova Genetics, LC*,
    968 F.3d 1323 (Fed. Cir. 2020)......................................................................11, 12

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| Headwater or Plaintiff | Plaintiff Headwater Research LLC |
| T-Mobile | Defendants T-Mobile USA, Inc. and Sprint Corp. |
| Asserted Patents | U.S. Patent Nos. 8,589,541, 8,924,543, 9,198,042, and 9,215,613 |
| '541 Patent | U.S. Patent No. 8,589,541 |
| '543 Patent | U.S. Patent No. 8,924,543 |
| '042 Patent | U.S. Patent No. 9,198,042 |
| '613 Patent | U.S. Patent No. 9,215,613 |
| P.R. | Local Patent Rule |
| Samsung | Samsung Electronics Co. and Samsung Electronics America, Inc. |
| IPR | *Inter partes* review |
| Board or PTAB | Patent Trial and Appeal Board |
| *Samsung I* | *Headwater Research LLC v. Samsung Elecs. Co.*, No.2:22-cv-00422-JRG-RSP (E.D. Tex.) |

**TABLE OF EXHIBITS**

| Ex. | Description |
|:---:|---|
| 1 | Raleigh Patent Family Tree |
| 2 | U.S. Patent No. 9,609,544 (the "'544 Patent") |
| 3 | *Samsung I* Infringement Chart |

## I.      INTRODUCTION

Headwater accuses T-Mobile of infringing four patents relating to data and device management.  T-Mobile filed IPR petitions against each patent, and institution decisions are due in October and December of 2024, and January of 2025, well in advance of the scheduled May 2025 trial.  T-Mobile moves the Court to stay this litigation at least until institution decisions have been made on all four patents, at which point the parties can request a status conference to address whether the stay should continue.  By this time, Headwater's earlier-filed cases against T-Mobile's phone manufacturers involving substantially similar patents and a direct overlap of the same accused Samsung technology will have progressed, and the resolution of overlapping issues will further simplify this case.  T-Mobile acknowledges it is not this Court's usual practice to stay cases pre-institution.  T-Mobile nonetheless submits that this case presents unique circumstances both with respect to the pending IPRs and the earlier-filed cases against manufacturers, which, in combination, strongly favor a stay.

_Likelihood of simplification of issues_:  There are four unique sets of facts about this case, any one of which creates a strong likelihood of simplification of the issues.  Taken together, they create an overwhelming likelihood that the issues will be simplified by the grant of a stay:

First, the Patent Office has already instituted IPRs on highly analogous patents relying on overlapping art; accordingly, there is no need to guess at the likely outcome of the IPR institution decisions here.  In particular, Samsung filed an IPR petition against U.S. Patent No. 9,609,544, and the Board instituted that proceeding.  That patent is directly related to and otherwise extremely similar to two of the patents asserted in this litigation, the primary reference in the instituted '544 IPR is the same as that in the '541 and '613 IPR petitions, and the secondary references between the petitions substantially overlap.  This is a strong indicator that the Patent Office will institute IPRs on at least some, and most likely all, of the currently pending IPR petitions.

Second, Headwater's *own conduct* confirms that the case will be meaningfully narrower as a result of the IPRs, regardless of the final outcome.  Headwater recently filed its POPR to one of the IPR petitions, which challenged 50 claims of the '541 Patent.  Therein, Headwater stated it would *disclaim* 48 claims, leaving only two remaining claims at issue in that petition.  Each of those to-be-disclaimed claims are at issue in this litigation.  Thus, the mere fact of *filing* the IPR petitions has already caused Headwater to drop 48 claims from this case.  And as discussed below, Headwater similarly dropped claims in *Samsung I* because of the institution of Samsung's IPRs.

Third, staying this case while Headwater pursues its other cases against T-Mobile's phone manufacturers will ultimately simplify the issues here, under doctrines of implied licensing, exhaustion, claim preclusion, issue preclusion, and the *Kessler* doctrine, as well as the customer suit exception.  Headwater has 12 pending lawsuits against various device manufacturers and wireless carriers, alleging infringement of dozens of related patents.  The technologies in the cases are highly related.  For example, in *Samsung I*, Headwater has accused Samsung of infringing U.S. Patent No. 9,143,976 for selling devices with data management applications, including Data Saver and Power Saving.  Here, Headwater accuses T-Mobile of infringing a nearly identical patent for *selling Samsung phones that use the same technology as in Samsung I.*  Of the 251 devices Headwater has accused in this case, 77 are sold by Samsung, who is T-Mobile's provider.  Trial is pending in *Samsung I*, but the new date has not been set.  This case should be stayed while *Samsung I* (and other Samsung cases) are tried so any overlapping issues may be resolved.

Fourth, this is not the typical case with the patents all asserted against the same technology, where if any claims go forward the same scope of discovery is needed.  Here, Headwater asserts at least two completely different infringement theories, with the '541 and '613 Patents primarily accusing functionalities that allegedly block background network activity, and the infringement

contentions for the other two patents generally addressing, for example, attach requests, bearer requests, and QCI levels.   If either set falls away, the case and scope of discovery will be significantly narrowed.

*Headwater will not be prejudiced*:   Headwater's own conduct confirms it will not be prejudiced by a stay.   In *Headwater Research LLC v. Motorola Mobility LLC et al.*, No. 5:23-cv-04496 (N.D. Cal.), the defendants filed petitions against all asserted claims, and then they moved for a stay *before* institution decisions came down.   Headwater nonetheless *voluntarily agreed* to stay the case.   *See id.* at Dkt. 71, 72.   Headwater's agreement to stay in a related case, accusing similar technology with similar patents, even where the IPRs were not yet instituted, is indicative of how little prejudice Headwater would face if a stay were instituted here.

*Status of the case*:   There will be tremendous efficiency gains if the case is stayed now. The claim construction hearing is still over a month away, meaning the Court has not invested significant resources in preparing for that, and the claim construction process here can be informed by whatever happens in the IPRs.   Zero depositions have happened.   Expert discovery is still months away.   If, however, this motion is delayed until after institution decisions on all four patents, the Court and the parties will have invested significant resources in those endeavors.

For the foregoing reasons, and as discussed in greater detail below, T-Mobile respectfully requests that the Court stay this proceeding at least until institution decisions have been made on the four asserted patents, at which point the parties may brief the issue of whether the stay should be lifted in light of the results of the IPR institution decisions.

## II.     FACTUAL BACKGROUND

Over the last two years, Headwater filed a multitude of patent infringement suits against various device manufacturers and network carriers, including 11 suits in this Court alone.   *See* Case Nos. 2:22-cv-00422, 2:22-cv-00467, 2:23-cv-00103, 2:23-cv-00352, 2:23-cv-00377, 2:23-

cv-00379, 2:23-cv-00398, 2:23-cv-00397, 2:23-cv-00641, 2:24-cv-00228, 2:24-cv-00627.

Headwater filed its first case, on October 26, 2022, against Samsung. *Samsung I*, No. 2:22-cv-00422-JRG-RSP, Dkt. 1. Headwater then filed an amended complaint, alleging infringement of nine patents. *Id.*, Dkt. 9. The nine patents asserted in *Samsung I*—and in all Headwater cases—are in the same patent family and closely related to the Asserted Patents in this case. *See* Ex. 1 (Patent Family Tree). Trial in that case was originally scheduled for August 16, 2024, but that was continued, and a new trial date has not been set. *Id.*, Dkt. 406. A few months later, in March 2023, Headwater filed another case against Samsung, this time asserting three additional patents, which "generally relate to communications between mobile devices and servers." *See Headwater Research LLC v. Samsung Elecs. Co.*, No. 2:23-cv-103-JRG-RSP (E.D. Tex.), Dkt. 118. A claim construction order was recently entered in that case. *See id.*

Headwater has also sued other device manufacturers. In particular, Headwater filed suit against Lenovo and Motorola in the Northern District of California, asserting two patents, which "relate to wireless communications technology," and accusing Motorola products with the same functionalities accused in this case. *Motorola*, No. 5:23-cv-04496, Dkt. 1.

Nearly a year after Headwater first sued Samsung, on August 23, 2023, Headwater filed its Complaint against T-Mobile, alleging infringement of the four Asserted Patents. Dkt. 1. Pursuant to the Court's Scheduling Order, Headwater served its Disclosure of Asserted Claims and Infringement Contentions on November 20, 2023, which identified 281 asserted claims and 251 accused products across the four Asserted Patents. *See* Dkt. 68-1. For two of the patents, Headwater accuses functionalities that allegedly block background network activity; for the other two patents, although the parties dispute the adequacy and scope of the contentions, it appears that Headwater is accusing, for example, attach requests and QCI levels. *See* Dkt. 68, 69-1.

T-Mobile filed IPRs against the Asserted Patents on April 19, 2024, June 7, 2024, and June 20, 2024.  *See* IPR2024-00809, IPR2024-00945, IPR2024-00944, IPR2024-00943, IPR2024-00942, IPR2024-01042, IPR2024-01041.  The dates for institution would occur in October 2024, December 2024, and January 2025, respectively.  For the '541 Patent, for which Headwater currently asserts all 174 claims, T-Mobile filed three petitions.  Headwater filed a preliminary response to only one of those petitions.  *See* IPR2024-00944, IPR2024-00943, IPR2024-00942. In that preliminary response, Headwater stated it would disclaim 48 claims, including the sole independent claim, and provided substantive arguments with respect to only the remaining two dependent claims.  *See* IPR2024-00944, Paper 10.  Headwater further argued against institution in part because T-Mobile has not moved to stay this case.  *Id.*  Headwater made the same argument in its preliminary response to the petition against the '613 Patent.  *See* IPR2024-00945, Paper 9.

## III.    LEGAL STANDARD

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it."  *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2016 WL 1162162, at *1 (E.D. Tex. Mar. 23, 2016); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  Courts consider three factors in deciding whether to stay litigation: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues, and (3) whether discovery is complete and whether a trial date has been set."  *Veraseal LLC v. Costco Wholesale Corp.*, 2018 WL 4524122, at *1 (E.D. Tex. May 17, 2018) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

"A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist

the court in determining patent validity or eliminate the need to try infringement issues.'"
*Ericsson*, 2016 WL 1162162, at *1 (quoting *NFC Tech. LLC v. HTC Am.*, 2015 WL 1069111, at
*1 (E.D. Tex. Mar. 11, 2015)).  Alternatively, the customer-suit exception "provides that, in certain
patent cases, 'litigation against or brought by the manufacturer of infringing goods takes
precedence over a suit by the patent owner against customers of the manufacturer,'" *Spread
Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (citation
omitted), because of "the manufacturer's presumed greater interest in defending its actions against
charges of patent infringement; and to guard against possibility of abuse."  *Id.* (citation omitted).
"[T]he guiding principles in the customer suit exception cases are efficiency and judicial
economy."  *Id.* (citation omitted).

## IV.    ARGUMENT

The unique combination of factors here warrants a stay.  Staying the case will allow the
pending IPRs and Headwater's cases against T-Mobile's mobile device providers to resolve issues
that substantially overlap with those here.  Furthermore, the parties and this Court have not yet
invested substantial resources at this stage of litigation, and Headwater will not be prejudiced,
given its delay in filing suit against T-Mobile and its willingness to stay other related cases.

### A.    Staying the Cases Will Simplify the Issues.

There are two independent reasons why staying the case will likely simplify the issues—
staying the case will let the parties and Court see which claims, if any, survive IPR, and staying
the case will let the parties and Court address what is out of the case or otherwise resolved in light
of the manufacturer lawsuits.  Either one of these would, standing alone, warrant a stay.  Taken
together, they create an overwhelming likelihood that a stay will simplify the issues.

#### 1.    Resolution of the IPRs Will Simplify the Issues.

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect

that the *inter partes* review proceeding will result in simplification of issues before the Court." *NFC Tech. LLC*, 2015 WL 1069111, at *1 (citation omitted).  Staying a case pending IPR review has numerous benefits, including, but not limited to: "[a]ll prior art presented to the Court will have been first considered by the PTO, with its particular expertise," "[i]n those cases resulting in effective invalidity of the patent, the suit will likely be dismissed," and "[i]ssues, defenses, and evidence will be more easily limited in pre-trial conferences."  *Id.* at *4.  Although the "substantial likelihood of simplification of the district litigation" is "more speculative before the PTAB decides whether to institute inter partes review," *id.*, "[i]t is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent."  *Pragmatus AV, LLC v. Facebook, Inc.*, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (collecting cases).

Here, the petitioners have asserted multiple grounds of unpatentability for all Asserted Patents, and resolution of the validity question would either cause some or all of the litigation to "end altogether" or significantly narrow the scope of invalidity defenses before this Court, particularly in view of Headwater's potential arguments before the Board.  *NFC Tech.*, 2015 WL 1069111, at *4; *AGIS Software Dev. LLC v. Google LLC*, 2021 WL 465424, at *3 (E.D. Tex. Feb. 9, 2021) ("In light of the increased probability the asserted claims will change in scope, or be dropped or canceled altogether, the Court finds that upon considering the totality of circumstances in this case at this time, a stay is warranted.").  And even if not all asserted claims are invalidated, staying the case pending IPR review would narrow the scope of claims at issue across Headwater's broad claims for infringement across the 251 "smartphones, basic phones, tablets, laptops, and hotspot devices sold . . . or used by T-Mobile for use with T-Mobile's wireless network services" that Headwater accuses.  Dkt. 69-1 at 3.

Although no institution decisions have been issued for the Asserted Patents, the institution

decisions in the prior Samsung IPRs are a strong predictor of the substantial likelihood of the simplification of the district court litigation.  In particular, the Board instituted IPR2023-01360, which involved a nearly identical patent with nearly identical prior art.  The patent at issue there— the '544 Patent—is a divisional of the asserted '541 Patent and the direct parent to the also asserted '613 Patent, and it is directed to a "wireless end-user device" that "executes instructions to associate network usage activity" when the application "is not in the foreground of user interaction" and "dynamically determine[s] whether to apply the network service usage control policy" to the activity.  Ex. 2 ('544 Patent), cl. 1.  The '541 and '613 Patents are directed to similar inventions, which also claim determining the application of a policy to service activities depending on whether the activity is in the foreground or background.  *See* '541 Patent, cl. 1; '613 Patent, cl. 1.  The Board instituted review of the '544 Patent on combinations of Rao, Araujo, Freund, Singh, Montemurro, and Wright.[1]  *See* IPR2023-01360, Paper 7 (Institution Decision).  T-Mobile (and its co-petitioners) have asserted the same art in its petitions for the '541 and '613 Patents; specifically, T-Mobile asserted combinations of Rao, Fadell,[2] and Freund against the '541 Patent and combinations of Rao, Montemurro, Freund, and Araujo against the '613 Patent.  The substantial overlap between the asserted art and the challenged claims between the instituted IPR for the '544 Patent and the IPRs filed against the '541 and '613 Patents demonstrates the significant likelihood of the simplification of the district court litigation.

Indeed, regardless of the outcome of the IPRs, the process of the IPRs themselves likely will simplify and clarify issues in this case, including of potential claim construction disputes.  *See,*

---

[1] U.S. Publication No. 2006/0039354 ("Rao"); U.S. Publication No. 2009/0217065 ("Araujo"); U.S. Patent No. 5,987,611 ("Freund"); U.S. Patent No. 8,381,127 ("Singh"); U.S. Publication No. 2009/0207817 ("Montemurro"); U.S. Publication No. 2009/0039364 ("Wright").

[2] U.S. Publication No. 2010/0017506 ("Fadell").

*e.g.*, *Acoustic Tech., Inc. v. Silver Springs Networks, Inc.*, 2017 WL 6001615, at *2 (N.D. Cal. July 25, 2017) ("Development of the record for IPR may also clarify claim construction positions for the parties and encourage settlement."); *Corel Software, LLC v. Microsoft Corp.*, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016) (similar).

Headwater's own conduct confirms that this case will be significantly simplified even if only some, but not all, IPR petitions are instituted. As summarized above, Headwater recently stated in a POPR that *it would disclaim 48 claims* of the '541 patent that are asserted in this case and were the subject of that petition, just in an effort to convince the Board to deny institution on two remaining claims that were also the subject of the petition. IPR2024-00944, Paper 10. And Headwater did not even bother filing POPRs on two other petitions addressing over 100 other claims of the '541 Patent still in the case. IPR2024-00943, IPR2024-00942. Thus, faced with three parallel IPR petitions challenging a total of 174 claims, all of which were originally asserted in this case, Headwater stated it would disclaim 48 claims, filed a POPR on two claims, and declined to file POPRs on the petitions challenging the remaining claims. This conduct confirms that this case will be substantially narrowed regardless of the ultimate outcome of the IPRs. Headwater's conduct in the *Samsung* IPRs is further proof of this. There, Samsung originally filed petitions against all nine patents asserted in *Samsung I*. Of those, six were instituted, and Headwater then agreed to dismiss, with prejudice, all claims for five of those six patents, *during the pendency* of those IPRs, including for the '544 Patent. *Samsung I*, Dkt. 385.[3]

### 2.    Resolution of the Related Cases against T-Mobile's Mobile Device

---

[3] The Board's denial of institution of Samsung's petition for IPR on the '976 Patent was based solely on a finding that the asserted grounds did not disclose "indicat[ing] to the first end user-application . . . one or more network access conditions." IPR2023-01253, Paper 9 at 11–14. None of the Asserted Patents in this case recite this element (or anything close) and the Board did not identify any other basis for denial of institution of IPR on the otherwise very similar '976 Patent.

**Providers Will Simplify the Issues.**

Resolution of Headwater's pending suits against Samsung would simplify or outright eliminate a number of issues in this case, based on a multitude of doctrines including claim preclusion, the bar against claim splitting, the *Kessler* doctrine, and issue preclusion.  The facts are analogous to the customer suit exception, and they justify a stay.

Headwater has accused 251 products that T-Mobile resells from various device manufacturers, including Samsung.  Yet at the same time, Headwater is pursuing earlier-filed parallel lawsuits against that *very same manufacturer* for alleged infringement of *related patents* based on *nearly identical application functionality*.  For example, in this case, for the '613 Patent, Headwater has provided infringement charts for the Samsung Galaxy S22 (a Samsung phone that T-Mobile sells), alleging that it infringes when it uses Data Saver.  In *Samsung I*, for Headwater's chart for the '976 patent, Headwater identifies *the same Samsung phone*, running the *same application functionality*, accusing it of satisfying *the same differential traffic control policy* requirements of the claims.  *Compare* Ex. 3 (*Samsung I* Infringement Chart) *with* Dkt. 69-1 at 950–74.  Indeed, many of the screenshots in the two charts are precisely the same, and they appear to have been copied wholesale from the *Samsung* charts into this case's charts.  *Id.*  The '976 patent claims priority back to the '541 Patent, and it shares the same parent application and the same specification as the '613 Patent.  *See* Ex. 1 (Patent Family Tree).  As another example, in *Samsung II*, Headwater asserts U.S. Patent Nos. 8,406,733, 9,198,117, and 9,615,192, patents directed to communications between mobile devices and network servers.  For example, the '733 patent relates to establishing a "service control link" between a service controller and service processor of a network device.  '733 patent, cl. 1.  Additionally, the '117 patent discloses a "secure execution environment."  '117 patent, cl. 6.  These patents have similar claims to '042 Patent, which similarly uses "a service control link" to report information to the network relating to service policies, while

using a "secure execution environment."

Staying this case, and allowing the suits against the manufacturers to proceed to finality, will almost certainly simplify the issues here in any number of ways.  For example, black-letter principles of patent exhaustion and implied licensing prevent Headwater from recovering against Samsung for the sale of a particular phone and then turning around and seeking double-recovery from T-Mobile for that very same phone.  *Glenayre Elecs. Inc. v. Jackson*, 443 F.3d 851, 871 (Fed. Cir. 2006); *Pabst Licensing GmbH & Co. v. Samsung Elecs. Co., Ltd.*, 403 F. Supp. 3d 571, 590 (E.D. Tex. 2019) ("If a patentee has collected actual damages from a manufacturer or seller, and those damages fully compensate the patentee for infringement by users, then the patentee cannot recover damages from users of an infringing product."); *see also Quanta Comput., Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008) ("The long standing doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item.").

Similarly, even if Headwater sought to carve out the phones Samsung sold to T-Mobile from its damages base—i.e., if Headwater sought to recover against Samsung all of the phones it sold *except* those sold to T-Mobile—principles of claim preclusion and claim splitting would likely nonetheless bar an attempt to seek recovery against T-Mobile.  Although the patent claims Headwater is pursuing against Samsung are not verbatim copies of those asserted in this case, they arise from the same patent family having the same subject matter and are extremely similar to one another; preclusion can apply in such circumstances.  *See, e.g.*, *XY, LLC v. Trans Ova Genetics, LC*, 968 F.3d 1323, 1333 (Fed. Cir. 2020) (applying claim preclusion where asserted claims were "essentially the same" as previously asserted claims).  Similarly, the fact that Headwater pursue some sales of Samsung devices in *Samsung I* and other sales of Samsung devices in this case does not bar the application of claim preclusion.  *Ameritox, Ltd. v. Aegis Scis. Corp.*, 2009 WL 305874,

at *4 (N.D. Tex. Feb. 9, 2009) (recognizing the 5th Circuit's adoption of the rule against claim splitting, which "prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. In a claim splitting case, the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim").  Finally, the fact that Samsung and T-Mobile are different parties would not bar application of the doctrine.  *Silva v. City of New Bedford*, 660 F.3d 76, 80 (1st Cir. 2011) (claim preclusion and prohibitions against claim splitting do not require strict identicality of defendants); *Gambocz v. Yelencsics*, 468 F.2d 837, 842 (3d Cir. 1972) (same).

Alternatively, if Headwater loses its infringement claim in the trial against Samsung, the *Kessler* doctrine would likely prohibit Headwater from pursuing those same claims against Samsung's customer, T-Mobile.  *In re PersonalWeb Techs. LLC*, 85 F.4th 1148 (Fed. Cir. 2023) (summarizing cases, and confirming that "the *Kessler* doctrine bars a patent infringement action against a customer of a seller who has previously prevailed against the patentee because of invalidity or noninfringement of the patent") (citation and quotation omitted); *XY*, 968 F.3d at 1333 (Fed. Cir. 2020) (precluding claims that were "essentially the same" as previously asserted claims). This would be an alternative basis to bar Headwater's second bite at the apple and would not require the Court to decide the privity and claim splitting issues discussed in *Silva* and *Gambocz*.

More generally, the doctrine of collateral estoppel would apply to *any* overlapping issue decided against Headwater, including, for example, claim construction issues, priority, conception, and reduction-to-practice issues, or validity issues with respect to common claim elements.  *Uniloc USA, Inc. v. Motorola Mobility LLC*, 52 F.4th 1340, 1345 (Fed. Cir. 2022) (plaintiff was collaterally estopped from reasserting issues in subsequent cases).

Given the myriad overlapping issues and the tremendous likelihood of simplification of the

issues, it is no surprise that courts frequently stay lawsuits filed against customers during the pendency of lawsuits against manufacturers.  *See, e.g.*, *Spread Spectrum*, 657 F.3d at 1357 ("Generally speaking, courts apply the customer-suit exception to stay . . . litigation against a customer while a . . . case involving the manufacturer proceeds."); *Lighthouse Consulting Grp., LLC v. Truist Bank*, 2020 WL 6781977, at *1 (E.D. Tex. Apr. 7, 2020) (staying case under the customer-suit exception).  Here, the fact that T-Mobile buys its devices from multiple phone manufacturers, and that Headwater has sued some, but not all, of those phone manufacturers, does not make the reasons for a stay any less compelling.  *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014) (recognizing that a "flexible approach" is necessary where "the other suit is so closely related that substantial savings of litigation resources can be expected"); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (similar); *Sonosite, Inc. v. Neutrino Dev. Corp.*, 2005 WL 8169211, at *8 (N.D. Tex. Sept. 5, 2005) (staying case pending trial of related patent "similar content and common lineage").

Defendants respectfully submit that it would be most efficient to allow the IPRs and the manufacturer lawsuits to play out, while this case remains stayed.  Once that happens, the parties can assess what issues remain.  Given the totality of the circumstances, it is all but guaranteed that this case will then, for one reason or another, be significantly narrower than it is today.

### B.    The Stage of the Case Favors a Stay

The current stage of the case—wherein claim construction has not been fully briefed, let alone ruled on; the close of fact discovery, exchange of expert reports, and completion of pretrial briefing are months away; and with trial still seven months away—favors a stay.  While the parties have engaged in some fact discovery to date, neither side has deposed any fact witnesses.  *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (finding stage of case favored stay where "many documents and discovery requests had been exchanged,

fact discovery was still ongoing, . . . no fact witnesses had been deposed," and "the parties had not filed any expert reports or taken any expert depositions").  As courts within this district and others have repeatedly recognized, the remaining stages of the case represent the "most burdensome part of the case." *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019) ("[T]he most burdensome part of the case, for both the parties and the court, is the period immediately before, during, and after trial.").  "[T]he bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *NFC Tech.*, 2015 WL 2069111, at *3.  Indeed, this Court has stayed proceedings at much later stages, including when pretrial briefing had been completed and on the eve of jury selection. *See, e.g.*, *AGIS*, 2021 WL 465424, at *3.  Staying the case now will avoid an unnecessary waste of resources.  "Were the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision." *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015).  This factor thus favors a stay.

## C.     Headwater Will Not Suffer Undue Prejudice

Headwater will not suffer undue prejudice if the Court stays the case.  "Whether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original).

As a preliminary matter, Headwater makes no products and does not compete with T-Mobile.  As such, monetary relief will sufficiently compensate Headwater for any damages, and a "stay will not diminish the monetary damages to which [Headwater] will be entitled if it succeeds in its infringement suit—it only delays the realization of those damages." *Id.*  The "mere delay in collecting those damages does not constitute undue prejudice." *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) (internal citation

14

omitted).

Headwater's own conduct demonstrates it will not be unduly prejudiced by a stay.  The Asserted Patents were all issued between 2013 and 2015, and many of the accused functionalities were implemented around the same time.  Headwater's own Complaint acknowledges that it has been on notice of T-Mobile's alleged used of Headwater's technology for a full decade.  Dkt. 1, ¶¶ 16–39.  Yet Headwater waited the better part of a decade before finally filing suit.  Dkt. 1.  If Headwater was going to be unduly prejudiced by a short stay, it would have filed its lawsuit a decade ago.

Headwater further demonstrated that it will not be prejudiced by a stay when it stipulated to a stay in its lawsuit against Motorola *et al.*, based on the *filing of IPR petitions, before any institution decisions had been made.  Motorola*, No. 5:23-cv-04496 (N.D. Cal.), Dkt. 71, 72.  In that case, Headwater asserted two patents, defendants filed IPRs against all asserted claims and then subsequently filed a motion to stay.  In lieu of filing an opposition, Headwater stipulated to staying the case pending institution of the IPRs.  Those are the same circumstances present here.  T-Mobile filed petitions against all asserted claims and is now seeking a stay before the Court engages in claim construction.  Headwater's voluntary agreement in *Motorola* belies any assertion of prejudice in this similarly situated case.  This factor weighs in favor of granting a stay.

## V.    CONCLUSION

For the foregoing reasons, T-Mobile respectfully asks the Court to stay this case pending final resolution of the IPRs and the related manufacturer cases.[4]

---

[4] To the extent the Court denies the present motion, Defendants would request leave to refile after institution of the pending IPRs.

Dated:  October 10, 2024

By:  */s/ Katherine Q. Dominguez*

Katherine Q. Dominguez
kdominguez@gibsondunn.com
Josh A. Krevitt
jkrevitt@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  214.698.3112
Facsimile:  214.571.2910

Andrew W. Robb (CA Bar No. 291438)
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone:  650.849.5334
Facsimile:  650.849.5034

Michelle Zhu
mzhu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036
Telephone:  202.777.9413
Fax:  202.831.6063

Celine Crowson (D.C. Bar No. 0436549A)
**Hogan Lovells**
555 13th St NW,
Washington, D.C. 20004
Telephone:  202-637-5600
celine.crowson@hoganlovells.com

Tej Singh (California Bar No. 286547)
Yi Zhang (California Bar No. 342823)

Kyle Xu (California Bar No. 344100)
**Hogan Lovells**
4 Embarcadero Center Suite 3500
San Francisco, CA 94111
Telephone:  415-374-2300
tej.singh@hoganlovells.com
yi.zhang@hoganlovells.com
kyle.xu@hoganlovells.com

Melissa R. Smith
Texas Bar No. 24001351
melissa@gilliamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  903-934-8450
Facsimile:  903-934-9257

*Attorneys for T-Mobile*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2024, the foregoing was served upon all counsel of record who have consented to electronic service.

*/s/ Katherine Q. Dominguez*
Katherine Q. Dominguez

**CERTIFICATE OF CONFERENCE**

On October 4, 2024, counsel for T-Mobile met and conferred with counsel for Headwater. The parties were unable to reach agreement and have reached an impasse, leaving an open issue for the Court to resolve.  This motion is opposed by Headwater.

*/s/ Andrew W. Robb*
Andrew W. Robb