**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | Case No. 2:23-CV-00379-JRG-RSP |
| v. | (Lead Case) |
| T-MOBILE USA, INC. *et al.*, | |
| *Defendants*. | |
| | |
| HEADWATER RESEARCH LLC, | |
| *Plaintiff*, | Case No. 2:23-CV-00377-JRG-RSP |
| v. | (Member Case) |
| T-MOBILE USA, INC. *et al.*, | |
| *Defendants*. | |

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER**
**BETWEEN NON-PARTY APPLE INC., PLAINTIFF, AND DEFENDANTS**

WHEREAS, the Court entered a Protective Order to protect Party and Non-Party confidential business information in the above-referenced action on January 2, 2024 (Dkt. No. 45) (the "Protective Order"); and

WHEREAS, Apple Inc. ("Apple"), a non-party to this action, may produce confidential source code or other documents in this action that include or incorporate confidential business information ("CBI") belonging to Apple ("Apple CBI"); and

WHEREAS the Parties and Apple have agreed to provisions in addition to those contained in the Protective Order to protect against misuse or disclosure of such Apple CBI;

THEREFORE, it is hereby stipulated among the Parties and Apple (Dkt. No. 104) and **ORDERED** that,

notwithstanding anything to the contrary in the Protective Order (including without limitation Paragraph 10 thereof), any source code or documents that incorporate Apple CBI produced in connection with the above-captioned action that are designated "Apple Confidential – Outside Attorneys' Eyes Only" and/or "Apple Confidential – Outside Attorneys' Eyes Only – Source Code" shall be subject to the following restrictions:

1. Nothing herein shall be construed as a representation or admission that any Apple source code material ("Apple Source Code") is properly discoverable in this action, or to obligate Apple to produce any Apple Source Code.

2. Except as otherwise agreed by Apple, prior to the first inspection of any requested Apple Source Code, the receiving Party shall provide (a) thirty (30) days' notice of the Apple Source Code that it wishes to inspect, and (b) fourteen (14) days' notice prior to any additional inspections.

3. Review and inspection of any Apple Source Code is to take place at the offices of Apple's outside counsel:

> Walker Stevens Cannom LLP
> 500 Molino St. #118
> Los Angeles, California 90013

Further, any Apple Source Code shall be produced in a macOS format only. Apple shall install non-compiling tools that are sufficient for viewing and searching the code produced, on the platform produced, in Apple's sole discretion and if such tools exist and are presently used in the ordinary course of Apple's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Apple Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses

an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with such licensed software tool(s) at least twenty-one (21) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

4. No copies of all or any portion of any Apple Source Code may leave the room in which the Apple Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Apple Source Code is permitted except as otherwise provided herein. The receiving Party may request printouts of limited portions of the Apple Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than fifteen (15) pages of a continuous block of Apple Source Code shall be presumed to be excessive, and the burden shall be on the receiving Party to demonstrate the need for such a printed copy. The receiving Party may request print outs of no more than 100 pages total. No additional pages may be printed absent a showing of good cause. The receiving Party shall not print Source Code in order to review blocks of Apple Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Apple Source Code electronically on the source code computer, as the Parties and Apple acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that

printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  Counsel for Apple shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed and, within five (5) business days of the receiving Party's written request for such printouts, Apple shall either (i) provide one copy set of such pages to the receiving Party or (ii) inform the receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, Apple and the receiving Party cannot resolve the objection, the receiving Party shall be entitled to seek a Court resolution of whether the printed Apple Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Apple Source Code produced by Apple in this action.

5. Notwithstanding anything to the contrary in Paragraph 10(k) of the Protective Order, for depositions, the receiving Party shall not make or bring any additional copies of any printed Apple Source Code. Rather, at least ten (10) days before the date of the deposition, the receiving Party shall notify Apple that it wishes to use specific, identified portions of Apple Source Code at the deposition. If it is an in-person deposition, Apple shall bring printed copies of the requested Apple Source Code to the deposition for use by the receiving Party. Copies of Apple Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition

transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Apple Source Code brought by Apple to an in-person deposition shall remain with Apple's outside counsel for secure destruction in a timely manner following the deposition.

6. Except as provided in this paragraph, and notwithstanding anything to the contrary in Paragraph 10 of the Protective Order, absent express written permission from Apple, the receiving Party may not create electronic images, or any other images, or make electronic copies, of Apple Source Code from any paper copy of such source code for use in any manner (including by way of example only, the receiving Party may not scan the Apple Source Code to a PDF or photograph the code). Images or copies of Apple Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings, court filings, expert reports, contentions, discovery responses, trial exhibits, demonstrative exhibits and other similar documents (including drafts thereof) whenever possible. If a party reasonably believes that it needs to submit a portion of any Apple Source Code as part of a filing with the Court, the filing Party shall (i) provide Apple with reasonable written notice of and opportunity to object or consent to the intended filing, and (ii) ensure that the filing is appropriately marked under this Protective Order, restricted to those who are entitled to have access to it as specified herein, and filed under seal in accordance with the Court's rules, procedures, and orders. Any filing of Apple Source Code shall include only the Source Code strictly necessary to accomplish the filing Party's goals. If Apple agrees to produce an electronic copy of all or any portion of its source code or provide written permission to the receiving Party that an electronic or

any other copy needs to be made for a Court filing, access to the receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Apple Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view materials designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" under the Protective Order. Where Apple has provided the express written permission required under this provision for a receiving Party to create electronic copies of Apple Source Code, the receiving Party shall maintain a log of all such electronic copies of any portion of Apple Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in the Protective Order.

7.      The Parties agree that the name(s) and Curriculum Vitae(s) of all expert witnesses who will have access to Apple CBI will be disclosed in advance, such that Apple may determine whether it has any objections to the expert(s).

8.      If any document(s) containing Apple CBI appear on the exhibit list(s) of a Party, the Party is to give written notice by-email to Apple's outside counsel at the time the exhibit list(s) are exchanged.

9.      If any document(s) containing Apple CBI are used in open court, including but not limited to at a hearing or at trial, the Parties agree to use reasonable efforts to seal the courtroom and to use reasonable efforts to redact any related portions of the

transcript(s).

**SIGNED this 6th day of November, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE