UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>Defendants. | Case No. 2:23-cv-00379-JRG-RSP<br><br>**LEAD CASE**<br><br>**JURY TRIAL DEMANDED** |
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>Defendants. | Case No. 2:23-cv-00377-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S SUR-REPLY TO DEFENDANTS' MOTION TO STRIKE AND COMPEL SUPPLEMENTATION OF HEADWATER'S AMENDED INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

    A.   Defendants Admit They Laid Behind the Log, Yet Still Demand Headwater's Contentions Be Stricken ................................................................. 1

    B.   Defendants' Complaints Regarding Representativeness Raise Evidentiary Concerns, Not Deficiencies in Headwater's Infringement Contentions .................. 2

    C.   Defendants Seek to Strike the Very Names of Network-Side Components They Themselves Requested and Strike Theories Defendants Acknowledge Are Alleged in Headwater's Charts ................................................................. 3

    D.   Headwater's Contentions Properly Accuse *Multiple* Infringing Functionalities ................................................................................................. 4

    E.   Defendants Sat Silent for Months Regarding Headwater's Dependent Claims After Headwater Served Its Amended Contentions ................................... 5

II.  CONCLUSION ................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**

*CardTek Int'l, Inc. v. The Kroger Co.*,
  Case No. 23-cv-00045-JRG-RSP, D.I. 82 (E.D. Tex Aug. 9, 2024) .......................................... 3

*Orion IP, LLC v. Staples, Inc.*,
  2:04-cv-00297-LED (E.D. Tex. 2006) ............................................................................... 1, 2, 5

*Orion IP, LLC v. Staples, Inc.*,
  407 F. Supp. 2d 815 (E.D. Tex. 2006) ................................................................................. 2, 5

*UltimatePointer, LLC v. Nintendo Co.*,
  No. 6:11-CV-496, 2013 WL 12140173 (E.D. Tex. May 28, 2013) .................................... 2, 3, 5

## TABLE OF EXHIBITS

| Ex. No. | Description of Exhibit |
|---|---|
| A | Infringement Contention Chart of Apple Representative Product for U.S. Patent 8,589,541 |
| B | Infringement Contention Chart of Samsung Representative Product for U.S. Patent 8,589,541 |
| C | Infringement Contention Chart of Google Representative Product for U.S. Patent 8,589,541 |
| D | Infringement Contention Chart of Motorola Representative Product for U.S. Patent 8,589,541 |
| E | Infringement Contention Chart of Nokia Representative Product for U.S. Patent 8,589,541 |
| F | Infringement Contention Chart of T-Mobile Representative Product for U.S. Patent 8,589,541 |
| G | Infringement Contention Chart for U.S. Patent 8,924,543 |
| H | Infringement Contention Chart for U.S. Patent 9,198,042 |
| I | Infringement Contention Chart of Apple Representative Product for U.S. Patent 9,215,613 |
| J | Infringement Contention Chart of Samsung Representative Product for U.S. Patent 9,215,613 |
| K | Infringement Contention Chart of Google Representative Product for U.S. Patent 9,215,613 |
| L | Infringement Contention Chart of Motorola Representative Product for U.S. Patent 9,215,613 |
| M | Infringement Contention Chart of Nokia Representative Product for U.S. Patent 9,215,613 |
| N | Infringement Contention Chart of T-Mobile Representative Product for U.S. Patent 9,215,613 |
| O | Invalidity Chart for U.S. Patent Number 8,924,543 |
| P | Invalidity Chart for U.S. Patent Number 8,589,541 |
| Q | Invalidity Chart for U.S. Patent Number 9,198,042 |
| R | Invalidity Chart for U.S. Patent Number 9,215,613 |

I.    INTRODUCTION

T-Mobile continues to ignore the substance of Headwater's contentions, arguing instead about purported insufficiencies in Headwater's ***proof***, which has nothing to do with the heart of the issue—the ***scope*** of Headwater's infringement contentions. And even though Headwater has repeatedly attempted to resolve these disputes informally by meeting and conferring and providing amended contentions in good faith, Defendants instead choose to press on with this Motion to Strike. Yet, Headwater's contentions plainly place Defendants on notice of the ***scope*** of Headwater's infringement theories. Defendants' Motion should therefore be denied.

A.    **Defendants Admit They Laid Behind the Log, Yet Still Demand Headwater's Contentions Be Stricken**

Defendants acknowledge that the only issue they raised ***after*** the parties' extensive correspondence and meet-and-confers, and after Headwater's March 19, 2024 amended contentions, was a purported failure to specifically chart Defendants' network-side functionality.[1] Reply at 1-2. But there is no failure here. Headwater's contentions accuse the functionality ***known*** to Headwater. Opp. (D.I. 75) at 9-10. Yet, Defendants still seek to strike almost every accused product, all network-side components, and large swaths of dependent claims they have been silent about for months.

Additionally, Defendants claim that they "followed precisely those steps" from *Orion* in seeking their relief here. Reply at 2. This is plainly incorrect. *First*, Headwater has repeatedly undertaken good-faith efforts to informally resolve these disputes with Defendants. Yet, Defendants were intent on filing the instant Motion and seeking Court intervention without further working with Headwater to resolve these disputes. Opp. at 13-15. *Second*, Headwater has not

---

[1] This issue is the subject of Headwater's pending motion to Compel Defendants to produce core technical documents and source code sufficient to show the operation of Defendants' accused network-side functionalities. D.I. 73.

1

"refused" to address these issues as Defendants claim. Reply at 2. Indeed, Headwater has repeatedly sought to address any purported lack of clarity through frequent meet-and-confers and amended charts. Reply at 1. Further, Headwater offered to work through these issues with Defendants before they filed the instant Motion. Opp. at 13-15. And even after Defendants filed their Motion, Defendants acknowledge that "Headwater served further supplemental contentions the day after Defendants filed this motion." Reply at 1. Moreover, Headwater agreed to provide further supplementation. Opp. at 15. Headwater has not "refused" to further clarify its charts. And *third*, while Defendants assert that they "fil[ed] this motion" like the court counseled in *Orion*, the *Orion* court indicated that seeking *clarification* was the proper course. Yet, contrary to this guidance, Defendants seek to *strike* much of Headwater's contentions, just like the motion to strike which was denied in *Orion*, in part because defendants there "opted to wait to clarify the issue" until the party could claim prejudice and move to strike. *Orion IP, LLC v. Staples, Inc.*, 2:04-cv-00297-LED (E.D. Tex. 2006), D.I. 298 at 10 (seeking to "strike Orion's newly asserted infringement contentions"); *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815 (E.D. Tex. 2006).

### B. Defendants' Complaints Regarding Representativeness Raise Evidentiary Concerns, Not Deficiencies in Headwater's Infringement Contentions

Headwater's infringement contentions clearly establish the **scope** of its infringement theories, accusing and charting *features* included in multiple versions of operating system software, and demonstrating the "technical and functional identity" of those accused features. *UltimatePointer, LLC v. Nintendo Co.*, No. 6:11-CV-496, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013) ("*UltimatePointer*"). For example, Apple's WatchOS and iOS **both** include the "Background App Refresh" and "Low Power Mode" features, as demonstrated by Headwater's infringement contentions. *See* D.I. 76-2 and 76-10. As a further example, Android's "Data Saver" (and other features) are found in various versions of Android (including Android OS and WearOS),

2

as demonstrated by Headwater's infringement contentions. *See, e.g.,* D.I. 76-1 and 76-9. This is sufficient to put Defendants on notice of the scope of the infringing features. And while Defendants rely on *UltimatePointer*, the court there found it relevant that plaintiff made "previous arguments that the Nintendo Wii games include ***different*** calibration functions," such that one game was not representative of another. *UltimatePointer* at *2 (emphasis added). Yet, no such evidence or argument exists here. Instead, the evidence here indicates the features are the *same*.

And to the extent the operating systems or functionality do not operate in precisely the same way, this is an issue regarding ***proof*** that Headwater will obtain in discovery and is not a proper criticism of the ***scope*** of Headwater's infringement contentions. Opp. at 4-7 (discussing *CardTek Int'l, Inc. v. The Kroger Co.,* Case No. 23-cv-00045-JRG-RSP, D.I. 82 at *2 (E.D. Tex Aug. 9, 2024)). Indeed, Defendants argue that Headwater must obtain confidential discovery to prove its case. Mot. at 5-6, n.4.[2] And while Headwater is diligently seeking this discovery through its Motion to Compel and other discovery measures, this does not raise a deficiency with respect to Headwater's infringement contentions.

> **C. Defendants Seek to Strike the Very Names of Network-Side Components They Themselves Requested and Strike Theories Defendants Acknowledge Are Alleged in Headwater's Charts**

Defendants claim that Headwater's charts are "insufficient to guide discovery" (Reply at 4), even though those charts accuse specific functionality and identify instrumentalities by name.

Headwater's charts identified numerous infringing functionalities, such as "attach request," "bearer resource allocation," "bearer resource modification," "PDN connectivity," "PCO" values, "QCI" levels, etc. *See, e.g.,* Opp. at 8 and 11-12. Despite these clear allegations in Headwater's

---

[2] The Discovery Order requires that the parties confer in good faith about the feasibility of a stipulation covering representative products. While Headwater has requested this conference, Defendants have thus far refused to engage in such discussion, choosing instead to file the instant Motion. D.I. 43.

3

charts, Defendants assert that "Headwater's network-side allegations exceed far beyond the limited scope described above," purportedly because "Headwater's QCI theory was first articulated in its opposition brief." Reply at 4. But this contrived assertion is belied by Headwater's infringement contentions, which delineate this theory and cite supporting evidence. Opp. at 13-15. Indeed, Defendants acknowledge that these accusations are contained in Headwater's infringement charts, and that they apparently have been searching for and collecting documents related to these functionalities for months. Reply at 3, n.4. Even so, Defendants have failed to produce these core technical documents in contravention of their P.R. 3-4 duties. *See* D.I. 73. And while Defendants claim that they produced documents related to this functionality "months ago" (Reply at 3), none of the produced documents describe or explain the operation of "attach," "bearer resource allocation," "bearer resource modification," and "PDN connectivity." Nor do the documents reveal anything about PCO values, QCI levels, priority rules, or filters—functionalities which are identified, described, and accused in Headwater's infringement contentions. Reply at 4-5.

Defendants also complain that "Headwater Has Not Identified Which Network-Side Components it Accuses," but then admit "Headwater's own contentions refer to identified ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as accused instrumentalities." Reply at 3. Even so, Defendants seek to strike the very identification by name they sought in the first place. Mot. at 14. Defendants' position is both incredible and uncredible.

### D. Headwater's Contentions Properly Accuse *Multiple* Infringing Functionalities

Headwater accuses multiple different features (as Defendants acknowledge), explaining that similar underlying code supports their functionality. Reply at 5. Headwater's contentions do not improperly "mix and match" functionalities. Opp. at 5-13. And even though Defendants filed the instant Motion, Headwater nonetheless served further amended infringement contentions

4

providing further explanation. Reply at 1. Despite this, Defendants are apparently content with ignoring Headwater's amendments, choosing to charge ahead with the Motion here rather than resolve disputes informally so that "both parties may adequately prepare for claim construction and trial" as recommended by the court in *Orion*. *Orion IP*, 407 F. Supp. 2d at 818.

> **E. Defendants Sat Silent for Months Regarding Headwater's Dependent Claims After Headwater Served Its Amended Contentions**

Defendants acknowledge that the last time they raised potential deficiencies regarding dependent claims was "more than a month ***before*** Headwater served its operative infringement contentions." Reply at 5. Based on Defendants' silence, Headwater understood its operative infringement contentions to have resolved the issues.[3] Even so, Headwater was willing to address each purported deficiency during the meet-and-confer process. Opp. at 13-15. And when Defendants refused, choosing instead to file their Motion, Headwater demonstrated that Defendants' only two examples of purported deficiencies were not deficiencies at all based in part on overlap between the claims, evidence cited, and Headwater's narrative allegations.[4]

Nevertheless, if the Court believes Headwater's dependent claim charts should include additional detail, Headwater respectfully requests the opportunity to provide supplemental contentions—a course of action consistent with *Orion* and *UltimatePointer*. *Orion* at 818 (refusing to strike contentions where the complaining party "laid behind the log"); *UltimatePointer* at *3 (ordering plaintiff to supplement its contentions).

**II. CONCLUSION**

For the reasons above and in the Opposition (D.I. 75), T-Mobile's motion should be denied.

---

[3] T-Mobile notes its "pending motion to compel Headwater to narrow its asserted claims." Dkt. 58. But this is irrelevant to the instant motion. And, in any event, T-Mobile's request is unreasonable in light of the Court's model order and the Court's narrowing Order issued in another Headwater case involving the same patents and claims. D.I. 63.

[4] By contrast, Defendants' claim charts fail to provide narrative allegations and instead merely parrot claim language. *E.g.*, Exs. D.I. 76-15 through 18.

5

Dated:  September 6, 2024

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Adam Hoffman
CA State Bar No. 218740
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
James N. Pickens
CA State Bar No. 307474
Qi (Peter) Tong
TX State Bar No. 24119042
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com

Andrea L. Fair
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@wsfirm.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas under seal, and served counsel of record with a copy via electronic email.

/s/ Marc Fenster
Marc Fenster