UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>*Defendants.* | Case No. 2:23-cv-00377-JRG-RSP<br><br>(Member Case Under -379 Action)<br><br>JURY TRIAL DEMANDED |
| HEADWATER RESEARCH LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>*Defendants.* | Case No. 2:23-cv-00379-JRG-RSP<br><br>(Lead Case)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF HEADWATER RESEARCH LLC'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION TO COMPEL EXPERT REPORTS, TRANSCRIPTS, EXHIBITS, WRITTEN DISCOVERY, AND ESI**

Headwater respectfully responds to and opposes T-Mobile's Motion To Compel Expert Reports, Transcripts, Exhibits, Written Discovery, and ESI. Dkt. 124. As set forth below, Headwater has already produced the ***only*** document specifically identified in the Motion, a deposition transcript of third-party Robert Lamb. Moreover, to avoid burdening the Court any further than T-Mobile already has, Headwater also agrees to produce in this case the ESI produced by Headwater in the Samsung Litigations[1] despite the fact that such production is not contemplated

---

[1] Headwater intends to produce this ESI by January 6, 2025, if not earlier.

or required by the terms of the parties' agreed-to ESI Discovery Order. Lastly, T-Mobile's request that Headwater be ordered to produce ESI that hit upon the Search Terms propounded by T-Mobile in this case is largely moot as Headwater agrees (and never refused) to produce such ESI, including additional ESI hits far beyond the parties mutually-agreed 500 count hit limit.[2] On each of these issues, T-Mobile's Motion should be denied as moot.

The remainder of T-Mobile's Motion seeks wholesale production of all deposition transcripts, deposition exhibits, expert reports, documents cited within those expert reports, and written discovery materials from the two Samsung Litigations. But as explained below, this generic request is overly broad, largely moot, and ignores that many of those materials are designated material subject to the Protective Orders in those litigations. As to this broad request, T-Mobile's Motion should be denied.

I. **T-Mobile's Request That Headwater Be Compelled To Indiscriminately Produce All "Emails Produced in the Samsung Litigation," While Improper, Is Mooted By Headwater's Agreement To Do So**

First, T-Mobile asks the Court to compel Headwater to produce all of the ESI Headwater produced to Samsung in two different cases, despite the fact that the parties in this case— T-Mobile and Headwater—specifically agreed to an ESI Discovery Order (Dkt. 48) that states that "[g]eneral ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, ***shall not include e-mail*** or other forms of electronic correspondence (collectively 'email')". Dkt. 48 at ¶6.[3] "To obtain email, parties must propound specific e-mail production requests." *Id*. Such "[e]-mail production requests shall identify the custodian, search terms, and time frame." *Id*. at ¶8.

---

[2] Headwater intends to produce this ESI by January 6, 2025, if not earlier.
[3] All emphasis herein added.

T-Mobile complains that "Headwater cannot refuse to reproduce highly relevant materials from the Samsung Litigations on the basis of parity, while insisting on production disparities in its own favor in this case." But this is just attorney argument without any support or merit. Headwater did not refuse to produce ESI it collected, reviewed, and produced in the Samsung Litigation "on the basis of parity"—Headwater simply adhered to the ESI Discovery Order the parties jointly negotiated and filed, and was then issued by the Court.

Having agreed to and jointly moved for entry of the ESI Discovery Order expressly limiting the production of email, T-Mobile should not now be permitted an end-run around those limitations simply because it wants Headwater to produce more emails. Put another way, T-Mobile has doubtlessly collected and produced voluminous amounts of ESI in other litigations that involved the cellular devices and cellular services at issue in this case. Would T-Mobile agree to wholesale production of all of those prior ESI productions simply because T-Mobile could "produce them within the hour" and T-Mobile "simply needs to hit send"? No, it would not.

It is T-Mobile, not Headwater, that now asks this Court to impose a production disparity on Headwater by ordering the wholesale production of thousands of emails outside of the confines of the ESI Discovery Order to which T-Mobile previously agreed. That T-Mobile may now regret agreeing to the ESI Discovery Order does not create any justification, let alone good cause, to compel Headwater to produce broad swaths of generic discovery divorced from the realities or relevance of this case.

Nonetheless, and despite T-Mobile offering no meaningful justification for the Court to deviate from the agreed-upon ESI Order, Headwater intends to produce all of the ESI that Headwater produced in the Samsung Litigations on or before January 6, 2025. While Headwater certainly does not agree that such production is necessary or relevant, it also does not want the

Court to devote any more time and resources to T-Mobile's overly broad Motion. Thus, on the issue of Headwater's ESI production in the Samsung Litigations, T-Mobile's Motion should be denied as moot.

II. **T-Mobile's Request That Headwater Be Compelled To Produce All "ESI Documents Negotiated in This Case" Is Largely Moot and Should Be Denied**

Second, T-Mobile contends that "Headwater refuses to agree to reasonable search terms propounded by T-Mobile for ESI, and it refuses to produce materials for search terms it has already agreed to produce on." T-Mobile is wrong.

As to the search terms propounded by T-Mobile on which Headwater has already agreed, that ESI has already been collected, searched, reviewed, and largely already produced to T-Mobile. Headwater intends to produce any remaining ESI on or before January 6, 2025. The only remaining dispute related to Headwater's production of ESI in this case raised by T-Mobile's Motion are the five Search Terms propounded by T-Mobile that are still returning more than a thousand hits, significantly higher than the 500-hit count limit imposed by T-Mobile during the parties' prior discussions about T-Mobile's production of ESI.

T-Mobile's contention in its Motion that "the parties never agreed to a hard per-term limit on hits" was a surprise to Headwater. When Headwater served search terms on Verizon and T-Mobile, T-Mobile's counsel (representing both Verizon and T-Mobile) expressly pushed back on "***terms for which the hit counts exceed 500 hits, including families, for further narrowing***." Exhibit A at 1. Indeed, as shown in Exhibit A, T-Mobile's counsel so adhered to the 500-hit limit that it pushed back on and required Headwater to narrow one of Headwater's search terms that returned just ***561*** hits (Exhibit A at 2).

T-Mobile's Motion—besides falsely claiming the parties did not mutually agree to a 500-hit reasonableness limit—claims that T-Mobile's production somehow negates such a limit. But

4

that is nonsense. Parties are always free to produce ESI of their own as they see fit. That T-Mobile chose to do so here, in excess of the limits the parties had negotiated and had been operating under, does not require that Headwater do the same.

Nonetheless, and despite T-Mobile's failure to reasonably narrow its search strings any further, Headwater intends to review and produce *all* of the ESI that hit upon T-Mobile's Search Terms (excluding Search Terms 1, 2, and 3) and *substantially more than 500 hits* returned from T-Mobile's Search Terms 1, 2 and 3. Headwater intends to complete this ESI production on or before January 6, 2025. While Headwater certainly does not agree that such production is necessary given T-Mobile's continued failure to further narrow Search Terms 1, 2 and 3, it also does not want the Court to devote any more time and resources to T-Mobile's overly broad Motion. Thus, on the issue of Headwater's production of ESI in this litigation, T-Mobile's Motion should be denied as moot.

**III.    T-Mobile's Request That Headwater Be Compelled To Indiscriminately Produce All "Case Materials From the Samsung Litigations" is Overly Broad, Largely Moot, and Should Be Denied**

Third, T-Mobile asks the Court to broadly compel Headwater to produce all "fact deposition transcripts and the exhibits thereto, the expert reports and cited documents, the expert deposition transcripts, and the written discovery materials" from "the Samsung Litigations." Motion at 3.

As an initial matter, the majority of the categories of documents T-Mobile asks this Court to compel Headwater to produce have already been produced. For example, Headwater has produced the deposition transcripts of its fact witnesses and has asked for and received consent to produce deposition transcripts for many third-party fact witnesses. Headwater has also produced the relevant expert reports from the Samsung Litigations. Further, much of the document discovery and written discovery already provided to T-Mobile in this case is duplicative, if not identical, to

the document discovery and written discovery provided in the Samsung Litigations. Moreover, to the extent that T-Mobile seeks other third-party or Samsung information or documents from the Samsung Litigations, many of those materials are designated material subject to the Protective Orders in those litigations.

Despite the expansive breadth of its generic request, T-Mobile is only able to identify a ***single example*** of such a document that had not been produced at the time of T-Mobile's Motion – the deposition transcript of third-party Robert Lamb. Though T-Mobile's Motion describes Mr. Lamb as "a critical witness," it is important to note that T-Mobile only subpoenaed Mr. Lamb on December 11, 2024, the same day on which the lead and local meet and confer regarding this Motion occurred, and just eight days before it filed this Motion. *See* Motion at Certificate of Conference. In any event, after T-Mobile subpoenaed Mr. Lamb on December 11, 2024, and after T-Mobile identified Mr. Lamb's transcript in its Motion, Headwater promptly searched for, located, and produced Mr. Lamb's deposition transcript on December 27, 2024, thus mooting T-Mobile's request.

The only other documents or categories of documents T-Mobile even attempts to identify with any particularity are "Headwater's negotiations with a third party (Interdigital) about a potential sale." Motion at 4. T-Mobile contends that such documents "implicate[] some of the most critical issues in the case" but provides no basis at all permitting the Court or Headwater to even identify any such issues, let alone respond to T-Mobile's boilerplate assertions of relevance. In any event, and without admitting their relevance, Headwater has searched its production in this case and confirmed that it has already produced 103 documents (spanning 6,500 pages) in this case that hit upon the search term "InterDigital". It is not clear from T-Mobile's generic description of the documents it seeks to compel what else there is for Headwater to produce.

6

T-Mobile's inability to articulate or identify with any particularity any documents from the Samsung Litigations, other than the single deposition transcript of Mr. Lamb which Headwater has now produced, demonstrates that T-Mobile's overly broad request that Headwater be compelled to produce all such material should be denied.

## IV. CONCLUSION

For the foregoing reasons, T-Mobile's motion to compel should be denied.

Dated: January 3, 2025

Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Brian Ledahl
CA State Bar No. 186579
Ben Wang
CA State Bar No. 228712
Paul Kroeger
CA State Bar No. 229074
Neil A. Rubin
CA State Bar No. 250761
Kristopher Davis
CA State Bar No. 329627
James S. Tsuei
CA State Bar No. 285530
Philip Wang
CA State Bar No. 262239
Amy Hayden
CA State Bar No. 287026
Dale Chang
CA State Bar No. 248567
James Milkey
CA State Bar No. 281283
Jason M. Wietholter
CA State Bar No. 337139
Adam S. Hoffman
CA State Bar No. 218740

Qi (Peter)Tong
TX State Bar No. 24119042
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
headwater@raklaw.com


Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

**ATTORNEYS FOR PLAINTIFF,
Headwater Research LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2025, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System and served Defendants via electronic mail.

                                            /s/ *Marc Fenster*
                                            Marc Fenster