# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>Defendants. | Case No. 2:23-cv-00377-JRG-RSP<br><br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OBJECTIONS TO THE COURT'S CLAIM CONSTRUCTION ORDER**

Defendants T-Mobile USA, Inc. and Sprint Corp. ("T-Mobile") respectfully submit these objections to the Court's Claim Construction Order (Dkt. 139), with respect to the following terms:

1. **"*one or more prospective or successful communications [over a wireless network]*"** (U.S. Patent No. 8,589,541 ("'541 Patent"), Claim 1 and dependents): The term "one or more prospective or successful communications [over a wireless network]" is indefinite. The patent does not provide guidance on what constitutes a "prospective" communication and what constitutes a "successful" one. In addition, the inclusion of "successful communications" in the claim is nonsensical, and therefore indefinite, because attempting to control service usage activity for already-successful communications closes the barn door after the horse. For a term to be definite, the intrinsic record "must provide objective boundaries for those of skill in the art." *Interval Licensing LLC v. AOL Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014); *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 909-910 (2014). Here, the claims and specification offer no guidance regarding when a "prospective" communication ends and a "successful" communication begins and the inclusion of "successful communications" is nonsensical, so the term is indefinite.

2. **"*background activity*"** ('541 Patent, Claim 1 and dependents): The term "background activity" is indefinite. The specification uses the term "background activity" inconsistently to refer to multiple conflicting embodiments. For example, the specification uses the term to refer both to when a user is "not directly interacting with" an application and to when the user is not "benefiting from" the application, even though under that definition an application can be both in the foreground *and* the background concurrently. '541 Patent at 14:47-15:4; *see also id.* at 107:49-57; 107:57-61, 107:66-108:2 (providing conflicting guidance on term). Because the patent fails to choose a definition that a POSITA would

1

understand with reasonable certainty, the term is indefinite. *See Nautilus*, 572 U.S. at 901.

In addition, new evidence not available to the parties or the Court during the claim construction proceeding further confirms that a POSITA would not understand the term's scope with reasonable certainty, as was recently confirmed at the deposition of the inventor, Dr. Greg Raleigh. In concluding the term is not indefinite, the Court stated that "***the parties agree*** 'background activity' has an ordinary meaning to a skilled artisan." Dkt. 140 at 14 (emphasis added). But, at his deposition, Dr. Raleigh testified that he would need to look at, for example, a "specific product" to determine the meaning of "background." Ex. 1 (Raleigh Dep. Tr.) at 98:16-20; 190:1-19; 202:8-25. Dr. Raleigh also testified that he was not sure what the word "background" referred to, that "it's just a word," and that it can take on "infinite meanings." *See id.* at 79:8-16; 79:24-80:5; 96:19-22; 98:3-15. Because Dr. Raleigh confirmed the term has no established meaning and it is susceptible of "infinite" meanings, and the patent provides no "informed and confident choice" among those many conflicting definitions, the term is indefinite and, at minimum, shows the parties do not agree on the ordinary meaning. *Media Rights Tech. Inc. v. Capital One Fin. Corp.*, 800 F.3d 1366, 1371 (Fed. Cir. 2015) ("a claim is indefinite if its language might mean several different things and no informed and confident choice is available among the contending definitions") (internal marks omitted).

Because Dr. Raleigh's testimony was not available during claim construction proceedings, Defendants may bring it to Judge Payne's attention and seek further claim construction on this term as appropriate.

3. "***classify whether a particular application capable of both interacting with the user in a user interface foreground of the device, and at least some Internet service activities when***

***not interacting with the user in the device user interface foreground, is interacting with the user in the device user interface foreground*'** (U.S. Patent No. 9,215,613 ("'613 Patent"), Claim 1 and dependents):  The term is indefinite, particularly with respect to its use of the term "device user interface *foreground*" for the reasons described above with respect to the term "background activity."[1]  Defendants may bring Dr. Raleigh's testimony to the Court's attention and seek further claim construction on this term as appropriate.

For the reasons stated above and further explained in its briefing and at the Claim Construction Hearing, T-Mobile respectfully objects to the Court's constructions of the above-listed terms.

---

[1] The '613 and '541 Patents share a common specification.

3

| | |
|---|---|
| Dated: February 4, 2025 | By: */s/ Katherine Q. Dominguez* |
| | Katherine Q. Dominguez<br>kdominguez@gibsondunn.com<br>Josh A. Krevitt<br>jkrevitt@gibsondunn.com<br>Brian A. Rosenthal<br>brosenthal@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035 |
| | Robert Vincent<br>rvincent@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>Telephone: 214.698.3112<br>Facsimile: 214.571.2910 |
| | Andrew W. Robb (CA Bar No. 291438)<br>arobb@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>310 University Avenue<br>Palo Alto, CA 94301<br>Telephone: 650.849.5334<br>Facsimile: 650.849.5034 |
| | Michelle Zhu<br>mzhu@gibsondunn.com<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Telephone: 202.777.9413<br>Fax: 202.831.6063 |
| | Celine Crowson (D.C. Bar No. 0436549A)<br>**Hogan Lovells**<br>555 13th St NW,<br>Washington, DC 20004<br>Telephone: 202-637-5600<br>celine.crowson@hoganlovells.com |
| | Tej Singh (California Bar No. 286547) |

4

        Yi Zhang (California Bar No. 342823)
        Kyle Xu (California Bar No. 344100)
        **Hogan Lovells**
        4 Embarcadero Center Suite 3500
        San Francisco CA, 94111
        Telephone: 415-374-2300
        tej.singh@hoganlovells.com
        yi.zhang@hoganlovells.com
        kyle.xu@hoganlovells.com

        Melissa R. Smith
        melissa@gillamsmithlaw.com
        **GILLIAM & SMITH, LLP**
        303 South Washington Avenue
        Marshall, TX 75670
        Telephone: 903-934-8450
        Facsimile: 903-934-9257

        *Attorneys for T-Mobile*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2025, the foregoing was served upon all counsel of record who have consented to electronic service.

/s/ *Katherine Q. Dominguez*
Katherine Q. Dominguez