IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-00379-JRG-RS<br><br>JURY TRIAL DEMANDED |

**HEADWATER'S RESPONSE TO T-MOBILE'S**
**OBJECTIONS TO CLAIM CONSTRUCTION ORDER**

T-Mobile's objections ("Objs.," Dkt. 146) to Judge Payne's claim construction order ("CC Order," Dkt. 139) lack merit and should be overruled. The objections are largely boilerplate. For each term, T-Mobile repeats a few sentences from its responsive claim construction brief (Dkt. 94) without addressing any of Headwater's briefs (Dkts. 90, 100), the discussion at the hearing, or the findings and analysis of the CC Order. *Indeed, the CC Order is barely cited at all*. This shows that the order is correct and should be adopted in its entirety.

## I. "one or more prospective . . . communications [over a wireless network]" ('541 patent, claim 1 and dependents)

T-Mobile presents no developed argument for this term. It repeats a few sentences from its responsive brief, but the same indefiniteness argument was addressed in Headwater's opening and reply briefs and evidence cited therein. Dkt. 90 at 6-9; Dkt. 100 at 1-2. T-Mobile declined to argue this term at the hearing and submitted on the tentative. As to the CC Order, T-Mobile doesn't mention it all. This shows that the order's findings and analysis (Dkt. 139 at 9-11) are correct.

## II. "background activity" ('541 patent, claim 1 and dependents)

T-Mobile repeats a few sentences from its response brief, but the same indefiniteness argument was addressed in Headwater's opening and reply briefs and evidence cited therein. Dkt. 90 at 12-15; Dkt. 100 at 4-5. The term was also argued at the hearing. The Court considered all this and correctly found the term is not indefinite. T-Mobile argues that "new evidence" warrants a different outcome. T-Mobile is wrong, and it mischaracterizes Dr. Raleigh's testimony.

The Court's undisputed findings confirm that "background activity" in claim 1 of the '541 patent is not indefinite. *First*, the Court found—and the parties agreed— that the term has a plain and ordinary meaning in the context of the patent. *See* CC Order at 13 ("To start, the parties agree "background activity" has an ordinary meaning to a skilled artisan. *See* Hr'g Tr., Dkt. No. 88 at 18:8-13."). *Second*, the Court found—and the parties agreed—that no lexicography or disavowal

1

supported a different meaning of "background activity." *Id.* at 13-14 ("That meaning applies unless there is lexicography or disavowal, both of which must be clear and unmistakable.").

T-Mobile arguments boil down to an unsupported claim construction principle the Court deemed "almost like reverse lexicography." *Id.* at 14. But as the Court found, T-Mobile *never* offered any legal authority for its position—not in briefing, not at the hearing, and not in the objections. Accordingly, the findings and analysis of the CC Order (*id.* at 12-14) are correct.

T-Mobile reliance on "new" inventor testimony is meritless. Dr. Raleigh's extrinsic testimony (in Jan. 2025) does not and cannot change the intrinsic evidence and the Court's findings above. Indeed, the Court found the parties ***agreed*** that the term 'background activity" in claim 1 of the '541 patent has a plain meaning to a POSITA. *Id.* at 13. Defendants repeatedly admitted this: at the hearing, in their claim construction expert's deposition, and in their representations to the PTO in Defendants' IPR on the '541 patent. *See* Dkt. 100 at 4 (quoting evidence).

Further, even a cursory review of Dr. Raleigh's testimony shows that T-Mobile is mischaracterizing it. Dr. Raleigh didn't remotely admit that the term "background activity" in the '541 patent is indefinite. Defendants' counsel asked questions without specifying any context. Objs. Ex. 1 at 78:11. And Dr. Raleigh simply sought clarification and explained it was important to understand certain words in their proper context. *Id.* at 79:13-15 ("The term 'background' *has to be taken in context, especially if you're talking about an invention*") 79:25-80:2 ("'background' as a word all by itself can take on many, many different meanings. *So without the context of a specific invention or a specific product*, it's just a word.'"). To the extent Dr. Raleigh expressed uncertainty, it was to the form of the deposing attorney's questions and what she meant. *See* 96:19-24 ("I'm not sure what you're referring to. . . . *I don't know what the context is. I don't know what prior inventions you might be talking about.*").

2

Finally, T-Mobile says it may submit Dr. Raleigh's testimony to Judge Payne and seek reconsideration. T-Mobile hasn't done this, likely because it lacks a good faith basis to do so.

### III. "classify whether a particular application . . . is interacting with the user in the device user interface foreground" ('613 patent, claim 1 and dependents)

T-Mobile presents no developed argument for this term. It purports to incorporate (in one sentence) its argument for the previous term. But as explained in Headwater's briefing, the hearing, and the CC Order, this term is not indefinite. *See* Dkt. 90 at 24-26; Dkt. 100 at 9-10; Dkt. 139 at 20-21. Further, T-Mobile provides no authority for how a different term ("background activity") in a different claim / patent (claim 1 of the '541 patent) could somehow render this term indefinite.

\* \* \*

For the foregoing reasons, T-Mobile objections to the CC Order lack merit and should be overruled. T-Mobile objections are boilerplate and fail to identify any error in the Court's analysis. The objections barely mentions the CC Order at all. The order should thus be adopted.

Dated: February 19, 2025                                    Respectfully submitted,

*/s/ Marc Fenster*
Marc Fenster (CA SBN 181067)
mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brian Ledahl (CA SBN 186579)
bledahl@raklaw.com
Ben Wang (CA SBN 228712)
bwang@raklaw.com
Dale Chang (CA SBN 248657)
dchang@raklaw.com
Paul Kroeger (CA SBN 229074)
pkroeger@raklaw.com
Kristopher Davis (CA SBN 329627)
kdavis@raklaw.com
Philip Wang (CA SBN 262239)
pwang@raklaw.com
Amy Hayden (CA SBN 287026)

ahayden@raklaw.com
Jason M. Wietholter (CA SBN 337139)
jwietholter@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com

*Attorneys for Plaintiff*
*Headwater Research LLC*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who to have consented to electronic service are being served on February 19, 2025, with a copy of this document via the Court's CM/ECF system.

*/s/ Marc Fenster*
Marc Fenster