# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS AND VERIZON CORPORATE SERVICES GROUP INC.,<br><br>Defendants. | Case No. 2:23-cv-00352-JRG-RSP<br><br>**JURY DEMANDED** |
| HEADWATER RESEARCH LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC. AND SPRINT CORP.,<br><br>Defendants. | Case No. 2:23-cv-00379-JRG-RSP<br><br>**JURY DEMANDED** |

**PLAINTIFF HEADWATER RESEARCH LLC'S UNOPPOSED MOTION TO REDACT PORTIONS OF THE MAY 30, 2025 PRETRIAL CONFERENCE TRANSCRIPT**

I.  **INTRODUCTION**

Plaintiff Headwater Research LLC ("Headwater") respectfully moves to redact certain limited portions of the May 30, 2025 pretrial conference transcript. Defendants do not oppose.

During the May 30, 2025 pretrial conference, the parties and the Court discussed certain matters designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 45). On June 6, 2025, Headwater notified the Court of its intent to request redactions of this transcript. Dkt. 284.

II. **REQUEST FOR REDACTION**

"The decision whether to allow public access to court records is left to the 'sound discretion of the trial court ... to be exercised in light of the relevant facts and circumstances of the particular case.'" *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 U.S. Dist. LEXIS 14099, at *3 (E.D. Tex. Feb. 1, 2017) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). "Where the materials relate to non-dispositive issues, the interest in disclosure is less compelling. In particular, the materials filed in connection with discovery disputes unrelated to the merits of the case have been identified as the kinds of court materials for which there is not a compelling need for public disclosure; the presumption of disclosure has therefore been held inapplicable in that setting." *Id.* at *5.

Here, the proposed narrowly tailored redactions maintain the confidentiality of matters designated confidential under the Protective Order (Dkt. 45). The redacted materials relate to discovery issues, not to dispositive issues, thereby rebutting the presumption of disclosure. Headwater respectfully requests that the Court order the redaction of the material discussed on the following portions of the May 30, 2025 hearing transcript:

| Page and Line(s) | Reason for Redaction |
|---|---|
| 33:14, 34:9, 34:24, 35:8, 36:17-18, 36:21, 36:24-25, 37:4, 37:6, 37:8-10, 37:15, 37:20, 38:12, 39:17, 39:20, 40:7-8, 40:10-11, 40:12-15, 40:21, 41:13, 42:4-6, 42:19, 42:21, 43:22, 43:24 44:7, 45:6, 45:16, 45:18 | Reveals confidential details regarding irrelevant activity deemed by the Court to be unfairly prejudicial and subject to motion *in limine* |
| 48:11, 49:6, 49:8, 51:24 | Reveals confidential details regarding unconsummated proposed commercial agreement between Headwater and third party |
| 172:19 | Reveals information about Defendants' unit sales |

The requested redactions are highlighted in **Exhibit A**, attached hereto. Defendants do not oppose the requested relief. With respect to the first category, Headwater considers the details of the alleged activity to be irrelevant and unfairly prejudicial, and the Court has already excluded this information from evidence in granting Headwater's associated motion *in limine*. With respect to the second category, Headwater has proposed the redaction of only the amount of cash consideration under the proposed commercial agreement with a third party, which was not ultimately consummated. And with respect to the third category, the proposed redaction is limited to a numerical figure that could be used, with other information contained in the transcript, to determine confidential sales information of Defendants. Public disclosure of the identified information creates a risk of hardship to Headwater (for categories 1 and 2) or Defendants (for category 3), and this harm outweighs the presumption of public access at least because the redactions will not affect the public's ability to understand the underlying issues in the rest of the record.

Good cause exists to redact this information from the transcript in light of the potential harm to the parties. All individuals present in the courtroom during the May 30, 2025 hearing were subject to the Protective Order in this case or another Headwater with a substantively identical Protective Order—i.e., attorneys for the parties, the Court, its clerks, and supporting staff members. As such, there was no need to seal the courtroom during the discussion of the information sought to be redacted. Redacting the requested details does not inhibit the public's ability to understand the dispute, the arguments, or the resolution. Headwater respectfully requests that the Court grant its motion for these targeted redactions.

### III. CONCLUSION

Headwater respectfully requests that the Court grant its unopposed motion to redact the May 30, 2025 hearing transcript and enter the redacted transcript containing the proposed redactions attached as Exhibit A into the public record.

Dated: June 24, 2025

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
mfenster@raklaw.com
Reza Mirzaie
CA State Bar No. 246953
rmirzaie@raklaw.com
Brian Ledahl
CA State Bar No. 186579
bledahl@raklaw.com
Ben Wang
CA State Bar No. 228712
bwang@raklaw.com
Adam Hoffman
CA State Bar No. 218740
Email: ahoffman@raklaw.com
Dale Chang
CA State Bar No. 248657

3

dchang@raklaw.com
Paul Kroeger
CA State Bar No. 229074
pkroeger@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
nrubin@raklaw.com
Kristopher Davis
CA State Bar No. 329627
kdavis@raklaw.com
James S. Tsuei
CA State Bar No. 285530
jtsuei@raklaw.com
Philip Wang
CA State Bar No. 262239
pwang@raklaw.com
James Milkey
CA State Bar No. 281283
Email: jmilkey@raklaw.com
Jason M. Wietholter
CA State Bar No. 337139
jwietholter@raklaw.com
James Pickens
CA State Bar No. 307474
Email: jpickens@raklaw.com
Qi (Peter) Tong
TX State Bar No. 24119042
Email: ptong@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Fl.
Los Angeles, CA 90025
Telephone: 310-826-7474

Andrea L. Fair
TX State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
andrea@millerfairhenry.com


*Attorneys for Plaintiff,*
*Headwater Research LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 24th day of June 2025, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Headwater has complied with the meet and confer requirement in Local Rule CV-7(h) by meeting and conferring with counsel for Defendants. Defendants do not oppose this motion.

/s/ *Reza Mirzaie*
Reza Mirzaie