IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § § § *Plaintiff*, § § v. § § T-MOBILE USA, INC. and SPRINT § CORP., § § § *Defendants*. § | CIVIL ACTION NO. 2:23-CV-379-JRG-RSP (LEAD CASE) |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment of No Pre-Suit Willful Infringement, Indirect Infringement, or Copying, filed by Defendants T-Mobile USA, Inc. and Sprint Corp.. **Dkt. No. 178**. For the reasons discussed below, the Motion should be **GRANTED** as to no copying by Defendants, and otherwise **DENIED**.

### I.   APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the

material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

## II.   ANALYSIS

### A.  Pre-Suit Willful Infringement and Pre-Suit Indirect Infringement

Defendants assert that Plaintiff cannot point to any evidence for a necessary element of both pre-suit willful infringement and pre-suit indirect infringement: pre-suit knowledge of the patents at issue. Dkt. No. 178 at 6.

Indirect infringement, whether contributory or induced, requires that the indirect infringer have knowledge of the patents at issue. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009); *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). This is also true for willful infringement. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1932-33 (2016)). Further, evidence of knowledge of the patents in suit and intent sufficient to establish deliberate or intentional conduct may be inferred from circumstantial evidence. *See Warsaw Orthopedic, Inc. v. NuVasive,*

*Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) ("knowledge of infringement can be inferred from circumstantial evidence"); *WCM Industries, Inc. v. IPS Corporation*, 721 Fed.Appx. 959, 970 (Fed. Cir. 2018) ("whether an act is 'willful' is by definition a question of the actor's intent, the answer to which must be inferred *from all the circumstances*.") (emphasis original) (cleaned up) (quoting *Gustafson, Inc. v. Intersystems Industrial Products, Inc.*, 897 F.2d 508 (Fed. Cir. 1990)).

In the Motion, Defendants argue that "Headwater has failed to adduce any evidence that Defendants knew of the asserted patents prior to its filing suit, because Headwater relies solely on evidence that cannot, as a matter of law, establish knowledge." Dkt. No. 178 at 6. Specifically, Defendants contend that (1) any alleged knowledge by Sprint cannot be imputed to T-Mobile[1] (*Id.* at 7-8); and (2) Plaintiff relies on documents and communications that either do not identify the asserted patents or otherwise predate the filing and issuance of those patents (*Id.* at 8-13).

As to their first point, Defendants assert that "[t]here is no dispute T-Mobile itself did not have knowledge of any of the asserted patents prior to Headwater's filing suit. Headwater's assertion that T-Mobile had pre-suit knowledge is entirely dependent on Headwater's allegations that its subsidiary, Sprint, had knowledge of the asserted patents. But Sprint's alleged knowledge cannot be imputed to T-Mobile." *Id.* at 7 (citing several non-binding cases in support of this proposition). Defendants further assert that that, because Sprint terminated its contract with ItsOn in October 2015, and the two stopped working together in 2016 (*Id.* at 7 (citing Dkt. No. 178-14 at ¶ 8; Dkt. No. 178-3 at 32, 34)), there were, therefore, four years between Sprint's work with ItsOn, and T-Mobile's acquisition of Sprint (*Id.* at 7-8 (citing Dkt. No. 178-163-11 at ¶ 2; Dkt. No. 178-7 at 12: 20-24; Dkt. No. 178-10 at 571: 2-6)). Thus, conclude Defendants, "T-Mobile itself

---

[1] Defendant Sprint Corp. (now Sprint LLC) was acquired by T-Mobile USA, Inc. in 2020. Dkt. No. 35 at 2.

3

never had any contract with ItsOn" and "[t]here is no basis to impute any Sprint knowledge onto T-Mobile." *Id.* at 8 (citing Dkt. No. 178-10 at 571: 12-16).

In response to this first point, Plaintiff argues that it is not seeking to impute Sprint's knowledge to T-Mobile. Dkt. No. 198 at 9. Instead, Plaintiff contends that T-Mobile had knowledge because numerous of its employees, including Jason Sigg, Ryan Sullivan, and Hannah Sifuentes, were employed by Sprint during its relationship with ItsOn and continued to work with T-Mobile after the merger. *Id.* (citing Dkt. No. 198-17 at 12:13-13:2, 19:14-23; Dkt. No. 198-6 at 11:16-12:8, 15:1-7; Dkt. No. 198-19 at 8:23-25).

As to their second point, Defendants state that "Headwater contends that Sprint knew of the asserted patents through communications with ItsOn between 2013 and 2016, when ItsOn implemented software on certain phones on the Sprint network, and also that a patent related to the asserted patents was cited in the prosecution of one of Sprint's patents. None of this is legally sufficient to establish knowledge of the asserted patents, because none of this evidence identifies the asserted patents." Dkt. No. 178 at 8-13.

In response to Defendants' second point, Plaintiff argues that Defendants knew or should have known of the patents at issue. Dkt. No. 198 at 9. In support of this, Plaintiff makes several assertions. First, it asserts that Defendants knew that Headwater had a large portfolio of patents and, further, that Defendants were even concerned about these patents when they began the process of termination the Sprint/ItsOn relationship and replacing the ItsOn technology with technology developed by Samsung. *Id.* (citing Dkt. No. 198-13; Dkt. No. 198-14 at 34-35; Dkt. No. 198-15; Dkt. No. 198-16; Dkt. No. 198-5 at 33:13-35:6). Second, it asserts that the '541 Patent was listed on Headwater's marking page, thus providing notice to T-Mobile about its issuance and showing that Defendants never investigated whether they infringed the '541 Patent. *Id.* at 9-10 (citing Dkt.

4

No. 178 at 3-4). Third, Plaintiff asserts that a Sprint patent cited to the parent application of the '541 Patent during prosecution. *Id.* at 9 (citing Dkt. No. 178 at 12).

The Court finds that a genuine dispute of material fact remains for the question of pre-suit willfulness as it relates to knowledge of the asserted patents. The core of the knowledge dispute is centered on the interactions of the parties over the period of time prior to this suit. This dispute is highlighted by conflicting interpretations of the underlying facts, such as the former Sprint (now T-Mobile) employees who were both with Sprint during the company's former relationship with ItsOn as well as involved in that relationship, and generally Defendants' awareness of Plaintiff's patent portfolio. The Court finds that in viewing the totality of the circumstantial evidence in the light most favorable to non-movant Plaintiff, a jury could reasonably infer that knowledge of the asserted patents was present prior to the filing of the Complaint.

Defendants also assert that Plaintiff cannot show that Defendants knew of their alleged infringement. Dkt. No. 178 at 12. For the same reasons discussed above, the Court finds that a reasonable jury could find that Defendants were aware of their alleged infringement from the totality of the circumstantial evidence.

### B. Copying

In the Motion, Defendants argue that Plaintiff cannot prove copying—but specifically copying done by them (T-Mobile/Sprint), which goes toward, *inter alia*, willful infringement. *See* Dkt. No. 178 at 13. Defendants assert that to prove its copying allegation, Plaintiff must show that they "(1) intentionally copied (2) a specific thing, and (3) that the thing that they copied is an embodiment of the asserted claims." *See id.* at 14-15 (citing *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) ("Our case law holds that copying requires evidence of efforts to replicate a specific product"); *Amazon.com, Inc. v. Barnesandnoble, Inc.*, 239 F.3d 1343, 1366

5

(Fed. Cir. 2001) ("[E]vidence of copying ... is legally irrelevant unless the [copied] feature is shown to be an embodiment of the claims."). Defendants contend that Plaintiff has adduced no evidence of this. *See id.* at 13-15.

In response, Plaintiff argues that there *is* evidence of copying, but of copying by competitors generally, which goes towards secondary considerations of non-obviousness. *See* Dkt. No. 198 at 12. This type of copying, Plaintiff contends, can be shown through the alleged infringer having "access to the patented product combined with substantial similarity to the patented product." *Id.* (quoting *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir.2010) (internal quotations omitted)). Plaintiff then points to the report of its expert—Mr. de la Iglesia—in support of the allegation of copying by competitors (namely, Samsung). *Id.* (citing Dkt. No. 180-2 at ¶¶463-64). Critically, however, Plaintiff forwards no argument of copying by T-Mobile or Sprint. *See generally id.*; *see also* Dkt. No. 255.

The Court finds that there is a genuine dispute of material fact concerning copying, but only as to copying by competitors generally, which goes towards the *Transocean* secondary indicia of non-obviousness. As discussed above, Plaintiff neither points to any evidence nor does it even argue that Defendants themselves have engaged in any copying. Plaintiff only points to copying by (non-Defendant) competitors generally. Accordingly, there is no genuine dispute of material fact as to this latter issue and summary judgment is proper.

### III.  CONCLUSION

For the reasons discussed above, the Court recommends the motion be **GRANTED** as to no copying by Defendants, and otherwise **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by

the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

    **SIGNED this 24th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE