# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:23-CV-379-JRG-RSP |
| | § | |
| T-MOBILE USA, INC. and SPRINT | § | (LEAD CASE) |
| CORP., | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM ORDER</u>

Before the Court is the Daubert Motion and Motion to Strike the Opinions of Dr. Richard Wesel, filed by Defendants T-Mobile USA, Inc. and Sprint Corp.. **Dkt. No. 173**.

## I.    BACKGROUND

A substantively identical motion was filed in a parallel litigation: *Headwater Research LLC v. Verizon Communications Inc., et al*, 2:23-cv-00352-JRG-RSP. *See* Dkt. No. 176 in 2:23-cv-00352. The Court notes, however, that there is an argument unique to the instant motion related to Roaming Reduction, which will be taken up now.

## II.    ANALYSIS OF NEW ISSUE

In the Motion, Defendants argue that "Dr. Wesel . . . improperly injects into the T-Mobile case a totally new infringement theory regarding an antiquated Samsung software feature that Headwater never accused in this case prior to Dr. Wesel's report: Samsung's circa-2016 Roaming Reduction software." Dkt. No. 173 at 6-7 (citing Wesel Report Appendix B at ¶¶ 2, 18-24, 33-36). Defendants assert that "Headwater's infringement contentions do not address the Roaming Reduction software at all." *Id.* at 7. Defendants concede that, while the Court denied a motion to

strike on this same basis in a separate (but related) litigation,[1] "Headwater misled the Court" there. *Id.* In support of this assertion, Defendants contend that, in the previous litigation, Plaintiff "got away with it by misrepresenting to the Court that Samsung's Roaming Reduction 'uses the same code as Data Saver,' a feature of the Android software developed by Google" but that, here, "[t]here is no evidence Roaming Reduction uses the same code as Data Saver, or that the two pieces of software are even related." *Id.* (citing Dkt. No. 431 in 2:22-cv-00422). Moreover, they point to Dr. Wesel himself who allegedly conceded that Roaming Reduction "was deprecated" because Google's Data Saver supposedly "provided the same functionality." *Id.* (citing Wesel Report Appendix B at ¶ 2). "In other words," conclude Defendants, "Data Saver is not the same software." *Id.*

In response, Plaintiff essentially argues that the Motion here should be denied for the same reasons it was denied in the 2:22-cv-00422 case. Dkt. No. 207 at 7. Specifically, it asserts that the operative infringement contentions in this case explain that "users can enable Data Saver on a device-wide basis in order to optimize their device's data usage, and use less data. This ability is especially useful *when roaming*." *Id.* (citing Dkt. No. 173-5 at 1, 16, 32, 69, 89, 109 (emphasis added by Plaintiff)). Plaintiff then points to Dr. Wesel's report, which Plaintiff contends relies on the same evidence and that it explains that Roaming Reduction uses the same code as Data Saver and infringes for the same reasons. *Id.* (citing Wesel Report Appendix B at ¶ 20 ("Roaming Reduction functionality provided the same functionality as Data Saver."); *id.* at ¶¶ 23, 33, 41, 49-50 ("Roaming Reduction functionality operates in a similar fashion to [the] Data Saver functionality.… [both rely upon] Android's Network Policy functionality…Samsung's Roaming Reduction policy therefore infringes for the same reason [as Data Saver].")).

---

[1] *See* Dkt. No. 431 in *Headwater Research LLC v. Samsung Electronics America, Inc., et al*, 2:22-cv-00422-JRG-RSP.

Having reviewed Dr. Wesel's report, Plaintiff's infringement contentions, the Parties' arguments, and the other relevant filings, the Court finds that Defendants have not carried their burden here. Dr. Wesel's infringement theories found in his report, and for largely the same reasons as in Dkt. No. 431 in the 2:22-cv-00422 case, do not go beyond the scope of Plaintiff's infringement contentions.[2] That Dr. Wesel now contends that Roaming Reduction provides the same functionality as Data Saver, rather than it having the same code,[3] does not change this outcome. This is because, for example, his report also states that, in view of Roaming Reduction providing the same functionality and operating similarly to Data Saver, it "therefore infringes for the same reason." *See supra* Section II. To the extent that Defendants disagree with this, that is a fact issue for which Dr. Wesel's report has sufficient basis. Defendants will have a full opportunity to cross-examine him on this point before the jury.

### III.    CONCLUSION

Accordingly, for the reasons discussed in Section II above as well as the Court's ruling on the parallel motion in *Headwater Research LLC v. Verizon Communications Inc., et al* (Dkt. No. 323 in 2:23-cv-00352), the instant Motion is **GRANTED** as to Dr. Wesel's opinions regarding Defendants' knowledge, intent, state of mind, and willful blindness, and otherwise **DENIED**.

**SIGNED this 24th day of June, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[2] Which, again, is the relevant inquiry here. *See* Dkt. No. 323 in 2:23-cv-00352 at 5-6.
[3] The Court is not sure why Plaintiff contends that Dr. Wesel's report says that "Roaming Reduction uses the *same code* as Data Saver." *See supra* Section II. The sections of his report Plaintiff cites state that Roaming Reduction provides the "*same functionality*" as Data Saver. *See id.* Regardless, as explained above, this of no moment.