IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HEADWATER RESEARCH LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-379-JRG-RSP |
| | § | |
| T-MOBILE USA, INC. and SPRINT CORP., | § | (LEAD CASE) |
| | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment on T-Mobile's First, Fifth, and Sixth Affirmative Defenses, filed by Plaintiff Headwater Research LLC. **Dkt. No. 171**.

### I. BACKGROUND

A substantively identical motion was filed in a parallel litigation: *Headwater Research LLC v. Verizon Communications Inc., et al*, 2:23-cv-00352-JRG-RSP (*See* Dkt. No. 173 in 2:23-cv-00352), which the Court addressed in its corresponding Order (*See* Dkt. No. 346 in 2:23-cv-00352). The Court notes, however, that the facts of the instant case require a separate analysis of Plaintiff's arguments with respect to the issues of (1) Acquiescence, Equitable Estoppel, and License; and (2) Waiver.

### II. ANALYSIS

#### A. Acquiescence, Equitable Estoppel, and License

In the Motion, Plaintiff asserts that there is no evidence of any kind to support a defense of license. Dkt No. 171 at 6. In response, Defendants do not dispute that they lack a formal license, but instead assert that they have an implied license by way of equitable estoppel. *See* Dkt. No. 200

at 8.

Equitable estoppel requires three elements: "(1) the patentee, through misleading conduct (or silence), leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer; (2) the alleged infringer relies on that conduct; and (3) the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *High Point SARL v. Sprint Nextel Corp.*, 817 F.3d 1325, 1330 (Fed. Cir. 2016) (citations omitted). "Misleading conduct occurs when the alleged infringer is aware of the patentee or its patents, and knows or can reasonably infer that the patentee has known of the allegedly infringing activities for some time. If the record indicates silence alone, mere silence must be accompanied by some *other* factor which indicates that the silence was sufficiently misleading as to amount to bad faith." *Id.* The effect of equitable estoppel is "a license to use the invention that extends throughout the life of the patent." *Id.* at 1331.

In their response, Defendants allege that, with respect to the first element for equitable estoppel: (1) the core features that Plaintiff now accuses of infringement were already implemented on Android and Apple devices on Sprint's network; (2) as ItsOn's solution was failing, Plaintiff knew that Sprint had already begun looking to OEMs like Samsung, Google, and Apple for alternative solutions; (3) despite this, Plaintiff never raised the possibility of an infringement suit prior to the instant case; and that (4) instead, ItsOn continued to work with Sprint, received millions of dollars in payments from Sprint, and permitted Sprint (and later T-Mobile) to continue selling devices with these purportedly infringing features to its customers. Dkt. No. 200 at 9-10 (relying generally on Section IV of Dkt. No. 200).

Plaintiff argues that Defendants' Motion fails because Defendants have failed to identify any communication from Plaintiff to Defendants that supports this defense. Dkt. No. 171 at 10.

Plaintiff asserts that "silence alone will not create an estoppel unless there was a clear duty to speak, or somehow the patentee's continued silence reinforces the defendant's inference from the plaintiff's known acquiescence that the defendant will be unmolested" and that "*on summary judgment, such inference must be the only possible inference from the evidence.*" *Id.* at 9 (quoting *A.C. Aukerman v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1043 (Fed. Cir. 1992) (emphasis added by Plaintiff)).

The Court is not persuaded by Plaintiff's arguments. As a preliminary matter, Plaintiff's proposition—that in a situation involving silence, it is a requirement on summary judgment that a defendant's inference that it will not be molested be the only possible inference—is incorrect. In *Auckerman*, the Federal Circuit was reviewing a *grant* of summary judgment that defendant was entitled to equitable estoppel. *See generally, Auckerman*, 960 F.2d 1020. The Court was not reviewing a motion for summary judgment by a plaintiff to foreclose such a defense. In other words, it is only a requirement that a defendant show that this is the only possible inference on a motion for summary judgment to establish equitable estoppel. Here, not only is it not a requirement, since Defendants are not moving for summary judgment on this issue, but there are also factual disputes standing in the way.

As Defendants have laid out above, there is a colorable argument that they were misled by Plaintiff's (as well as ItsOn's) silence regarding the core features now accused of infringement. While there are many disputes along the relevant timeline of events, a reasonable fact finder looking at the evidence as a whole could infer that Plaintiff misled Defendants.

As to the second element of equitable estoppel, Defendants assert that they relied on Plaintiff's conduct. Specifically, they contend that, while they "generally do[] not have input or control over whether its vendors (such as Samsung, Google, and Apple) implement the accused

features on their own devices—that decision is typically in the hands of the vendor," they "nonetheless work closely with vendors to ensure that devices on T-Mobile's network comply with T-Mobile's own requirements" and that, "had Headwater (or ItsOn) said *anything*, T-Mobile could have informed its vendors of these allegations and thus provided them with the opportunity to modify or disable those features" but that Plaintiff's long silence deprived them of an opportunity to do this. Dkt. No. 200 at 12.

Plaintiff replies, arguing only that, once again, Defendants cannot point to any communications between Plaintiff and Defendants. *See* Dkt. No. 218 at 2-6. Plaintiff does not substantively address Defendants' reliance arguments.

The Court finds that there is a genuine dispute as to the second element. A reasonable fact finder could find that Defendants relied on Plaintiff's silence by not asking their vendors to disable the accused features, as Defendants argue above.

As to the third element, Defendants assert that they will be materially prejudiced if Plaintiff is allowed to pursue its case. Dkt. No. 200 at 13. Specifically, they contend that they would be economically prejudiced as to the millions of dollars they paid ItsOn in connection with the software development agreement between the two parties, which was signed at the time that the core features now accused of infringement were already being used by Sprint's customers. *Id.* They assert that they would never have made these payments had they known that Plaintiff would later accuse these core features of infringement. Plaintiff offers no counter argument to this point. *See generally* Dkt. No. 218.

"Prejudice may be shown by a change of economic position flowing from actions taken or not taken by the patentee." *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1312 (Fed. Cir. 2010). Such change in economic position can include further capital investment by the alleged

4

infringer in the plaintiff and further development of products which plaintiff now accuses of infringement during the period of reliance. *See id.* at 1312-13. Here, Defendants' payments to ItsOn are sufficient to demonstrate economic prejudice.

Accordingly, in view of the genuine disputes of material facts, the Motion for Summary Judgment on this basis should be **DENIED**.

### B.  Waiver

Waiver occurs in the patent infringement context "when a party with full knowledge of material facts, either intentionally relinquishes its rights to enforce the patents, or engages in conduct so inconsistent with an intent to enforce its rights as to induce a reasonable belief that such right has been relinquished." *JumpSport, Inc. v. Academy, Ltd.*, 2018 WL 10124888, at *4 (E.D. Tex. Sept. 6, 2018) (internal citations omitted).

Plaintiff's arguments mirror those advanced for acquiescence, equitable estoppel, and license. *See* Dkt. No. 171 at 8-10; s*ee also* Dkt. No. 218 at 6.  Likewise, Defendants' arguments largely mirror their response on those issues. *See* Dkt. No. 200 at 14-16. Importantly, however, Defendants now attempt to present the previously made points as showing that Plaintiff waived its rights, arguing that "waiver can be found based on 'silence or inaction, [if it occurs] for *so long a period* as to show an intention to yield the known right.'" *Id.* (quoting *Mars, Inc. v. TruRx LLC*, 2016 WL 4034789, at *6 (E.D. Tex. Mar. 1, 2016) (emphasis added by Court) (internal citations omitted)).

As explained in the Court's Order on the parallel motion in the -352 case with regard to the issue of laches (Dkt. No. 346 at 7-9 in 2:23-cv-00352), where Congress has enacted a statute of limitations and the plaintiff has acted within this period, arguments that a plaintiff is nonetheless barred for being untimely is no longer a valid defense. Thus, while waiver remains an equitable

defense, attempts to construe a plaintiff as having relinquished its rights because of delay is no longer a valid basis for waiver. An alleged infringer must instead show relinquishment through some other means.

Here, because there are factual disputes regarding the parties' pre-suit actions (*see supra* Section II.A), there remains a genuine dispute of material fact as to whether Plaintiff relinquished.

Accordingly, the Motion as to waiver should be **DENIED**.

### III.   CONCLUSION

Accordingly, for the reasons discussed in Section II above as well as the Court's ruling on the parallel motion in *Headwater Research LLC v. Verizon Communications Inc., et al* (Dkt. No. 346 in 2:23-cv-00352), the instant Motion should be **GRANTED** as to laches, and otherwise **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 30th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE