# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, *Plaintiff*, v. T-MOBILE USA, INC. AND SPRINT CORP., *Defendants*. | Civil Action No. 2:23-CV-00379-JRG-RSP |
| HEADWATER RESEARCH LLC, *Plaintiff*, v. T-MOBILE USA, INC. AND SPRINT CORP., *Defendants*. | Civil Action No. 2:23-CV-00377-JRG-RSP |

**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION DENYING MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS UNDER RULE 12(C) THAT THE ASSERTED CLAIMS ARE INVALID UNDER 35 U.S.C. § 101 (DKT. 309)**

# **TABLE OF CONTENTS**

I.  ARGUMENT ...................................................................................................................1

    A.  The Asserted Claims of the '541 are Directed to the Abstract Idea of Selectively Managing Communications. .................................................................1

    B.  The Asserted Claims of the '541 Do Not Contain an Inventive Concept ................3

    C.  The Asserted Claims of the '613 are Directed to the same Abstract Idea and Do Not Contain an Inventive Concept .....................................................................4

II.  CONCLUSION ................................................................................................................5

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| Headwater or Plaintiff | Plaintiff Headwater Research LLC |
| T-Mobile or Defendants | Defendants T-Mobile USA, Inc. and Sprint Corp. |
| Asserted Patents | U.S. Patent Nos. 8,589,541 and 9,215,613 |
| '613 | U.S. Patent No. 9,215,613 |
| '541 | U.S. Patent No. 8,589,541 |
| Asserted Claims | Claims 79 and 83 of the '541 Patent and Claims 1, 12, 15, and 16 of the '613 Patent |
| R&R | Report and Recommendation (Dkt. 300) in *Headwater Research LLC v. Verizon Communications Inc., et al.*, 2:23-cv-00352-JRG-RSP |
| Motion | Defendants Rule 12(C) Motion For Judgment on the Pleadings that the Asserted Claims of the '541 And '613 Patents are Patent-Ineligible Under § 101 (Dkt. 185) |
| Opposition | Headwater's Response to Defendants' Rule 12(C) Motion For Judgment on the Pleadings that the Asserted Claims of the '541 And '613 Patents are Patent-Ineligible Under § 101 (Dkt. 210) |
| *Ericsson* | *Ericsson, Inc. v. TCL Commc'n Tech. Holdings Ltd.,* 955 F.3d 1317 (Fed. Cir. 2020) |

Pursuant to Local Rule CV-72, Defendants respectfully object to the Report and Recommendation (Dkt. 309) recommending denying Defendants' Motion for Summary Judgment on the Pleadings Under Rule 12(c) that the Asserted Claims Are Invalid Under 35 U.S.C. § 101 (Dkt. 185). The Court denied the Motion for the reasons discussed in its ruling in *Headwater Research LLC v. Verizon Communications Inc., et al.,* 2:23-CV-00352-JRG-RSP (Dkt. 300, "R&R"). For the reasons set forth below and in Defendants' Motion, Reply and accompanying papers (Dkts. 185 and 214), the case should be dismissed for lack of subject matter eligibility.

A motion for judgment on the pleadings under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute." *Great Plains Tr Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Lack of patentable subject matter under § 101 is routinely resolved on a motion for judgment on the pleadings under Rule 12(c). *See, e.g., Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1335 (Fed. Cir. 2017) (affirming district court's decision to grant judgment on the pleadings on patent ineligibility under § 101). Headwater does not plead any facts that would prevent resolving eligibility.

**I.     ARGUMENT**

    **A.     The Asserted Claims of the '541 are Directed to the Abstract Idea of Selectively Managing Communications.**

The "character as a whole" of claim 1 and Asserted Claims 79 and 83 is directed to a simple selective action that can be performed by a human: assessing whether a communication is in the background, determining a policy, based in part on user input, to apply to the background communication, and applying the policy to control the background communication. Mot. at 6-7. The process of assessing and selectively managing background communications by applying a policy is the type of abstract idea that the Federal Circuit has routinely found patent-ineligible. *People.ai, Inc. v. Clari Inc.,* No. 2022-1364, 2023 WL 2820794, at *6 (Fed. Cir. Apr. 7, 2023)

1

(finding patents "directed to the abstract idea of data processing by restricting certain data from further analysis based on various sets of generic rules" invalid); *see also Intell. Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1313 (Fed. Cir. 2016).[1]

The R&R finds that claim 1 is not "directed to an abstract idea" because "claim 1 is concerned with an end-user device ***and*** network method for reducing network congestion while reducing end-user device resource consumption." R&R at 7 (emphasis added). This interpretation is not supported by claim 1, which is directed towards an abstract device-side solution, where selective control of communications occurs on the device. Mot. at 1-2.

In support of its finding that the claims are not abstract, the R&R points to, but incorrectly applies, the Federal Circuit's reasoning in *Ericsson*. The R&R first correctly states, the "Federal Circuit clarified ***claims*** directed to controlling access to resources in telecommunications systems are unpatentable if they make only generic functional recitations, are silent to technical improvements that address how access is controlled, and make no mention of a resource constrained network environment." R&R at 7 (citing *Ericsson, Inc. v. TCL Commc'n Tech. Holdings Ltd.,* 955 F.3d 1317, 1328 (Fed. Cir. 2020)) (emphasis added). But instead of determining what the claims themselves are directed to, the R&R incorrectly relies on excerpts from the specification. As taught by *Ericsson*, the specification "cannot be used to import details from the specification if those details are not claimed." *Id.* at 1328-29. (citation omitted). "[A]ny reliance on the specification in the § 101 analysis must always yield to the claim language." *Id.*

For example, to explain how the claims "facilitate the asserted improvements," the R&R cites to the specification's explanation of sending a message "back to the application" "before a

---

[1] Despite Plaintiff's mischaracterization (Opp. at 14-15), the claims in each cited Federal Circuit case recite computer environments, including client-server networks. *See* Mot. at 7-9.

2

connection is allowed to be opened" or "a flow/stream is initiated" R&R at 7 citing '541 at 91:41-49. None of the language concerning a "connection" or "flow/stream" is found in the claims. And even with this language, the claims would still be directed towards the abstract idea of selectively managing a message. The R&R then incorrectly relies on the specification to try to identify a "resource constrained network environment." R&R at 7-8 (citing '541 at 7:34-49) (discussing how various conventional networks can become "user capacity constrained" where there is a "growing digital networking."). But again, the claims lack these details.

Excerpts from the specification cannot detract from Plaintiff's acknowledgment that the "focus" of the Asserted Claims affirms the abstract nature of the device-side solution. Plaintiff describes how the claims "**determine** whether certain network activity is relatively wasteful (*e.g.*, as background activities [and depending on the device's policy]) and [] **control** network activity **at the device** itself." Opp. at 16 (emphasis added). The claims limit the "activities" to "communications" and the process of assessing and selectively managing these background communications is the type of abstract idea that is routinely found patent-ineligible. *Mot.* at 7 (listing cases). Moreover, the Asserted Claims do not describe a means for the purported "network controls" but instead recite the "result" of "applying the policy" to conventional software messaging components, such that the messages are "intercepted" (*i.e.*, prevented from reaching the intended destination). This result falls cleanly into the abstract idea of selectively managing communications. *See Symantec*, 838 F.3d at 1317 (finding claims directed to "releasing, deleting, returning, or forwarding" a message abstract).

      **B.**     **The Asserted Claims of the '541 Do Not Contain an Inventive Concept**

The R&R does not address Alice step two. R&R at 8. Thus, there are no corresponding "findings, conclusions, and recommendations in" the R&R to which to object. Nonetheless, there is no question the Asserted Claims do not recite an inventive concept.

3

*First*, Plaintiff repeatedly states that the purported "inventive concept" is that the claims are directed towards a "device-centric" solution "to control network activity at the device itself." Opp at 1, 15-17. But Plaintiff misses the point of *Alice* step two. "[L]imiting the abstract idea to a particular environment," such as a wireless end-user device, "does not make the claims any less abstract." *Ericsson,* 955 F.3d at 1327 (citations omitted).

*Second*, Plaintiff does not assert a specific "ordered combination of elements" tied to a claimed advance. *Customedia Techs. LLC v. Dish Network Corp.*, 951 F.3d 1359, 1365-66 (Fed. Cir. 2020). Instead, Plaintiff lists the claim elements, and concludes, without support, that "all of these are described in the specification as advances of the device-centric approach." Opp at 13. Plaintiff relies on *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, but placing selective control on a device is unlike moving the filtering functionality to a server that was found inventive in *Bascom*. 827 F.3d 1341 (Fed. Cir. 2016). The record here confirms "mobile devices *typically* have specialized designs that are optimized to preserve network capacity and protect network resources from being overtaxed." '613 at 4:22-25 (emphasis added).

*Third*, the Asserted Claims do not recite an improvement in computer or networking technology. The claims fail to identify *how* network control is established beyond applying the abstract idea to generic software messaging components. Mot. at 10. Likewise, the asserted claims in *Ericsson*, which recited an "interception module," were found to be directed towards "the bare abstract idea [of] controlling access to resources in a telecommunications system" because they did not recite a technical improvement to "*how* access is controlled." 955 F.3d at 1326-28 (emphasis added). Thus, the '541 Asserted Claims are directed to an abstract idea and do not contain an inventive concept to transform the claimed invention into patent eligible subject matter.

    **C.**    **The Asserted Claims of the '613 are Directed to the same Abstract Idea and Do Not Contain an Inventive Concept**

The Asserted Claims of the '613 are directed to the same core abstract idea as the '541 and are not directed towards an "end-user device *and* network apparatus for maintaining network capacity." R&R at 10 (emphasis added). There are no "specific configurations" or "additional limitations" (Opp. at 18) that indicate the '613 is directed to anything but the abstract idea of selectively managing communications on the device.

Like the '541, the R&R does not address Alice step two for the '613. R&R at 10-11. But there is no question the Asserted Claims do not recite an inventive concept. Plaintiff again relies on *Bascom* to argue the Asserted Claims have an inventive concept. *See* Opp. at 18-19. As previously discussed, unlike the specific placement of the filtering mechanism in *Bascom*, "placing control mechanisms on the device" (*id.*) is not new. The '613 Asserted Claims do not improve computer technology, but merely "apply" the abstract idea to a wireless end-user device with additional "conventional computer components" including a WWAN and WLAN modem, a "non-transient memory," an "interface," and "Internet service activities" (Claims 1[f]-[h]). *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1338 (Fed. Cir. 2016).

Plaintiff does not address that Asserted Claims 12, 15, 16, and 18 contain substantially similar elements and add "insignificant post-solution activity" for updating or changing application of the policy. *Bilski v. Kappos,* 561 U. S . 593, 611-12 (2010). As explained in the Motion, the record confirms the minor additions in the Asserted Claims were well-known at the time of the invention, and therefore do not provide an "inventive concept." *See* Mot. at 15.

## II.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider the Report and Recommendation and grant judgment on the pleadings that the asserted claims of the '613 and '541 are directed to patent ineligible subject matter and therefore invalid under 35 U.S.C. § 101.

5

Dated: July 8, 2025      By:    */s/ Celine Crowson*

                                Josh A. Krevitt
jkrevitt@gibsondunn.com
Katherine Q. Dominguez
kdominguez@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Robert Vincent
rvincent@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: 221.698.3112
Facsimile: 221.571.2910

Andrew W. Robb (CA Bar No. 291438)
arobb@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5334
Facsimile: 650.849.5034

Michelle Zhu
mzhu@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.777.9413
Fax: 202.831.6063

Celine Crowson (D.C. Bar No. 0436549A)
**Hogan Lovells**
555 13th St NW,
Washington, D.C. 20004
Telephone: 202-637-5600
celine.crowson@hoganlovells.com

Tej Singh (California Bar No. 286547)
Yi Zhang (California Bar No. 342823)

6

        Kyle Xu (California Bar No. 344100)
        **Hogan Lovells**
        4 Embarcadero Center Suite 3500
        San Francisco, CA 94111
        Telephone: 415-374-2300
        tej.singh@hoganlovells.com
        yi.zhang@hoganlovells.com
        kyle.xu@hoganlovells.com

        Melissa R. Smith
        melissa@gillamsmithlaw.com
        **GILLIAM & SMITH, LLP**
        303 South Washington Avenue
        Marshall, TX 75670
        Telephone: (903) 934-8450
        Facsimile: (903) 934-9257

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 8, 2025.

>/s/ *Celine Crowson*
>Celine Crowson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

>*/s/ Celine Crowson*
>Celine Crowson