IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Headwater Research LLC,<br><br>    *Plaintiff*,<br>v.<br>T-Mobile USA Inc., et al,<br><br>    *Defendants*. | §§§§§§§§§§§§<br><br>Civil Action No. 2:23-cv-00379-JRG-RSP |

## ORDER ON MOTIONS *IN LIMINE*

The Court held Pretrial Conferences in the above-captioned case on May 30, 2025, June 5, 2025, and October 15, 2025 and addressed the motions *in limine* filed by Plaintiff Headwater Research LLC. (Dkt. No. 236) and Defendant T-Mobile (Dkt. No. 233). Many of these rulings rely upon the agreement of the parties that is documented in the Joint Status Report on Pending Issues filed on June 27, 2025 (Dkt. No. 318).

This Order summarizes and memorializes the Court's rulings and reasons at the hearings, including additional instructions given to the parties, and also gives the Court's rulings on the motions resolved on the briefing. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

    **A. Headwater's Motions** *in Limine* **(Dkt. No. 236)**

        1. Plaintiff's <u>**MIL No. 1**</u>: Exclude Evidence or Argument Previously Barred by this Court in the Headwater -422 and -103 Cases Regarding (1) Alleged Embezzlement, (2) Amounts

of Unconsummated Offers from Qualcomm and Fortress, and (3) Plaintiff's Expert Witnesses' Relationships with Plaintiff's Law Firm.

This motion *in limine* is **GRANTED** as to "the amounts of unconsummated offers from Qualcomm and Fortress" in view of the agreement by the parties.

Further, the motion *in limine* is **GRANTED** by agreement of the parties as to the relationship between the experts and the law firm that has called them to testify.

Finally, the motion *in limine* is **GRANTED** as to argument or evidence of alleged embezzlement including that by Mr. Johnson.

2. Plaintiff's **MIL No. 2**: Exclude from Evidence the Non-Binding InterDigital Letter of Intent (LOI) and Exclude All Evidence or Argument Regarding It, Including Offering or Implying Any Speculation About Why the LOI Was Not Consummated.

This motion *in limine* is **GRANTED** only to the extent that Defendants are prohibited from offering speculation as to why the LOI was never consummated.

3. Plaintiff's **MIL No. 3**: Exclude Reference, Testimony, Evidence, Cross Examination, or Argument Regarding Other Headwater Patents Asserted in Other Litigations to Avoid Jury Confusion Regarding the Patents Asserted Here.

This motion *in limine* is **GRANTED** with respect to prior testimony that was expressly directed to claim limitations no longer asserted in this case. To be clear, the Parties may use prior testimony referring to products that appeared in prior litigations, provided the testimony is not in relation to a limitation that is not found within one or more of the presently asserted claims.

Nothing in this Order precludes the introduction of evidence or argument with respect to prior art.

4. Plaintiff's **MIL No. 4**: The Court Has Already Ruled Three Times that Offers to Invest in Headwater and/or ItsOn Are Irrelevant, and Should Again Exclude Evidence and Argument Regarding These Equity Offers in This Case.

This motion *in limine* is **GRANTED** to the extent that testimony or other evidence regarding the 2018 investment letter by Headwater to Verizon is excluded.

5. Plaintiff's **MIL No. 5**: Exclude Evidence or Argument Regarding Alleged Spoliation or Failure to Preserve Documents or ESI by Headwater or ItsOn.

This motion *in limine* is **GRANTED**. However, the parties may explain that certain pieces of evidence are no longer available after the liquidation of ItsOn in 2018, but may not comment on whether the evidence should have been preserved or by whom, unless leave is granted by the Court.

B. **Verizon's Motions *in Limine* (Dkt. No. 233)**

1. Defendants' **MIL No. 1**: No argument or evidence that ItsOn practiced any Headwater patent.

This motion *in limine* is **DENIED**.

2. Defendants' **MIL No. 2**: No argument or evidence that anyone copied ItsOn.

This motion *in limine* is **GRANTED** as to any argument or evidence of duplication or copying by anyone of ItsOn technology.

3. Defendants' **MIL No. 3**: No argument or evidence regarding Samsung Roaming Reduction or Sprint's termination of its relationship with ItsOn.

This motion *in limine* is **GRANTED** as to Samsung's Roaming Reduction feature but not as to Sprint's termination of its relationship with ItsOn.

4. <u>Defendants' **MIL No. 4**</u>: No argument or evidence regarding Headwater's or ItsOn's communications, interactions, or prior relationship with Sprint or Samsung.

This motion *in limine* is **GRANTED** by agreement of the parties as follows: No party will make any reference to the existence or amount of any investment in or payment to Headwater or ItsOn by Verizon and no party will make any reference to the existence or amounts of solicitations or offers for Verizon to invest in Headwater or ItsOn.

The motion is otherwise **DENIED** as overly broad.

5. <u>Defendants' **MIL No. 5**</u>: No argument or evidence regarding irrelevant and prejudicial figures that risk skewing the damages horizon, including through improper post-judgment royalties.

This motion *in limine* is **GRANTED** to the following extent, the Court having determined that the figures set out are not necessary to the expert's analysis. Plaintiff is precluded from discussing or showing to the jury, without prior leave of Court:

(1) Verizon's generating of $77 Billion in revenue in 2023;

(2) T-Mobile's generating of $63 Billion in revenue in 2023;

(3) AT&T's generating of $63 Billion in revenue in 2023;

(4) the wireless telecommunications industry's generating of $210 Billion in revenue in 2023;

(5) the wireless telecommunications infrastructure and network equipment industry's generating of $39 Billion in revenue in 2024;

(6) forecasted projected smartphone sales being over $109 Billion for 2024;

(7) smartphone sales being over $102 Billion for 2023;

(8) total costs associated with secondary market sales of spectrum: the $3.5 Billion sale between T-Mobile and Columbia; the $2.7 Billion sale between T-Mobile and Columbia ;and the $1 Billion sale between Verizon and US Cellular;

(9) the calculated total value of T-Mobile's spectrum holdings at $245 Billion or its calculated constituent components: the $139 Billion sub-2.5 GHz value, the $93 Billion 2.5 GHz value, the $2.8 Billion 3.45 GHz value, and the $9.7 Billion 3.7 GHz value;

(10) total revenues generated by FCC spectrum auctions, including but not limited to the $41 Billion generated by Auction 97; and

(11) carrier spending in general.

Nothing in the foregoing prevents Plaintiff from presenting the numbers shown in Tables 5 and 6 in Dr. Bazelon's report.

6. Defendants' <u>**MIL No. 6**</u>: Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics; and shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic.

This motion *in limine* is **GRANTED**[1] by agreement of the parties as follows: Plaintiff shall not present evidence, testimony, or argument that Defendants' fact witnesses have not read the patents-in-suit or formed opinions regarding the patents-in-suit unless the witnesses were designated on such topics. However, Plaintiff is permitted to confirm that

---

[1] Accordingly, Defendant Motion for Leave to File a Sixth Motion *In Limine* (Dkt. No. 234) is **GRANTED**.

5

a fact witness is not testifying as an expert and was not applying claim language in his or her direct testimony. Plaintiff is also permitted to confirm with a fact witness that their role in the trial is not to provide expert opinions about the patents-in-suit.

In addition, the parties shall not present any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic. However, a party is permitted to question the opposing party's corporate representative at trial regarding that opposing party's high-level positions taken in the litigation and at trial (regarding infringement, invalidity, and damages). For clarity, this MIL is not intended to circumvent the MILs set forth in the Court's Standing Order on Motions *in Limine*.

### C. The Motorola Agreement

At the October 15, 2025 hearing, the Parties raised a dispute concerning the propriety of Plaintiff attempting elicit testimony from Dr. Raleigh (a principal of Headwater, and one of Plaintiff's fact witnesses) about a late-breaking license between Plaintiff and Motorola.

The Court has already resolved that this Motorola Agreement is not a part of this case. *See generally* Dkt. No. 361 (Order denying Plaintiff's motion for leave to add the Motorola Agreement to its exhibit list).

Accordingly, it is hereby **ORDERED** that Plaintiff shall not present evidence, testimony, or argument related to the Motorola Agreement through Dr. Raleigh, any other witness, or through counsel.

**SIGNED this 20th day of October, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE