IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HEADWATER RESEARCH LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> T-Mobile USA Inc., et al, § <br> § <br> § <br> § <br> *Defendants*. § | Civil Action No. 2:23-cv-00379-JRG-RSP |

## ORDER

Before the Court is "T-Mobile's Motion for Leave to Take Deposition of Dr. Coleman Bazelon." **Dkt. No. 379**. In the Motion, Defendants request a two-hour deposition of Headwater's spectrum expert, Dr. Coleman Bazelon, due to case developments which transpired after he had initially been deposed. *Id.* at 1. Specifically, T-Mobile argues that Dr. Bazelon had previously forwarded an opinion that the patents asserted in this case benefit T-Mobile by decreasing data usage on its cellular network by 3.5%. *Id.* Since then, however, "[a] series of license, settlement, and related agreements between the parties and handset vendors have had the result that Android devices are no longer accused, and only Apple devices remain," with the effect that "various inputs and outputs central to Dr. Bazelon's analysis have changed, including the number of accused units, the percentage of network traffic attributable to those units, and the amount of data and value of the spectrum supposedly saved through using the accused features." *Id.* T-Mobile asserts that, now, "the total amount of mobile data Dr. Bazelon alleges T-Mobile saved using the accused features has shrunk by a factor of three," and that "[t]hese issues are at the core of Headwater's damages model and require T-Mobile re-depose Dr. Bazelon." *Id.*

In response, Plaintiff argues that "[T-Mobile] seeks a two hour deposition on a very straightforward issue: the data savings from infringing devices on TMO's network is less (in the aggregate) when there are fewer infringing devices. Thus, as more phones on the TMO network have become 'non-infringing' due to settlements, data saving across the network is (in the aggregate) lower. It is very common for accused products to drop out of the royalty base as a case progresses. Such an event does not justify a further deposition of a damages-related expert, especially under the facts here." Dkt. No. 381 at 1. Plaintiff further argues that T-Mobile's Motion is untimely. *Id.* at 1-2.

The Court finds that, under the facts and circumstances of the instant situation, a brief follow-up deposition is warranted here. Accordingly, Defendants' Motion is hereby **GRANTED**, with the proviso that (1) the deposition will be limited to discussing the impact that the reduction in the number of accused instrumentalities has on Dr. Bazelon's calculations, those calculations themselves, and the impact of the reduction in the alleged data savings on the hypothetical negotiation; and (2) the deposition is not to exceed two hours in duration.

**SIGNED this 21st day of October, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE